WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RHN Incorporated, | No. CV-19-02960-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| CNA National Warranty Corporation, et al., | |
| Defendants. | |

Pending before the Court is Defendant CNA National Warranty Corporation's Motion to Dismiss. (Doc. 8.) For the following reasons, the Court grants the motion in part and denies the motion in part.

## BACKGROUND

This case is brought by Plaintiff RHN, Inc. ("RHN"), which owns and operates automobile dealerships. In 2017, Defendant CNA National Warranty Corporation ("CNA") contacted RHN regarding a proposed business arrangement. The proposal called for RHN to sell automobile warranties, frequently referred to as "vehicle service contracts" ("VSCs"), to the consumers at its auto dealerships. RHN would collect a commission on each VSC sold, and remit the premiums collected on each sale to CNA. CNA would allegedly deposit the premiums into an investment account of RHN's choosing, and the parties would share the profits earned from the invested funds. As part of the arrangement, CNA agreed to give RHN an advance payment of $5 million. To repay CNA for the advance, RHN agreed to remit the amounts due to RHN as commissions for selling VSCs—

$267.00 for each VSC sold—back to CNA for four years. RHN allegedly agreed to sell a minimum of 390 VSCs per quarter. On December 29, 2017, the parties executed a written agreement ("Override Agreement") setting forth the terms of the advance payment, its repayment, and the allegedly agreed upon VSC quota. The alleged agreement to share the profits from the invested proceeds ("Profit-Sharing Agreement") was never memorialized into a written contract.

CNA made the advance payment to RHN on January 2, 2018, and RHN allegedly began performing under the Override Agreement. CNA, however, did not place the proceeds from the VSC sales into the account designated by RHN for the purpose of the alleged Profit-Sharing Agreement. Instead, CNA deposited the proceeds into a different account and kept all profits earned on the invested funds for itself. CNA refused to provide RHN with any information regarding the alleged profit-sharing account. RHN also made repeated requests for reports regarding the amounts collected by CNA as repayment on the advance; however, CNA did not respond to RHN's demands. Despite its ignored demands, RHN continued to sell VSCs pursuant to the Override Agreement.

RHN allegedly reached out to CNA in mid-2018 to modify the VSC quota. RHN claims "market forces in the automobile industry changed so as to make the parties' initial quarterly sales target of at least 390 VSCs impracticable." (Doc. 1-3 at 10.) CNA allegedly agreed to reduce the quota to 220 VSCs per quarter. This modification was not reduced to writing. CNA continued to ignore RHN's repeated requests for information regarding the profit-sharing account and the status of RHN's repayment on the advance.

Plaintiff filed this action in April 2019 asserting seven claims: (1) breach of contract; (2) breach of fiduciary duty; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust enrichment; (5) a request for declaratory relief regarding the enforceability of the VSC quota modification; (6) a request for an equitable accounting; and (7) a request for injunctive relief directing CNA to place all proceeds from VSC sales into the agreed upon account. CNA moves to dismiss all seven claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

# DISCUSSION

## I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to set forth a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The scope of review on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is generally limited to the contents of the complaint. However, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint.'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir.2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted).

When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the Court must assume

that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Analysis

### A. Claims One, Three, and Four

Claims One, Three, and Four of RHN's Complaint ("Complaint") allege violations of the alleged Profit-Sharing Agreement. CNA argues that RHN has failed to sufficiently allege the existence of the oral Profit-Sharing Agreement. As a result, it moves to dismiss Claims One, Three, and Four of the Complaint.

#### 1. Claim One – Breach of Contract

To sustain a claim for breach of oral contract, the plaintiff must allege the existence of a contract, its breach, and resulting damages. *Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656, 657 (1975). "For an enforceable contract to exist, there must be an offer, an acceptance, consideration and sufficient specification of terms so that obligations involved can be ascertained." *K–Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n,* 139 Ariz. 209, 212, 677 P.2d 1317, 1320 (Ct. App. 1983).

In the Complaint RHN alleges that CNA "represented to [RHN] that the proceeds collected from sales of VSCs would be deposited in an account or accounts with a preferable ROI at the financial institute of RHN's CEO's choosing for the purpose of profit-sharing (in the form of accrued interest on the funds inuring to the benefit of [both parties])." (Doc. 1-3 at 8.) RHN further asserts that the parties "agreed" to these terms, and that RHN's CEO identified to CNA the account where the proceeds were to be deposited. (Doc. 1-3 at 9, 11.) These allegations demonstrate an offer, acceptance, and consideration. *See Id.* ("An offer is '. . . a manifestation of willingness to enter into a bargain'"; "[a]n acceptance is ' . . . a manifestation of assent to the terms thereof made by the offeree'");

*Hisun Motors Corp., U.S.A. v. Auto. Testing & Dev. Servs Inc.*, No. CV 11–1918–PHX–DGC, 2012 WL 682398, at *4 (D. Ariz. Mar. 2, 2012) (explaining that consideration is sufficiently alleged to survive a motion to dismiss if the complaint sets forth "an alleged promise of payment").

CNA argues that RHN's breach of contract claim should be dismissed primarily because it fails to set forth "sufficiently specific terms so that the obligations created by the Profit-Sharing [Agreement] can be determined." CNA, however, fails to cite any authority to support its position that specific terms of the contract must be set forth in the complaint to satisfy Rule 8. Instead, it relies on caselaw applying the standard for summary judgment. At the motion to dismiss stage, allegations detailing the specific terms of the contract are not required. *See Perryman v. Dorman*, No. CV–10–1800–PHX–FJM, 2011 WL 379313, at *1 (D. Ariz. Feb. 2, 2011) ("While plaintiff's complaint lacks details about the specific terms of the contract, we conclude that she sufficiently states a claim for breach."); *Stockwell v. Myers*, CV-13-00782-PHX-ROS, 2014 WL 12729574, at *2 (D. Ariz. Mar. 24, 2014) (holding that the plaintiff's allegation that "the parties had a contract to 'share equally in [the] profits and losses' of their business venture" was sufficient to plausibly allege the existence of a contract); *Graseele-Mercer Co. v. National Horseman, Inc.*, CV-15-2325-PHX-SMM, 2016 WL 8467180, at *2 (D. Ariz. Sept. 30, 2016) (rejecting defendant's argument that plaintiff failed to sufficiently "articulate the terms of the parties' contractual obligations" to state a claim for breach of contract where plaintiff alleged the basic premise of the parties' agreement).

RHN further alleges in the Complaint that CNA breached the Profit-Sharing Agreement by failing to deposit the VSC proceeds in the agreed upon investment account, and by keeping all the profits earned on the invested funds for itself. RHN claims it has suffered damages as a result of CNA's conduct.

RHN has done more than recite conclusory statements in support of its breach of contract claim. RHN has plausibly alleged the existence of a contract, its breach, and resulting damages. "The Federal Rules of Civil Procedure rely on discovery and summary

judgment, rather than pleadings to flesh out the disputed facts and remove unmeritorious cases." *Graseele-Mercer Co.,* 2016 WL 8467180, at *3. CNA's Motion as to this claim is denied.

### 2. Claim Three – Breach of the Implied Covenant of Good Faith and Fair Dealing

In Arizona, a covenant of good faith and fair dealing is implied in every contract. *Rawlings v. Apodaca,* 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). The implied covenant exists to ensure that "neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id.* To sufficiently state claim for breach of the implied covenant the plaintiff must allege (1) the existence of a contract, and (2) that the defendant "exercise[ed] express discretion in a way inconsistent with a party's reasonable expectations [or acted] in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Sun City Pet Mkt. LLC v. Honest Kitchen Inc.*, CV-17-00121-PHX-DGC, 2017 WL 2255400, at *5 (D. Ariz. May 23, 2017) (alterations in original) (quoting *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 424, 46 P.3d 431, 435 (Ct. App. 2002)).

As discussed above, RHN has sufficiently alleged the existence of the oral Profit-Sharing Agreement. Additionally, the existence of the Override Agreement is not disputed.[1] With respect to CNA's breach of the implied covenant, RHN alleges in the Complaint that CNA failed to deposit the VSC proceeds into the agreed upon account, and further failed to remit any of the profits earned from those proceeds to RHN. RHN also asserts that CNA repeatedly ignored RHN's requests for information regarding the investment account and the status of its repayment on the advance. RHN further asserts that CNA's conduct "unfairly interfered with [RHN's] right to receive the benefits for the parties' contract." (Doc. 1-3 at 12.) Viewing the facts in the light most favorable to RHN,

---

[1] The Override Agreement is a document on which the Complaint necessarily relies, and it is treated as "part of the complaint." *Marder*, 450 F.3d at 448.

1  RHN has sufficiently plead a claim for breach of the implied covenant of good faith and fair dealing.

CNA's argument to dismiss this claim principally relies on the express terms of the Override Agreement. However, the terms of the Override Agreement are not relevant to RHN's claim because RHN alleges that the Override Agreement only memorialized "certain terms of their agreement." (Doc. 1-3 at 9.) The agreement at issue, the alleged profit-sharing agreement, was not one of those terms. CNA's reliance on the Override Agreement is misplaced. CNA's Motion to Dismiss this claim is denied.

### 3. Claim Four – Unjust Enrichment[2]

"Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another." *Trustmark Ins. Co. v. Bank One*, *Ariz.*, 202 Ariz. 535, 541, 48 P.3d 485, 491 (Ct. App. 2002). RHN claims in the Complaint that it sold CNA's VSCs in part because it expected to receive a portion of the profits earned from the invested proceeds in return. RHN further alleges that it never received this benefit.

CNA's arguments once more focus on the terms, or lack of terms, in the Override Agreement. Again, CNA's arguments are misplaced because the basis for RHN's claim is the alleged oral Profit-Sharing Agreement. CNA also asserts that RHN failed to sufficiently allege a claim for unjust enrichment because it failed to allege the investment "realized a return" and "when, how and who was supposed to distribute the realized profits." The specifics demanded by CNA are not required to plausibly state a claim for unjust enrichment. *See Double J Inv., LLC v. Auto. Control & Info. Sys. Corp.*, CV-13-00773-PHX-SRB, 2013 WL 12190460, at *2 (D. Ariz. Sept. 17, 2013) (holding that plaintiff sufficiently stated a claim for unjust enrichment by "alleging that they gave money to Defendants with the expectation of receiving something in return that they never ultimately received"); *Cellco P'ship v. Hope*, CV11–0432–PHX–DGC, 2012 WL 260032, at *18 (D. Ariz. Jan. 30, 2012) (holding that plaintiff sufficiently stated a claim for unjust enrichment

---
[2] The Court interprets RHN's claim for unjust enrichment to be raised in the alternative to its breach of contract claim. *Id.* (citing *Adelman v. Christy*, 90 F. Supp. 2d 1034, 1045 (D. Ariz. 2000) and acknowledging that a claim for unjust enrichment may be plead in the alternative).

by alleging that the defendant withheld money owed to plaintiff without lawful justification). Because RHN plausibly alleged a claim of unjust enrichment, CNA's Motion to Dismiss this claim is denied.

**B. Claim Two – Breach of Fiduciary Duty**

Defendant moves to dismiss Claim Two for breach of fiduciary duty on the grounds that (1) RHN failed to meet the heightened pleading standard of Rule 9(b); and in the alternative, (2) RHN failed to meet the Rule 8 standard regarding the existence of a fiduciary duty.

As an initial matter, CNA's attempt to apply Rule 9(b) to a breach of fiduciary duty claim is unfounded. *Concha v. London,* 62 F.3d 1493, 1502 (9th Cir. 1995) ("[W]e have never applied Rule 9(b) in cases in which the plaintiffs allege a breach of fiduciary duty but do not allege fraud."). Rule 8 is the appropriate standard. *Id.*

To plausibly allege the existence of a fiduciary duty, plaintiff must offer some allegation that renders the relationship something more than an "arm's length" relationship. *See Silaev v. Swiss-America Trading Corp.*, CV–14–02551–PHX–JAT, 2015 WL 1469739, at *3 (D. Ariz. Mar. 31, 2015) (citing *Standard Chartered PLC v. Price Waterhouse,* 190 Ariz. 6, 24, 945 P.2d 317, 335 (Ct. App. 1996)). A "fiduciary relationship is a confidential relationship whose attributes include great intimacy, disclosure of secrets, [or] intrusting of power." *Standard Chartered PLC,* 190 Ariz. at 24, 945 P.2d at 335. Merely entering into a commercial contract is not enough. *Urias v. PCS Health Sys., Inc.*, 211 Ariz. 81, 87, 118 P.3d 29, 35 (Ct. App. 2005) ("A commercial contract creates a fiduciary relationship only when one party agrees to serve in a fiduciary capacity.").

RHN pleads in the complaint that CNA "owed a fiduciary duty to [RHN] arising from the funds [CNA] held on behalf of [RHN] for the purpose of profit sharing." (Doc. 1-3 at 12.) No further support is offered. Without more, RHN has failed to allege facts in the complaint that make its relationship with CNA something more than an arm's length relationship. The funds "held on behalf of RHN" were not held solely for RHN's benefit because the parties intended to share the profits earned on the investment. *See Standard*

*Chartered* PLC, 190 Ariz. at 24, 945 P.2d at 335 ("In a fiduciary relationship, the fiduciary holds 'superiority of position' over the beneficiary.") Moreover, RHN was allegedly able to select the account in which the funds were to be deposited. The only "intrusting of power" alleged in the Complaint is RHN's reliance on CNA to remit a share of profits back to RHN. However, "[m]ere trust in another's competence or integrity" is not enough to establish a fiduciary relationship. *Id.* RHN failed to sufficiently allege a claim for breach of a fiduciary duty. *See Silaev*, 2015 WL 1469739, at *3 (dismissing a claim for breach of fiduciary duty where the complaint conclusively alleged that "Defendant owed a fiduciary duty to Plaintiff"). CNA's motion with respect to this claim is granted.

### C. Claims Five, Six, and Seven – Equitable Relief

RHN asserts, as separate causes of action, claims for "Declaratory Relief," "Injunctive Relief," and "Equitable Accounting." Injunctions and declaratory judgments are remedies for underlying causes of action, but they are not separate causes of action as RHN alleges. *Stejic v. Aurora Loan Services, LLC,* CV–10–51–PHX–DGC, 2010 WL 4220570, at *4 (D. Ariz. Oct. 20, 2010) ("[A]n injunction is not an independent cause of action, but an equitable remedy for an underlying claim."); *Silvas v. GMAC Mortg., LLC*, CV–09–265–PHX–GMS, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009) (finding that "[i]njunctions and declaratory judgments are remedies for underlying causes of action, but they are not separate causes of action"); *Lorona v. Ariz. Summit Law School*, 151 F. Supp. 3d 978, 997 (D. Ariz. 2015) (dismissing plaintiff's claims for declaratory and injunctive relief to the extent they were plead as separate counts, and noting that plaintiff "may pursue these remedies only to the extent they are proper forms of relief for claims that survive the motion to dismiss"). To the extent RHN pleads its requests for injunctive and declaratory relief as separate causes of action, they are dismissed.

Similarly, an action for an equitable accounting seeks the Court's equitable ruling that the requesting party is owed a certain sum of money by the opposing party. *See Stoyanof v. Crocodiles Not Waterlilies, L.L.C.*, Civ. No. 11-00384 HWG, 2012 WL 13024085, at *6 (D. Ariz. Feb. 16, 2012). Thus, "[a] request for an accounting is a remedy

sought in conjunction with a separate cause of action." *Id.* It is not a separate cause of action on its own. *Id.*

If any of the above remedies are appropriate for any of Plaintiff's claims that survive the Motion to Dismiss, Plaintiff may seek them as remedies only, but not as separate claims for relief.

### D. Leave to Amend

Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely give[n] when justice so requires." Accordingly, leave to amend should not be denied unless, "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986).

At this early stage in the litigation, where CNA has not filed an answer to RHN's claims, the Court is hesitant to deny amendment. CNA's futility argument rests on documents outside the scope of review on a motion to dismiss, and it is not otherwise clear that the requested amendment would be futile. Rather, allowing amendment at this juncture will likely help clarify the issues. The Court grants RHN's request for leave to amend.

## CONCLUSION

RHN has plausibly stated a claim sufficient to survive a motion to dismiss with respect to Claims One (Breach of Contract), Three (Breach of the Implied Covenant of Good Faith and Fair Dealing), and Four (Unjust Enrichment). CNA's motion to dismiss is granted with respect to Claim Two (Breach of Fiduciary Duty). Claims Five (Declaratory Relief), Six (Equitable Accounting), and Seven (Injunctive Relief) are dismissed to the extent RHN alleges them as separate causes of action. These remedies, however may be available for other underlying legal theories.

///

///

///

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendant CNA (Doc. 8.) is **GRANTED IN PART AND DENIED IN PART**, and the dismissal claims are dismissed with leave to amend. Plaintiff RHN shall have **30 days** from the date of this order to file an amended complaint as to these claims, if it so chooses.

Dated this 12th day of September, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge