Tina M. Ezzell (SBN: 013825)
Gayathiri Shanmuganatha (SBN: 030745)
Jessica I. Brown (SBN: 034679)

**TB TIFFANY & BOSCO**
P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 452-2747
FACSIMILE: (602) 255-0103
E-Mail: tme@tblaw.com
E-Mail: jib@tblaw.com
E-Mail: gs@tblaw.com
*Attorneys for Defendant/Counter-Claimant/Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| RHN Incorporated, et al.,<br><br>　　　　Plaintiffs/Counter-Defendants,<br><br>　　v.<br><br>CNA National Warranty Corporation,<br><br>　　　　Defendant/Counter-Claimant.<br>_____<br>CNA National Warranty Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RHN Incorporated, et al.,<br><br>　　　　Defendants. | Case No. CV-19-02960-GMS<br><br>**LEAD CASE**<br><br>No. CV-19-04516-PHX-GMS<br><br>**MOTION SUPPORTING AWARD OF ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES AND MEMORANDUM OF POINTS AND AUTHORITIES** |

CNAN National Warranty Corporation ("CNAN" or "CNA") hereby submits its Motion Supporting Award of Attorney's Fees and Related Non-Taxable Expenses and

Memorandum of Points and Authorities pursuant to the Court's April 9, 2020 Order ("CNA must submit documentation in compliance with LRCiv 54.2 for the Court to determine the amount of the sanctions award within thirty (30) days of the date of this order." Doc. 50-4 at 18-20). This Motion is supported by the following Memorandum of Points and Authorities and Exhibits to the Memorandum of Points and Authorities (**Exhibit 1**, Statement of Consultation; **Exhibit 2**, Statement of Fee Agreement; **Exhibit 3**, Task-Based Itemized Statement of Fees and Expenses; and **Exhibit 4**, Declaration of Tina Ezzell). For the Court's convenience, CNAN has included a proposed Order Awarding Attorneys' Fees and Costs as **Exhibit 5**.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction.

On April 9, 2020, the Court granted CNAN sanctions against RHN, Incorporated, et al. ("RHN") in the form of a fee and cost award as requested in CNAN's Motion for Sanctions against RHN, (Order, Doc. 50). The Court found that "RHN failed to comply with the MIDP's obligations" (Doc. 50-2 at 21) and ordered RHN to, among other things, "[p]ay CNA the fees and costs it incurred in pursuing RHN's compliance with the MIDP" (Doc. 50-4 at 17-18). The Court ordered CNAN to "submit documentation in compliance with LRCiv 54.2 for the Court to determine the amount of the sanctions award" (Doc. 50-4 at 18-19). In compliance with this order, CNAN hereby submits the following Memorandum. In accordance with the categories listed in LRCiv 54.2, CNAN addresses (1) its "eligibility" for attorneys' fees and costs; (2) its "entitlement" to attorneys' fees and costs; and (3) the "reasonableness of the requested attorneys' fees award." LRCiv 54.2(c)(1)-(3).

## II. CNAN is Eligible for an Award of Attorneys' Fees and Costs.

This matter, described by the Court as a "complex counter-action suit" (Doc. 50-2 at 20-21), arises out of commercial contracts entered into by the parties whereby CNAN advanced to Defendants five million dollars in exchange for Defendants' promises to perform under the agreements. As the background facts of this case have been extensively briefed by both sides throughout this litigation, CNAN will focus the Court's attention on the specific background information relevant to this Motion.

Under General Order 17-08 ("the MIDP Order"), Fed. R. Civ. P. 26(a)(1), and the parties' ESI Protocol, RHN had duties to (1) investigate and identify all relevant custodians who have or would be expected to have relevant information; (2) investigate and identify where all relevant information is located (email, drives, computers, text messages, voicemails, etc.); and (3) properly search and produce all relevant information in accordance with the parties' ESI Protocol. RHN failed to comply with these duties. On February 13, 2020, the parties had a telephonic hearing with the Court to address, among other things, this noncompliance. Pursuant to the hearing, CNAN filed a Motion for Sanctions on February 18, 2020 seeking to enforce RHN's compliance with its MIDP obligations and to obtain the attorneys' fees and costs it incurred in seeking such compliance. Following RHN's Response and CNAN's Reply, the Court granted CNAN Sanctions on April 9, 2020.

In ruling on CNAN's Motion for Sanctions (Doc. 43), the Court found that "RHN failed to comply with the MIDP's obligations" (Doc 50-2 at 21). Specifically, the Court found that RHN failed to identify "all relevant custodians," failed to identify "the whereabouts of all relevant ESI," and failed to investigate, search, and produce information relating to all claims and defenses "at issue in this complex counter-action suit" (Doc. 50-3 at 9-10; 50-2

at 19-21). The Court recognized that CNAN incurred attorneys' fees and costs as a direct result of RHN's failure to comply with its MIDP obligations (Doc 50-4 at 17-20). The specific attorneys' fees and costs incurred are described in detail in **Exhibit 3**, Task-Based Itemized Statement of Fees and Expenses. CNAN is eligible for an award of attorneys' fees and costs pursuant to the Court's April 9, 2020 Order in which the Court ordered RHN to pay CNAN the attorneys' fees and costs it "incurred in pursuing RHN's compliance with the MIDP" (Doc. 50-4 at 17-18).

### III. CNAN is Entitled to an Award of Attorneys' Fees and Costs.

CNAN is entitled to an award of the attorneys' fees and costs it incurred in pursuing RHN's compliance with the MIDP Order pursuant to the Court's April 9, 2020 Order awarding CNAN such fees and the Court's authority to do so under General Order 17-08, Fed. R. Civ. P. 37(b)(2), and its inherent authority to impose sanctions in appropriate circumstances.

As stated above, the Court recognized that CNAN incurred attorneys' fees and costs because of RHN's failure to comply with its MIDP obligations (Doc 50-4 at 17-20). The MIDP obligations are "framed as court-ordered mandatory initial discovery pursuant to the Court's inherent authority to manage cases, Rule 16(b)(3)(B)(ii), (iii), and (vi), and Rule 26(b)(2)(C)." General Order 17-08, p. 1, ll. 21-24. General Order 17-08 specifically incorporates Fed. R. Civ. P. 37: "Rule 37(b)(2) shall apply to mandatory discovery responses required by this order." ¶11. Rule 37(b)(2) authorizes federal courts to order a party that fails to comply with a court order to provide or permit discovery, or the attorney advising that party, or both, to pay the reasonable costs and expenses incurred as a result of the failure to comply. Additionally, federal courts have discretion under Rule 37(b) to

determine appropriate sanctions. *See Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) ("Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion of the trial court . . . Under Rule 37(b)(2), attorney's fees may be awarded for failure to obey a court order.") The Court acted on the authority outlined in Rule 37(b)(2) and exercised its discretion when it found that "RHN failed to comply with the MIDP's obligations" (Doc 50-2 at 21) and ordered RHN to, among other things, "[p]ay CNA the fees and costs it incurred in pursuing RHN's compliance with the MIDP" (Doc. 50-4 at 17-18).

Additionally, federal court have inherent authority to impose sanctions in appropriate circumstances, such as for violations of court orders. *See Chambers v NASCO, Inc*. 501 U.S. 32, 45, 49 (1991) ("a court may assess attorney's fees as a sanction for the 'willful disobedience of a court order'" and "the inherent power of a court can be invoked even if procedural rules exist which sanctions the same conduct.") (internal citations omitted); *see also Fink v Gomez*, 239 F.3d 989, 992, (9th Cir. 2001) ("Under both *Roadway* and *Chambers*…the district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct.") (discussing *Roadway Express, Inc. v Piper*, 447 U.S. 752 (1980) and *Chambers v NASCO, Inc*., 501 U.S. 32 (1991)). The Court exercised this inherent authority when it ordered RHN to pay the attorneys' fees and costs CNAN incurred because of RHN's failure to comply with its court-ordered MIDP obligations.

…

## IV. The Attorneys' Fees and Costs CNAN Incurred in Pursuing RHN's Compliance with the MIDP are Reasonable.

"In analyzing whether attorney's fees are reasonable, the Court looks to whether the hourly rate is reasonable and whether the hours expended on the case are reasonable." *Maguire v. Coltrell*, CV-14-01255-PHX-DGC, 2015 WL 3999188, at *3 (D. Ariz. July 1, 2015) (finding a rate of $320 per hour and 150 hours of work reasonable) citing *Schweiger v. China Doll Rest., Inc.,* 138 Ariz. 183, 673 P.2d 927, 931–32 (Ariz.Ct.App.1983). "Reasonability is generally analyzed under the 'lodestar method' . . . 'whereby a court multiplies 'the number of hours reasonably expended by a reasonable hourly rate' and then determines if any of the identified lodestar factors favor enhancing or reducing the arrived at product.'" *Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, CV-12-02119-PHX-JAT, 2016 WL 5118316, at *4 (D. Ariz. Sept. 21, 2016) (internal citations omitted). "Courts may also consider the thirteen factors listed in Local Rule of Civil Procedure for the District of Arizona ('Local Rule') 54.2 (c) (3) when determining the reasonableness of an attorneys' fee request." *Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, CV-12-02119-PHX-JAT, 2016 WL 5118316, at *5 (D. Ariz. Sept. 21, 2016). As the Court ordered CNAN to "submit documentation in compliance with LRCiv 54.2 for the Court to determine the amount of the sanctions award," and there is substantial overlap between the "lodestar factors" mentioned in *Lexington Ins. Co* and the thirteen (13) factors listed in LRCiv 54.2, CNAN will structure its discussion of reasonableness based on the factors identified in LRCiv 54.2. The 13 factors listed in LRCiv 54.2(c)(3) are as follows:

(A) The time and labor required of counsel;

(B) The novelty and difficulty of the questions presented;
(C) The skill requisite to perform the legal service properly;
(D) The preclusion of other employment by counsel because of the acceptance of the action;
(E) The customary fee charged in matters of the type involved;
(F) Whether the fee contracted between the attorney and the client is fixed or contingent;
(G) Any time limitations imposed by the client or the circumstances;
(H) The amount of money, or the value of the rights, involved, and the results obtained;
(I) The experience, reputation and ability of counsel;
(J) The "undesirability" of the case;
(K) The nature and length of the professional relationship between the attorney and the client;
(L) Awards in similar actions; and
(M) Any other matters deemed appropriate under the circumstances.

CNAN has itemized the fees and costs it incurred in pursuing RHN's compliance with the MIDP in **Exhibit 3**, Task-Based Itemized Statement of Fees and Expenses ("Statement of Fees"). CNAN further supports this Statement of Fees with the Declaration of Attorney Tina Ezzell, **Exhibit 4**.

Regarding Factor A, the time and labor required of counsel, the Statement of Fees includes hundreds of highly detailed billing entries describing counsel's efforts to secure RHN's compliance with the MIDP including: numerous emails with opposing counsel; numerous teleconferences with opposing counsel; numerous internal emails among CNAN and its attorneys regarding efforts to secure RHN's compliance; hours spent preparing for and conferring with the Court, hours spent researching and writing the Motion for Sanctions and locating and compiling the evidence requested by the Court to be included with the motion that proved Hooman Nissani was not the only person that received or sent documentation or communications relating to the Parties' claims and defenses; hours spent analyzing RHN's Response to the Motion for Sanctions to prepare for drafting CNAN's

Reply in support of the Motion for Sanctions; hours spent writing CNAN's Reply in support of its Motion for Sanctions; and numerous related tasks performed in CNAN's pursuit of RHN's compliance with the MIDP. *See* **Exhibit 3.** Factor A, the time and labor required of counsel, weighs in favor of awarding CNAN its full amount of attorneys' fees and costs incurred in pursuing RHN's compliance with the MIDP.

Regarding Factor B, the novelty and difficulty of the questions raised, and the related Factor C, the skill requisite to perform the legal service properly, the Court noted the complexity of this litigation when it described this matter as a "complex counter-action suit" with no less than ten (10) claims and defenses at issue (Doc. 50-2 at 20-21, FN1). Analyzing the information RHN produced in its deficient MIDP production to determine whether such information related to the numerous claims and defenses at issue in this case and to determine whether RHN properly identified the location of ESI and the numerous custodians in possession of relevant information was inherently difficult and required skilled analysis. Therefore, Factors B and C weigh in favor of awarding CNAN the full amount of its attorneys' fees and costs incurred in pursuing RHN's compliance with the MIDP. Furthermore, in order to ensure the reasonableness of its fees, the attorneys assigned to work on various tasks were often the ones with the lowest billing rates.

For purposes of this Motion, Factor D, the preclusion of other employment by counsel because of the acceptance of the action, goes hand-in-hand with Factor G, any time limitations imposed by the client or the circumstances. The Court has awarded CNAN the fees and costs it incurred specifically relating to RHN's failure to comply with the MIDP. Compliance with the MIDP is highly time-sensitive as Parties subject to the MIDP Order are "ordered to provide mandatory initial discovery responses <u>before initiating any further</u>

<u>discovery in [the] case</u>." General Order 17-08, p.2, (A)(2) (emphasis added). The purpose of the "Mandatory Initial Discovery Pilot (MIDP) project [is] to test the use of robust mandatory initial discovery as <u>a means of reducing cost and delay in civil litigation.</u>" Mandatory Initial Discovery Users' Manual for the District of Arizona, Introduction, (A)(1) (emphasis added). Given that the Parties must comply with the MIDP before initiating any discovery in the case, CNAN's efforts to secure RHN's compliance with the MIDP precluded CNAN's counsel from working on other matters, including pursuing discovery in this case, while it pursued RHN's time-critical compliance. Therefore, Factors D and G weigh in favor of awarding CNAN all of the attorneys' fees and costs it incurred in pursuing RHN's compliance.

Regarding Factor J, the "undesirability" of the case, CNAN is seeking an award of all fees and costs it incurred in pursuing RHN's compliance and it is inherently "undesirable" to "hound" the opposing party through numerous emails, conference calls, and legal briefs to secure the opposing parties' compliance with court-ordered obligations. This factor, likewise, weighs in favor of awarding CNAN all of the full amount of fees and costs it incurred in pursuing RHN's compliance.

The remaining factors listed in LRCiv 54.2 address the experience of the attorneys involved, the length of the attorney-client relationship, the fee arrangement, the amount of money at stake in the action, the results obtained, the customary fee charged in similar matters, and fee awards in similar actions. These factors, like those above, weigh in favor of awarding CNAN the full amount of attorneys' fees and costs it incurred in pursuing RHN's compliance with the MIDP.

CNAN's attorneys who worked to pursue RHN's compliance have over 30 years of combined experience in complex commercial and civil litigation and are affiliated with an established, highly respected law firm, Tiffany & Bosco, P.A., that has been serving the Phoenix legal market since 1967. *See* **Exhibit 4,** Declaration of Tina Ezzell. CNAN entered into a client relationship with said counsel over one year ago, in April 2019. The amount of money at issue in this case exceeds six million dollars (Doc. 1-11 at 20-23, Verified Complaint). Regarding the results obtained, CNAN was successful because the Court ordered RHN to take specific steps to comply with the MIDP and pay CNAN the attorneys' fees and costs it incurred in pursuing RHN's compliance in response to CNAN's Motion for Sanctions (Doc. 50). As stated in **Exhibit 4**, Declaration of Tina Ezzell, the attorneys' standard hourly rates range, based on years of experience, from $265/hour to $400/hour, though Ms. Ezzell charges CNAN a discounted rate of $335/hour and Ms. Shanmuganatha charges CNAN a discounted rate of $265/ hour. Counsel's *standard* rates are comparable with or less than the rates charged by other civil/commercial litigators in the Phoenix, AZ legal community with similar experience and education. *Id. See also Collinge v. IntelliQuick Delivery, Inc.*, 2:12-0824 JWS, 2014 WL 2569157, at *3 (D. Ariz. June 9, 2014) (hourly rates of $525/hour for a partner and $300/hour for an associate undisputed). Thus, counsel's *discounted* rates are manifestly reasonable.

Regarding Factor L, "[t]he final factor – awards in similar cases – is a consideration more appropriate to fee awards based on prevailing in the litigation as a whole." *Collinge v. IntelliQuick Delivery, Inc.*, 2:12-0824 JWS, 2014 WL 2569157, at *4 (D. Ariz. June 9, 2014). Regarding the total amount of the fee award, the Court has discretion to "fairly determine [the amount of a sanction] based on its knowledge of the case and

of customary fees and costs in the community." *Oliva v. Nat'l City Mortg. Co.*, 490 Fed. Appx. 904, 906 (9th Cir. 2012). The Court ordered RHN to "[p]ay CNA the fees and costs it incurred in pursuing RHN's compliance with the MIDP" (Doc. 50-4 at 17-18). As demonstrated by CNAN's Statement of Fees, **Exhibit 3**, and the Declaration of Attorney Tina Ezzell, **Exhibit 4,** CNAN incurred a total of $33,708.00 in attorneys' fees in pursuing RHN's compliance with the MIDP. CNAN anticipates incurring an additional amount to prepare a Reply in support of this Motion, should RHN file a Response in opposition to this Motion. As stated in the Declaration of Tina Ezzell, the total amount of fees and costs incurred reflect reasonable and necessary efforts of counsel to secure RHN's compliance with the MIDP. *See* **Exhibit 4**. Therefore, it is reasonable and appropriate to award CNAN all fees and costs incurred in pursuing CNAN's compliance, for a total award of $33,708.00 plus the fees and costs associated with any reply in support of this motion.

## V. Conclusion.

As demonstrated above, CNAN is eligible for and entitled to an award of all attorneys' fees and costs incurred in pursuing RHN's compliance with the MIDP Order, pursuant to the Court's April 9, 2020 Order finding that "RHN failed to comply with the MIDP's obligations" (Doc. 50-2 at 21) and ordering RHN to, among other things, "[p]ay CNA the fees and costs it incurred in pursuing RHN's compliance with the MIDP" (Doc. 50-4 at 17-18). Further, CNAN is entitled to an award of attorneys' fees and costs pursuant to the Court's authority under General Order 17-08, Fed. R. Civ. P. 37(b)(2), and the Court's inherent authority to issue sanctions, including fees and costs, for a party's failure to comply with a court order. The Court exercised such authority when it ordered RHN to pay "CNA the fees and costs it incurred in pursuing RHN's compliance with the MIDP" (Doc. 50-4 at 17-18). The attorneys' fees and costs CNAN incurred in pursuing

RHN's compliance with the MIDP Order are customary and reasonable and, as such, should be awarded in full. CNAN respectfully asks the Court to order RHN to pay the full amount of $33,967.50 that CNAN incurred in pursuing RHN's compliance with the MIDP Order plus the full amount of fees associated with analyzing RHN's Response brief and preparing a Reply, should RHN file a Response to this Motion.

RESPECTFULLY SUBMITTED the 11th day of May, 2020.

TIFFANY & BOSCO, P.A.

By: */s/ Tina M. Ezzell*
Tina M. Ezzell
Gaya Shanmuganatha
Jessica I. Brown
2525 East Camelback Road, Seventh Floor
Phoenix, Arizona 85016
*Attorneys for Defendant/Counter-Claimant/Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, I electronically transmitted the foregoing ***Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses*** with the Clerk's Office using the CM/ECF system for filing and that a copy of same was also electronically served via CM/ECF to the following ECF participants:

| | |
|---|---|
| Corey B. Larson<br>Waterfall, Economidis, Caldwell, Hanshaw<br>& Villamana, P.C.<br>5210 E. Williams Circle, Suite 800<br>Tucson, AZ  85711<br>clarson@waterfallattorneys.com<br>*Attorneys for Plaintiffs/Counter-Defendants/Defendants* | Kerry Garvis Wright<br>B. Makoa Kawabata<br>Glaser Weil Fink Howard Avchen & Shapiro LLP<br>10250 Constellation Boulevard, 19th Floor<br>Los Angeles, CA  90067<br>kgarviswright@glaserweil.com<br>mkawabata@glaserweil.com<br>*Attorneys for Plaintiffs/Counter-Defendants/Defendants* |

By: /s/ *Rebecca C. Lewis*
    Rebecca C. Lewis