# EXHIBIT A

1   Tina M. Ezzell (SBN: 013825)
2   Gayathiri Shanmuganatha (SBN: 030745)
    Jessica I. Brown (SBN: 034679)
3   TIFFANY & BOSCO, P.A.
    Seventh Floor Camelback Esplanade II
4   2525 East Camelback Road
5   Phoenix, AZ 85016-4237
    Telephone:  (602) 452-2747
6   Facsimile:  (602) 255-0103
7   Email:  tme@tblaw.com
    Email:  jib@tblaw.com
8   Email:  gs@tblaw.com
9
    G. David Godwin, CA Bar No. 148272
10  david.godwin@squirepb.com
    Paul Chander, CA Bar No. 305133
11  **SQUIRE PATTON BOGGS (US) LLP**
12  275 Battery St., Suite 2600
    San Francisco, CA 94111
13  Telephone:  415.989.5900
    Facsimile:  415.989.0932
14  *Attorneys for CNA National Warranty Corp.*

15              **IN THE UNITED STATES DISTRICT COURT**

16                 **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 17  RHN Incorporated, | Case No. CV-19-02960-GMS |
| 18              Plaintiff/Counter-Defendant, | **LEAD CASE** |
| 19          v. | No. CV-19-04516-PHX-GMS |
| 20  CNA National Warranty Corporation, et al.,, | |
| 21 | **DECLARATION OF GAYA** |
| 22              Defendant/Counter-Claimant. | **SHANMUGANATHA IN SUPPORT OF CNA NATIONAL WARRANTY** |
| 23  ———————————————— | **CORPORATION'S MOTION FOR SANCTIONS** |
|     CNA National Warranty Corporation, | |
| 24              Plaintiff, | |
| 25          v. | |
| 26  RHN, INC., a California et al., | |
| 27              Defendants. | |

28          I, Gaya Shanmuganatha, declare as follows:

    Decl. of Gaya Shanmuganatha ISO CNAN's Motion for Sanctions - Page 1 of 2

1        1.     I am an attorney duly licensed to practice before this Court and an attorney at

2 the law firm Tiffany & Bosco, P.A., counsel for CNA National Warranty Corporation

3 ("<u>CNAN</u>") in the above-entitled action.  The matters referred to in this Declaration are based

4 upon my personal knowledge and, if called and sworn as a witness, I could and would

5 competently testify as to each of them.

6        2.     I have reviewed: (1) salient communications between counsel for CNAN and

7 counsel for RHN, (2) declarations filed by Ms. Garvis-Wright, Mr. Kawabata, Mr. Arnold,

8 and Mr. Nissani, (3) the Parties' filings, (4) communications between the Parties and the

9 Court, and (5) this Court's Orders and Minute Entries.

10        3.     Based on my review, I have compiled a timeline of the salient

11 communications and events pertaining to RHN and its counsel's failure to comply with their

12 MIDP and ESI obligations and this Court's orders.  The timeline is attached as **Exhibit A-**

13 **1**.

14        4.     True and accurate copies of the communications between counsel for CNAN

15 and counsel for RHN, as identified and referenced in the timeline, are attached as **Exhibits**

16 **A-2 through A-81.**

17        5.     I have also reviewed the "re-formatted" ESI production circulated by counsel

18 for RHN on May 26, 2020.  Based on my review, the "re-formatted" production, spanning

19 a total of 1,185 pages, also did not comply with the Parties' ESI protocol as detailed in our

20 email communications.

21

22      I declare under penalty of perjury under the laws of the United States that the

23 foregoing is true and correct.  Executed on September 21, 2020 in Phoenix, AZ.

24

25

26                        By:  */s/ Gaya Shanmuganatha*

27                           Gaya Shanmuganatha, Esq.

28

010-9119-9279/1/AMERICAS

# EXHIBIT A-1

**EXHIBIT A-1**

| DATE | DESCRIPTION | TO | FROM | CC | Source |
|---|---|---|---|---|---|
| 10/17/2019 | M. Kawabata and G. Shanmuganatha meet and confer about MIDP, ESI Protocol, and Joint Case Management Report | | | | |
| 10/18/2019 | G. Shanmuganatha email to opposing counsel memorializing terms of 10/18/19 call | M. Kawabata, K. Garvis-Wright, C. Larson | G. Shanmuganatha | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-2 |
| 10/21/2019 | G. Shanmuganatha email to opposing counsel following up on 10/18/19 email | M. Kawabata, K. Garvis-Wright, C. Larson | G. Shanmuganatha | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-3 |
| 10/21/2019 | M. Kawabata confirms the deadlines memorialized in 10/19/19 email | G. Shanmuganatha, K. Garvis-Wright, C. Larson | M. Kawabata | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-4 |
| 10/23/2019 | M. Kawabata agreed to exchange the first draft of the ESI protocol was supposed to 10/28/2019 | G. Shanmuganatha | M. Kawabata | K. Garvis-Wright | A-5 |
| 10/30/2019 | M. Kawabata emailed and stated that he "will get [CNA] the ESI search term proposals by tonight." | G. Shanmuganatha | M. Kawabata | | A-6 |
| 10/30/2019 | G. Shanmuganatha responded and reminded M. Kawabata to "include proposed date range, custodians (for CNA and Dealers) and production protocol" in the proposed protocol | M. Kawabata | G. Shanmuganatha | T. Ezzell | A-7 |
| 10/31/2019 | M. Kawabata circulated his "first round of custodians/dates/search term proposals." This proposal did not include any RHN custodian to be searched and collected from | G. Shanmuganatha | M. Kawabata | | A-8 |
| 10/31/2019 | G. Shanmuganatha circulated CNA's ESI protocol | M. Kawabata | G. Shanmuganatha | T. Ezzell, J. Brown, K. Irish | A-9 |
| 11/4/2019 | CNA circulated CNA's Initial MIDP Responses | M. Kawabata, K. Garvis-Wright, C. Larson | G. Shanmuganatha | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-10 |
| 11/4/2019 | M. Kawabata asked if we would be "amenable to a week extension for RHN's production of docs? I'm going to upload the disclosure tonight." | G. Shanmuganatha | M. Kawabata | | A-11 |

Page1

**EXHIBIT A-1**

| | | | | |
|---|---|---|---|---|
| 11/4/2019 | M. Kawabata emailed and stated "Oh I just looked at the order again and saw that the ESI production is 40 days from the initial response, so I suppose you can disregard that last email." Meaning, M. Kawabata at first contended that he was able to send the ESI production one week from 11/4/19 and, after reviewing the order, realized that ESI is due 40 days from the initial MIDP response | G. Shanmuganatha | M. Kawabata | A-12 |
| 11/5/2019 | M. Kawabata circulated RHN's Initial MIDP | T. Ezzell, J. Brown, G. Shanmuganatha | M. Kawabata | A-13 |
| 11/5/2019 | G. Shanmuganatha identified several deficiency with RHN's Initial MIDP | M. Kawabata, K. Garvis-Wright, C. Larson | G. Shanmuganatha | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-14 |
| 11/5/2019 | M. Kawabata and G. Shanmuganatha meet and confer about the ESI Protocol | | | |
| 11/5/2019 | G. Shanmuganatha circulated the word version of CNA's ESI protocol and asked M. Kawabata to redline any changes "following [M. Kawabata's] conference with Mr. Nissani." | M. Kawabata | G. Shanmuganatha | K. Irish | A-15 |
| 11/5/2019 | M. Kawabata responded and stated that he will "update this once I have additional information re: the identities of custodians and the beginning of the parties' relationship (hopefully soon)." | G. Shanmuganatha | M. Kawabata | K. Irish | A-16 |
| 11/6/2019 | M. Kawabata requested to revise the dates to circulate and meet and confer on the Joint Case Management Report | G. Shanmuganatha | M. Kawabata | K. Irish | A-17 |
| 11/11/2019 | G. Shanmuganatha followed up with M. Kawabata regarding revisions to the ESI protocol in light of the fact that the ESI was due on 12/16/19 | M. Kawabata, K. Garvis-Wright, C. Larson | G. Shanmuganatha | K. Irish | A-18 |
| 11/11/2019 | G. Shanmuganatha follows up with opposing counsel about 11/5/19 email re: MIDP deficiencies | M. Kawabata, K. Garvis-Wright, C. Larson | G. Shanmuganatha | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-19 |

**EXHIBIT A-1**

| Date | Description | | | | Exhibit |
|---|---|---|---|---|---|
| 11/11/2019 | G. Shanmuganatha declines to modify the deadlines to circulate and meet and confer on the Joint Case Management Report in light of the MIDP deficiencies and failure to meaningfully participate in formulating the ESI protocol | M. Kawabata | G. Shanmuganatha | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-20 |
| 11/11/2019 | In response to the communication about the MIDP deficiencies, M. Kawabata responded that he is "available tomorrow." | G. Shanmuganatha, K. Garvis-Wright, C. Larson | M. Kawabata | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-21 |
| 11/11/2019 | M. Kawabata stated that he intended to revise the ESI protocol with the information "that we talked about on the phone the other day." | G. Shanmuganatha | M. Kawabata | K. Irish | A-22 |
| 11/12/2019 | G. Shanmuganatha identified some of the factors that counsel discussed that M. Kawabata was going to add to the protocol like the date Mr. Nissani "believes the parties first communicated, names of the relevant custodians, names of the people who worked in the back/front office of the individual dealerships, programs/software with relevant information (how consumer information is kept) etc." | M. Kawabata | G. Shanmuganatha | K. Irish | A-23 |
| 11/12/2019 | M. Kawabata sent the first draft of the Joint Case Management Report. In that draft M. Kawabata stated that "[t]he RHN Parties are still working with counsel to identify categories of documents that are stored electronically and categories stored physically, as well as how to best produce all documents necessary under the MIDP", that the RHN Parties have not yet determine whether to self-collect or whether to use a third-party vendor, and that the documents that RHN intends to collect are records regarding sales of CNA products and communications between and among Mr. Nissani **and the other parties to the contract and CNA** | G. Shanmuganatha | M. Kawabata | | A-24 |
| 11/13/2019 | G. Shanmuganatha followed up with M. Kawabata regarding the proposed search terms | M. Kawabata | G. Shanmuganatha | | A-25 |

**EXHIBIT A-1**

| Date | Description | | | | |
|---|---|---|---|---|---|
| 11/18/2019 | The parties had a telephonic meet and confer about RHN's deficient MIDP responses.  The Court ordered RHN to supplement their MIDP in one week | | | | |
| 12/3/2019 | M. Kawabata and G. Shanmuganatha had a call about the ESI Protocol | | | | |
| 12/4/2019 | G. Shanmuganatha sent the revised ESI Protocol to M. Kawabata | M. Kawabata | G. Shanmuganatha | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-26 |
| 12/4/2019 | M. Kawabata said that the plan "looks good to me" and further stated that RHN would not produce the paper consumer contracts because the parties will rely on the spreadsheets of the sales produced by CNA | G. Shanmuganatha | M. Kawabata | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-27 |
| 12/5/2019 | Mr. Kawabata learns that Mr. Arnold would perform the search and collection of RHN's ESI.   Mr. Kawabata also informed Mr. Nissani "about the need to perform a search and collection from all potential ESI custodians." Specifically, Mr. Kawabata stated that emails would need to be collected from Mr. Nissani, Babak Sarraf, Rayan Nissani, and all Nissani Bros. employees who had relevant communications, as well as the search terms that had been agreed upon by the parties. | | | | [Doc. 93, ¶ 4]. |
| 12/10/2019 | Mr. Arnold retrieved SMS conversations between Mr. Nissani and: - Carlos Bolivar - Jay Sharpnack - Vanek Kong - Rayan Nissani - David Arnold | | | | [Doc. 44-1, 11] |

# EXHIBIT A-1

| Date | Description | | | | |
|---|---|---|---|---|---|
| 12/14/2019 | Mr. Arnold allegedly told Mr. Kawabata that he searched H. Nissani's (hooman@nissanibros.com), B. Sarraf's (bobbys@nissanibros.com) and R. Nissani's (rayan@nissanibros.com) email accounts and found no responsive documents. | | | | [Doc. 93, ¶5] |
| 12/30/2019 | M. Kawabata sent the revised Joint Report. In it he admits that the RHN Parties are still working to identify the documents that are stored electronically versus physically and to best collect and produce the documents. Also admitted that electronic records between Mr. Nissani and Doxsee Foster and CNA are being retrieved. | G. Shanmuganatha | M. Kawabata | | A-28 |
| 1/3/2020 | M. Kawabata sent another revised Joint Report. In the Report CNA contended that RHN did not identify a complete list of custodians from which they intend to collect data from. Moreover, Mr. Kawabata continued to assert that the RHN Parties are still working to identify categories of documents that are stored electronically and categories store physically. Also admitted that electronic records between Mr. Nissani and Doxsee Foster and CNA are being retrieved. | | | | A-29 |
| 1/6/2020 | The Rules 26(f) report was filed | | | | Doc. 39 |
| 1/10/2020 | The parties appeared for a scheduling conference with the Court. During this conference, the Court addressed RHN's failure to identify ESI custodians and produce ESI. The Court ordered RHN to produce their ESI by January 31, 2020. | | | | |
| 1/31/2020 | CNA produced the ESI pursuant to the parties' protocol | M. Kawabata, K. Garvis-Wright | G. Shanmuganatha | | A-30 |
| 1/31/2020 | RHN circulated its ESI production. The production did not comply with the parties ESI protocol. | G. Shanmuganatha, K. Garvis-Wright | M. Kawabata | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-31 |

**EXHIBIT A-1**

| Date | Description | | | | |
|---|---|---|---|---|---|
| 2/3/2020 | CNA identified various issues with RHN's production | M. Kawabata | G. Shanmugantha | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-32 |
| 2/6/2020 | M. Kawabata said that they are reviewing the issues raised on 2/3/20 so that we can have a meaningful meet and confer | G. Shanmuganatha, K. Garvis-Wright | M. Kawabata | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-33 |
| 2/6/2020 | Raised issues with RHN's production and failure to adhere to the ESI Protocol | M. Kawabata, K. Garvis-Wright | G. Shanmuganatha | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-34 |
| 2/7/2020 | Meet and confer with M. Kawabata, G. Shanmuganatha, and T. Ezzell | | | | |
| 2/8/2020 2/9/20 | Mr. Arnold informs Mr. Kawabata the he is searching only Mr. Nissani's and Mr. Arnold's @ nissanibros.com email addresses. | | | | [Doc. 93, ¶ 6] |
| 2/10/2020 | Mr. Arnold's search of Mr. Nissani's and Mr. Arnold's @ nissanibros.com email addresses yields no results. | | | | [Doc. 93, ¶ 7] |
| 2/11/2020 | Follow-up with M. Kawabata regarding K. Garvis-Wright's availability to call the court | M. Kawabata | G. Shanmuganatha | T. Ezzell, J. Brown, K. Irish, R. Lewis | A-35 |
| 2/12/2020 | Joint call to the Court to schedule a telephonic conference with Judge Snow | | | | |
| 2/13/2020 | Parties appeared for a telephonic conference with Judge Snow. During this conference Mr. Kawabata averred to the Court that Mr. Nissani is the only representative who had communicated with CNA or Doxsee-Foster. Thus, RHN only searched Mr. Nissani's and Mr. Arnold's "records." CNA indicated that the few documents produced by RHN and the documents produced by CNA reveals that other persons affiliated with RHN communicated with CNA and Doxsee-Foster. The Court ordered CNA to file a Motion for Sanction to establish that other persons at RHN communicated with CNA. | | | | [Doc. 42] |
| 2/14/2020 | G. Shanmuganatha identified RHN's failure to provide 72 pages of text messages between Mr. Nissani and Mr. Bolivar | M. Kawabata, K. Garvis-Wright | G. Shanmuganatha | T. Ezzell, J. Irish | A-36 |

**EXHIBIT A-1**

| Date | Event | | | | Reference |
|---|---|---|---|---|---|
| 2/18/2020 | Pursuant to the Court's February 13, 2020 Order [Doc. 42] CNA filed its five (5) page Motion for Sanctions identifying additional custodians | | | | [Doc. 43] |
| 2/24/2020 | The day before RHN's response to CNA's Motion for Sanctions [Doc. 43] was due, Mr. Kawabata provided the emails and email accounts CNA identified in its Motion for Sanctions [Doc. 43] to Mr. Nissani "and inquired why those emails were not identified" and asked Mr. Arnold to "perform another search in accordance with the ESI Protocol on the email accounts identified" by CNA. | | | | [Doc. 93, ¶ 9] |
| 2/24/2020 | G. Shanmuganatha following up on RHN's failure to provide 72 pages of text messages between Mr. Nissani and Mr. Bolivar | M. Kawabata, K. Garvis-Wright | G. Shanmuganatha | T. Ezzell, J. Brown, K. Irish | [Doc. 93, ¶ 10] |
| 2/25/2020 | Mr. Arnold located new emails. | | | | |
| 2/25/2020 | M. Kawabata stated that "Mr. Nissani will address the issue CNA has raised with the text message production in the opposition to CNA's Motion, which we will be filing today." | G. Shanmuganatha, K. Garvis-Wright | M. Kawabata | T. Ezzell, J. Brown, K. Irish | A-37 |
| 2/25/2020 | Pursuant to the Court's February 13, 2020 Order [Doc. 42] RHN filed its Opposition to CNA's Motion for Sanctions [Doc. 44] | | | | |
| 2/28/2020 | Pursuant to the Court's February 13, 2020 Order [Doc. 42], CNA filed its Reply in support of its February 18, 2020 Motion for Sanctions [Doc. 46]. | | | | |
| 3/2/2020 | RHN produced the emails Mr. Arnold found on February 25, 2020 as RHN_PROD_004277-4854. However, most of the emails were emails from Ms. Virrueta and a few from Mr. Kong. | | | | A-38 |

**EXHIBIT A-1**

| | | |
|---|---|---|
| 4/9/2020 | On April 9, 2020 the Court ruled on CNA's Motion for Sanctions and Ordered RHN to:<br>1. Fully investigate the case by having **RHN's counsel interview RHN employees and agents** within fourteen (14) days of the date of this order;<br>2. Identify the names of all custodians who have ESI relevant to any party's claim or defense within fourteen (14) days of the date of this order;<br>3. Identify where – email, server, laptops, cellphones, etc. – the ESI is located<br>within twenty-one (21) days of the date of this order;<br>4. Hire a third-party, independent vendor to search and collect the ESI from the identified sources and custodians in accordance with the parties' ESI protocol within thirty (30) days of the date of this order;<br>5. Have RHN's counsel review the collected information and determine what is/is not relevant to all claims and defenses within forty (40) days of the date of this order;<br>6. Have RHN's vendor produce the relevant information forty (40) days from the date of this Order and in accordance with the parties' ESI protocol;<br>7. Pay CNA the fees and costs it incurred in pursing RHN's compliance with the MIDP. [Doc. 50] | [Doc. 50] |
| 4/15/2020 | Mr. Kawabata notified Mr. Nissani about the Court's Order. | [Doc. 93, ¶ 12] |
| 4/21/2020 | Mr. Kawabata reached out to Ernst & Young about the possibility of performing the collection identified in the Court's April 9, 2020 Order [Doc. 50]. Ernst & Young was not engaged and Mr. Nissani engaged a ESI vendor on his own.   Mr. Kawabata was not told who the vendor was and had no interaction with the alleged vendor. | [Doc. 93, ¶ 13].<br>[Doc. 93, ¶ 15]. |

Page8

EXHIBIT A-1

| | | | | | [Doc. 93, ¶14] |
|---|---|---|---|---|---|
| 4/23/2020 | Mr. Kawabata interviewed: <br> - Hooman Nissani <br> - David Arnold <br> - Rayan Nissani <br> - Blanca Vargas | | | | |
| 4/23/2020 | RHN's counsel states that RHN has "no additional custodians to identify at this time." | G. Shanmuganatha, T. Ezzell, J. Brown | M. Kawabata | K. Garvis-Wright | A-81 |
| 4/24/2020 | T. Ezzell emails RHN's counsel about non-compliance with the Court's April 9, 2020 Order | G. Shanmuganatha, M. Kawabata, J. Brown | T. Ezzell | K. Garvis-Wright, R. Lewis | A-39 |
| 4/27/2020 | G. Shanmuganatha requesting a meet and confer regarding non-compliance with the Court's April 9, 2020 Order | T. Ezzell; M. Kawabata, J. Brown | G. Shanmuganatha | K. Garvis-Wright, R. Lewis | A-40 |
| 4/29/2020 | G. Shanmuganatha and T. Ezzell (counsel for CNA) meet and confer with M. Kawabata and K. Garvis-Wright (counsel for RHN). Ms. Garvis-Wright represents that the relevant custodians are the ones identified in RHN's November 25, 2019 First Supplemental MIDP: Hooman Nissani, Rayan Nissani, David Arnold, Blanca Vargas, Vannak Kong, and Maria Virrueta. | | | | |
| 4/29/2020 | Ms. Garvis-Wright proclaims that "there are no additional ESI custodians over and above those previously identified, namely: Hooman Nissani, Rayan Nissani, and David Arnold." | G. Shanmuganatha, M. Kawabata, J. Brown, T. Ezzell | K. Garvis-Wright | R. Lewis | A-41 |
| 4/30/2020 | Email to Ms. Garvis-Wright regarding misrepresentation in custodian list, the change in story and that only identifying Hooman Nissani, Rayan Nissani, and David Arnold as the only custodians with relevant information demonstrates that counsel did not conduct the investigation ordered by the Court. | K. Garvis-Wright, M. Kawabata, J. Brown, T. Ezzell | G. Shanmuganatha | R. Lewis | A-42 |

**EXHIBIT A-1**

| Date | Description | | | | |
|---|---|---|---|---|---|
| 4/30/2020 | Mr. Kawabata identifies that the salient ESI is located in: • Email servers in the possession of Hooman Nissani, in Los Angeles, CA; • Computers in the possession of Hooman Nissani and David Arnold, in Los Angeles, CA; and • Cell phones in the possession of Hooman Nissani, David Arnold, and Rayan Nissani, in Los Angeles, CA. | G. Shanmuganatha, T. Ezzell, J. Brown | M. Kawabata | K. Garvis-Wright | A-43 |
| 5/5/2020 | Mr. Kawabata asked Mr. Nissani to provide the contract he had entered into with the third-party vendor and the contact information for the project lead.  Mr. Nissani never responded. | | | | [Doc. 93, ¶14]. |
| 5/11/2020 | Mr. Kawabata proclaims to "cease" working on this case on May 11, 2020. | | | | [Doc. 93, ¶1] |
| 5/11/2020 to 5/19/2020 | Ms. Garvis-Wright contacted Mr. Nissani about having access to the RHN Parties' third-party vendor and the information collected by vendor to be able to comply with the Order's mandate that we review it to "determine what is/is not relevant to the claims and defenses."  Ms. Garvis-Wright was never provided the collected information to review, let alone identify for production. | | | | [Doc. 92, ¶7]. [Id. at ¶7-8]. |
| 5/19/2020 | Ms. Garvis-Wright "received an email with a link that [she] understood to contain the information the RHN Parties' third-party vendor had collected." | | | | [Doc. 92, ¶ 8] |
| 5/19/2020 | Ms. Garvis-Wright sent the link to CNA. | | | | A-44 |
| 5/20/2020 | G. Shanmuganatha communicated the deficiencies in RHN's ESI production to RHN's counsel RHN produced three PDF documents (total of 707 pages) and a PST file with 77 items. There are no load, image or OCR files for any of the data.  The three PDFs are just a compilation of emails and attachments, not broken apart separately. | K. Garvis-Wright, T. Ezzell | G. Shanmuganatha | R. Lewis; M. Kawabata, J. Brown; K. Irish | A-45 |
| 5/20/2020 | David Arnold to Charles Balot with the ESI Protocol.  In the May 20, 2020 Email, Mr. Arnold says that their counsel is Duncan McCreary. | Charles Balot | David Arnold | | Online_00004 |

# EXHIBIT A-1

| Date | Description | | | | |
|---|---|---|---|---|---|
| 5/20/2020 | Mr. Balot says he needs the actual discovery demands that were served | David Arnold | Charles Balot | | Online_00005 |
| 5/20/2020 | Mr. Arnold copies and pastes the protocol from G. Shanmuganatha's email to Ms. Garvis-Wright to Mr. Balot | Charles Balot | David Arnold | | Online_00007 |
| 5/20/2020 | Ms. Garvis-Wright stated that "we are working on getting the correctly formatted production from the vendor" | G. Shanmuganatha | K. Garvis-Wright | R. Lewis; M. Kawabata, J. Brown, K. Irish | A-46 |
| 5/20/2020 | Mr. Arnolds provides the PDF of "CNA's Proposed ESI Plan" | Charles Balot | David Arnold | | Online_00009 |
| 5/21/2020 | Mr. Arnold asks Mr. Balot if he can attend a call with Mr. Arnold and Mr. Arnold's "employer" | Charles Balot | David Arnold | | Online_00021 |
| 5/21/2020 | Mr. Arnold says that the entity that will receive Mr. Balot's proposal is RHN, Inc. and that the signed will be Hooman Nissani | Charles Balot | David Arnold | | Online_00027 |
| 5/21/2020 | Mr. Balot provides a estimate/work plan and asked for a deposit check of $1,925 | David Arnold | Charles Balot | | Online_00032 |
| 5/21/2020 | Mr. Arnold accepted and asked if there would be an additional fee to have the load file produced the next day | David Arnold | Charles Balot | | Online_00032 |
| 5/21/2020 | Mr. Arnold sends the signed estimate | Charles Balot | David Arnold | | Online_00034 |
| 5/21/2020 | Ms. Garvis-Wright stated that that "we are told that the vendor is endeavoring to get this completed by tomorrow." | G. Shanmuganatha | K. Garvis-Wright | R. Lewis; M. Kawabata, J. Brown, K. Irish | A-47 |
| 5/21/2020 | G. Shanmuganatha identified that the production is deficient in several other regards (custodians not identified, custodians not searched, family/child not preserved, no attachments included, duplicate documents, no internal communications, no text messages etc.). Requested a meet and confer with counsel and RHN's vendor to meet and confer with CNA so that the parties can have an informative and meaningful conversation about the various issues | K. Garvis-Wright | G. Shanmuganatha | R. Lewis; M. Kawabata, J. Brown, K. Irish, T. Ezzell | A-48 |
| 5/25/2020 | Ms. Garvis followed up with Mr. Nissani about the status of the re-formatted production. | | | | [Doc. 92, ¶12] |

# EXHIBIT A-1

| Date | Description | | | | |
|---|---|---|---|---|---|
| 5/26/2020 | Ms. Garvis-Wright sent the "re-formatted" production to CNA | G. Shanmuganatha | K. Garvis-Wright | R. Lewis; M. Kawabata, J. Brown, K. Irish | A-49 |
| 5/27/2020 | G. Shanmuganatha identified that the "re-formatted" production did not contain any native files | K. Garvis-Wright | G. Shanmuganatha | R. Lewis; M. Kawabata, J. Brown, K. Irish, T. Ezzell | A-50 |
| 5/28/2020 | Mr. Arnold inquires about the failure to provide the native excel spreadsheet | Charles Balot | David Arnold | | Online_00041 |
| 5/28/2020 | Ms. Garvis-Wright sent a link with the native files | G. Shanmuganatha | K. Garvis-Wright | R. Lewis; M. Kawabata, J. Brown, K. Irish, Allison Gipson | A-51 |
| 5/29/2020 | G. Shanmuganatha followed up on request for meet and confer with RHN's counsel and vendor | K. Garvis-Wright, M. Kawabata, | G. Shanmuganatha | R. Lewis, J. Brown, K. Irish, T. Ezzell | A-52 |
| 6/5/2020 | G. Shanmuganatha followed up on request for meet and confer with RHN's counsel and vendor | K. Garvis-Wright, W. Mullen | G. Shanmuganatha | R. Lewis, J. Brown, K. Irish, T. Ezzell | A-53 |
| 6/9/2020 | W. Mullen responds and states that "it would be more efficient and productive if you identify in an e-mail the specific, outstanding issues that CNA wants RHN to address, so that we can work with our client and the vendor to resolve them." | G. Shanmuganatha | W. Mullen | R. Lewis, J. Brown, K. Irish, T. Ezzell, K. Garvis-Wright | A-54 |
| 6/9/2020 | G. Shanmuganatha asks W. Mullen "to answer one simple question as a sign of good faith:  please identify the vendor(s) that was utilized to comply with paragraphs 4 & 6 of the Court's order (attached).  The name(s) of the vendor(s) you utilized has been requested for several weeks now.  You should be able to provide the name(s) within minutes." | W. Mullen | G. Shanmuganatha | R. Lewis, J. Brown, K. Irish, T. Ezzell, K. Garvis-Wright | A-55 |
| 6/16/2020 | T. Ezzell requests RHN's counsel to identify RHN's ESI vendor | K. Garvis-Wright, W. Mullen | T. Ezzell | R. Lewis, J. Brown, G. Shanmuganatha | A-56 |

**EXHIBIT A-1**

| Date | Description | | | | |
|------|-------------|---|---|---|---|
| 6/19/2020 | J. Brown following up on G. Shanmuganatha's June 9, 2020 Email | W. Mullen | J. Brown | R. Lewis, G. Shanmuganatha, K. Irish, T. Ezzell, K. Garvis-Wright | A-57 |
| 6/23/2020 | W. Mullen does not provide the identity of the vendor does not make RHN's vendor available for a meet and confer. | J. Brown | W. Mullen | R. Lewis, G. Shanmuganatha, K. Irish, T. Ezzell, K. Garvis-Wright | A-58 |
| 6/23/2020 | G. Shanmuganatha requests a telephonic conference with the Court to discuss the ESI disputes | Chambers | G. Shanmuganatha | R. Lewis, J Brown, K. Irish, T. Ezzell, K. Garvis-Wright, W. Mullen | A-59 |
| 6/23/2020 | K. Garvis-Wright asks T. Ezzell to give her a call about the mediation | T. Ezzell | K. Garvis-Wright | | A-60 |
| 6/26/2020 | Email from D. Godwin regarding the parties stipulation to continue the ESI conference to a date after the mediation | K. Garvis-Wright | D. Godwin | T. Ezzell | A-61 |
| 7/30/2020 | Mediation | | | | |
| 8/6/2020 | T. Ezzell emails RHN counsel regarding resetting the ESI conference with the Court and attaches a comprehensive list of deficiencies.  T. Ezzell also identify additional MIDP deficiencies (no damages, no standing to bring reinsurance claim etc.) and requests a supplemental MIDP response. | K. Garvis-Wright, W. Mullen | T. Ezzell | D. Godwin, G. Shanmuganatha | A-62 |
| 8/7/2020 | W. Mullen responds and states that K. Garvis-Wright is in an arbitration and will not be able to call the Court to schedule an ESI conference until August 18 | T. Ezzell | W. Mullen | D. Godwin, G. Shanmuganatha, K. Garvis-Wright | A-63 |
| 8/10/2020 | T. Ezzell states that we only need one of RHN's counsel on the call to the JA to schedule the telephonic conference and requests a time to jointly call the Court | W. Mullen | T. Ezzell | D. Godwin, G. Shanmuganatha, K. Garvis-Wright | A-64 |
| 8/10/2020 | T. Ezzell follows-up and requests a response regarding the substantive MIDP issues raised in T. Ezzell's August 6, 2020 | W. Mullen | T. Ezzell | D. Godwin, G. Shanmuganatha, K. Garvis-Wright | A-65 |

# EXHIBIT A-1

| Date | Description | | | | |
|---|---|---|---|---|---|
| 8/11/2020 | T. Ezzell follows-up and requests a response regarding the substantive MIDP issues | W. Mullen | T. Ezzell | D. Godwin, G. Shanmuganatha, K. Garvis-Wright | A-66 |
| 8/11/2020 | T. Ezzell follows up on request to jointly call the JA regarding the ESI issues | W. Mullen | T. Ezzell | D. Godwin, G. Shanmuganatha, K. Garvis-Wright | A-67 |
| 8/12/2020 | W. Mullen states that they are reviewing the ESI list of issues and does not provide a date to jointly call the JA | T. Ezzell | W. Mullen | D. Godwin, G. Shanmuganatha, K. Garvis-Wright | A-68 |
| 8/12/2020 | T. Ezzell informs RHN's counsel that counsel for CNA intends to email the court and ask for a telephonic conference in light of RHN's counsel unwillingness to identify a time to jointly call the Court | W. Mullen | T. Ezzell | D. Godwin, G. Shanmuganatha, K. Garvis-Wright | A-69 |
| 8/13/2020 | CNA's counsel emails the Court and requests a telephonic conference with the Court | Chambers | G. Shanmuganatha | R. Lewis, J. Brown, K. Irish, T. Ezzell, K. Garvis-Wright, W. Mullen | A-70 |
| 8/16/2020 | T. Ezzell follows-up regarding meet and confer to discuss the other MIDP deficiencies | W. Mullen | T. Ezzell | D. Godwin, G. Shanmuganatha, K. Garvis-Wright | A-71 |
| 8/18/2020 | Conference with the Court and the Court Orders "RHN shall file a declaration no later than one week from today's date that shall contain a complete account of all efforts made by it and counsel to identify document custodians, and specifically identifying all requested document custodians with appropriate contact information. That declaration shall also include the location of all relevant ESI by specific email or other address. It is further ordered that RHN shall provide to CNA the identity of its data vendor, together with dates on which that vendor can be deposed. CNA may subpoena that vendor for appropriate information." | | | | [Doc. 84] |
| 8/18/2020 | T. Ezzell follows-up regarding meet and confer to discuss the other MIDP deficiencies | W. Mullen | T. Ezzell | D. Godwin, G. Shanmuganatha, K. Garvis-Wright, W. Smith, J. Brown | A-72 |

**EXHIBIT A-1**

| Date | Description | | | | |
|---|---|---|---|---|---|
| 8/18/2020 | W. Mullen states that RHN's counsel is available to meet and confer regarding other MIDP deficiencies on August 21 | T. Ezzell | W. Mullen | D. Godwin, G. Shammuganatha, K. Garvis-Wright, W. Smith, J. Brown | A-73 |
| 8/21/2020 | Parties counsel met and conferred about MIDP deficiencies and RHN promised to provide a substantive supplemental MIDP disclosure by August 28, 2020 | | | | |
| 8/25/2020 | M. Kawabata Declaration Filed | | | | [Doc. 93] |
| 8/25/2020 | K. Garvis-Wright Declaration Filed | | | | [Doc. 92] |
| 8/26/2020 | G. Shammuganatha email to RHN's counsel about deficiencies with the declarations that were filed on august 25, 2020 and failure to identify the ESI vendors | K. Garvis-Wright, W. Mullen, C. Larson | G. Shammuganatha | R. Lewis, J. Brown, K. Irish, T. Ezzell, | A-74 |
| 8/26/2020 | W. Mullen provides the names of the ESI vendors W. Mullen received from RHN on August 25, 2020 and states that RHN's counsel is available for a meet and confer "after 2:00 PM" on August 27, 2020 | G. Shammuganatha | W. Mullen | R. Lewis, J. Brown, K. Irish, T. Ezzell, K. Garvis-Wright, W. Mullen, C. Larson | A-75 |
| 8/26/2020 | G. Shammuganatha writes and identifies a variety of deficiencies with RHN's counsel's August 25, 2020 declarations and makes CNA's counsel available for a call at 3:00 PM on august 27, 2020 | K. Garvis-Wright, W. Mullen, C. Larson | G. Shammuganatha | R. Lewis, J. Brown, K. Irish, T. Ezzell, | A-76 |
| 8/27/2020 | W. Mullen states that RHN is reviewing the issues identify by G. Shammuganatha and asks to push the meet and confer until August 28 | G. Shammuganatha | W. Mullen | R. Lewis, J. Brown, K. Irish, T. Ezzell, K. Garvis-Wright, W. Mullen, C. Larson | A-77 |
| 8/27/2020 | G. Shammuganatha responds and states that CNA "would like to touch base with you and Ketty today as planned" and "can discuss if a subsequent conversation is necessary during that call" | W. Mullen | G. Shammuganatha | R. Lewis, J. Brown, K. Irish, T. Ezzell, K. Garvis-Wright, W. Mullen, C. Larson | A-78 |
| 8/27/2020 | RHN's counsel does not appear for the scheduled meet and confer | | | | |

**EXHIBIT A-1**

| | | | | |
|---|---|---|---|---|
| 8/27/2020 | T. Ezzell emails RHN's counsel about failure to appear for the ESI conference | K. Garvis-Wright, W. Mullen | T. Ezzell | G. Shanmuganatha | A-79 |
| 8/28/2020 | K. Garvis-Wright informs CNA's counsel that Glaser Weil will be withdrawing | T. Ezzell, W. Mullen | K. Garvis-Wright | G. Shanmuganatha | A-80 |

# EXHIBIT A-2

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Makoa Kawabata; Kerry Garvis Wright; Corey B. Larson |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis |
| **Subject:** | RHN v. CNA - Upcoming Deadlines |
| **Date:** | Friday, October 18, 2019 9:35:00 AM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image003.png |

Good Morning,

This email follows the phone conference I had with Makoa yesterday (October 18, 2019).
During that conference we confirmed that:

1. The MIDP responses are due on <u>November 4, 2019</u>;
2. The parties shall exchange preliminary ESI plans and protocols, pursuant to the General Order, on <u>October 28, 2019</u>. Please ensure that your ESI plan and protocol identifies the relevant date range(s), custodians, search terms, and collection/production protocol (metadata fields, form of production, whether you agree to de-dupe the collection across all custodians, whether you agree to de-nist the production, and any other ways we can efficiently collect relevant and salient data);
3. RHN *et al*. shall circulate a draft Joint Case Management report, with RHN *et al*.'s positions identified in the draft, on <u>November 11, 2019</u>;
4. CNA will make its additions/revisions to the draft Joint Case Management report and circulate the same on <u>November 18, 2019</u>;
5. The parties will meet and confer about the Joint Case Management report before <u>December 6, 2019</u>.

Makoa please confirm that the above is accurate.

Thank you.

Sincerely,

Gaya

tblogo



Gaya Shanmuganatha | Attorney

Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452.2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices: Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.



# EXHIBIT A-3

| **From:** | Gaya Shanmuganatha |
|---|---|
| **To:** | Makoa Kawabata; Kerry Garvis Wright; Corey B. Larson |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis |
| **Subject:** | RE: RHN v. CNA - Upcoming Deadlines |
| **Date:** | Monday, October 21, 2019 9:10:00 AM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image003.png |

Good Morning Makoa,

I am following-up on my email below. Can you please confirm the dates identified in the email below.

Thank you.

Sincerely,

Gaya

tblogo



Gaya Shanmuganatha | Attorney

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452-2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices: Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.



REDACTED

# EXHIBIT A-4

**From:** Makoa Kawabata
**To:** Gaya Shanmuganatha; Kerry Garvis Wright; Corey B. Larson
**Cc:** Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis
**Subject:** RE: RHN v. CNA - Upcoming Deadlines
**Date:** Monday, October 21, 2019 9:58:44 AM
**Attachments:** image004.jpg
image005.png
image006.jpg
image007.jpg
image008.jpg
image009.png

Gaya,

Agreed that those are the correct deadlines, and that the schedule for the parties meeting and conferring on the documents/information works for us.



**B. Makoa Kawabata  | Associate Attorney**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613
E-Mail: mkawabata@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

REDACTED

# EXHIBIT A-5

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Makoa Kawabata |
| **Cc:** | Kerry Garvis Wright; Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis |
| **Subject:** | RE: RHN v. CNA - pushing to the 30th |
| **Date:** | Wednesday, October 23, 2019 9:31:00 AM |

Thank you.

Sincerely,

Gaya


Gaya Shanmuganatha | Attorney
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

CONFIDENTIALITY NOTICE:  The information contained in this message may be protected by the attorney-client privilege.
If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have
received the message in error, then delete it.  Thank you.


REDACTED

# EXHIBIT A-6

**From:** Makoa Kawabata
**To:** Gaya Shanmuganatha
**Subject:** RHN - ESI
**Date:** Wednesday, October 30, 2019 2:13:19 PM

Hey Gaya, I'm somewhat behind schedule today but will get you the ESI search term proposals by tonight.

Sent from my iPhone

# EXHIBIT A-7

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Makoa Kawabata |
| **Bcc:** | Tina M. Ezzell |
| **Subject:** | RE: RHN - ESI |
| **Date:** | Wednesday, October 30, 2019 2:47:00 PM |

Thanks Makoa.  Please also make sure you include proposed date range, custodians (for CNA and Dealers) and production protocol.  I will send you the proposal I put together shortly so you can see what I am talking about.

Thank you.

Sincerely,

Gaya


Gaya Shanmuganatha | Attorney
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

CONFIDENTIALITY NOTICE:  The information contained in this message may be protected by the attorney-client privilege.
If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have
received the message in error, then delete it.  Thank you.


REDACTED

# EXHIBIT A-8

| **From:** | Makoa Kawabata |
|---|---|
| **To:** | Gaya Shanmuganatha |
| **Subject:** | RHN - ESI proposal |
| **Date:** | Thursday, October 31, 2019 2:07:09 AM |
| **Attachments:** | 2019-10-31 RHN ESI protocol proposal memo.docx |

Gaya,

Attaching my first round of custodians/dates/search term proposals.



# M E M O R A N D U M

| | |
|---|---|
| **TO:** | Gaya Shanmuganatha, Esq. |
| **FROM:** | Makoa Kawabata |
| **DATE:** | October 31, 2019 |
| **SUBJECT:** | RHN, Inc. v. CNAN, Inc. – ESI search protocol discussion |

Ms. Shanmuganatha,

Please find below proposals regarding the parties' custodian collection and search term lists for the purpose of ESI processing.  These are for the purpose of discussion and are not intended to be a final or complete list, and our clients reserve all rights.

CNAN's custodians:

> Alan Miller
>
> Carol Huber
>
> Erika S. Ahern-Cutran
>
> Jacob Ochoa
>
> Jay Sharpnack
>
> Joey Becker
>
> John Loughlin
>
> Kyle Hardman
>
> Todd Sands
>
> Scott Magnano
>
> Keith Mahoney

Date range:

> January 2017-present

Search terms:

1737085.1

Gaya Shanmuganatha, Esq.
October 31, 2019
Page 2


Nissani Bro!

RHN, Inc!

RHH Auto!

RHC Auto!

NBA Auto!

R&H Auto!

Hooman

Rayan

Nissani

Babak

Sarraf

Hailey

    w/5:

        override

        VSC

        vehicle service contract!

        shortfall

        tire and wheel

        GAP

        waiver!

        guaranty

        advance

        repay!

        modif!

Gaya Shanmuganatha, Esq.
October 31, 2019
Page 3

term!

month!

min!

quarter!

consumer

390

157

250

18720

7536

12000

total production guarant!

50

25

Or to:

Hooman Nissani

Carlos Bolivar

Doxsee Foster

John DeJohn

Randy Foster

Greg Petrowski

Cody Bezanson

Jeni Davis

# EXHIBIT A-9

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Makoa Kawabata |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Kelley Irish |
| **Subject:** | CNA"s ESI Proposal |
| **Date:** | Thursday, October 31, 2019 8:56:00 AM |
| **Attachments:** | CNA"s Proposed ESI Plan.pdf |
| | image001.jpg |
| | image002.jpg |
| | image003.png |

Good Morning Makoa,

Attached is CNA's ESI proposal. Please let me know if you have availability Monday or Tuesday to chat about both of our proposals.

Thank you.

Sincerely,

Gaya

tblogo



## Gaya Shanmuganatha | Attorney

Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452-2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices: Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.



CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(OCTOBER 31, 2019)

Pursuant to General Order 17-08(C)(2), CNA National Warranty Corporation ("CNA") proposes the following ESI parameters. These are for the purpose of discussion and are not intended to be a final or complete list, and our clients reserve all rights.

1.  Date Range – October 1, 2017 – March 28, 2019

2.  Custodians
    a.  CNAN will investigate and produce relevant, non-privileged ESI from the following custodians:
        1)  Alan Miller
        2)  Carol Huber
        3)  Erika S. Ahern Curran
        4)  Jacob Ochoa
        5)  Jay Sharpnack
        6)  Joey Becker
        7)  John Loughlin
        8)  Keith Mahoney
        9)  Marc Thorson
        10) Scott Magnano
        11) Sharon Berry
        12) Todd Sands
        13) Keylee O'Shaughnessy
        14) William "Billy" Mauterer
        15) John Flanagan
        16) Jackie Carlson
        17) Leslie Guempel
        18) Dino DeAngeles
        19) Rohan Sahasrabudhe
    b.  RHN, Inc., RHH Automotive, Inc., RHC Automotive, Inc., NBA Automotive, Inc., R & H Automotive Group, Inc. (collectively "Dealers") and Hooman and Melody Nissani ("Nissani") will investigate and produce relevant, non-privileged ESI from the following custodians:
        1)  Babak Sarraf
        2)  Hooman Nissani
        3)  Melody Nissani
        4)  Rayan Nissani
        5)  David Arnold
        6)  Employees of RHN, Inc.
        7)  Employees of RHH Automotive, Inc.
        8)  Employees of RHC Automotive, Inc.
        9)  Employees of NBA Automotive, Inc.

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(OCTOBER 31, 2019)

        10)   R & H Automotive Group, Inc.
        11)   Hailey Reinsurance

3. CNA, Dealers & Nissani (collectively "Parties") understand that the custodians identified pursuant to this ESI proposal had salient communications with several third parties. Therefore, the Parties will search for and produce relevant communications the Parties had with the following third parties:

  a. Doxsee Foster & Associates employees, including:
      1)   Carlos Bolivar
      2)   Doxsee Foster
      3)   John DeJohn
      4)   Randy Foster
  b. GPW & Associates, including:
      1)   Greg Petrowski
      2)   Janet Weer
  c. Bank of Oklahoma employees, including:
      1)   Cody Bezanson
      2)   Jeni Davis
      3)   Heidi Hebert
  d. Consumers who purchased or were identified as purchasing CNA products from Dealers and/or Nissani

4. Search terms
  a. CNA will search for the following terms:
      1)   Hooman
      2)   Nissani
      3)   Babak
      4)   Sarraf
      5)   Rayan
      6)   Melody
      7)   RHN
      8)   RHH
      9)   RHC
      10)  NBA
      11)  R&H
  b. Dealers and Nissani will search for the following terms:
      1)   Reinsurance
      2)   Alan Miller
      3)   Carol Huber
      4)   Erika Curran
      5)   Jacob Ochoa
      6)   Jay Sharpnack

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(OCTOBER 31, 2019)

      7)    Joey Becker
      8)    John Loughlin
      9)    Keith Mahoney
      10)    Marc Thorson
      11)    Scott Magnano
      12)    Sharon Berry
      13)    Todd Sands
      14)    Keylee O'Shaughnessy
      15)    William Mauterer
      16)    Billy Mauterer
      17)    John Flanagan
      18)    Jackie Carlson
      19)    Leslie Guempel
      20)    Dino DeAngeles
      21)    Rohan Sahasrabudhe
      22)    CNA
      23)    National Warranty Corporation
      24)    Seychelles

c.  The Parties will search for the following terms
      1)    $5,000,000
      2)    5 million
      3)    Five mil
      4)    GPW
      5)    Hailey Reinsurance Company
      6)    Greg Petrowski
      7)    Doxsee
      8)    BOK Financial/ Bokf
      9)    Override Agreement
      10)    Advance
      11)    Shortfall
      12)    Carlos Bolivar
      13)    Doxsee Foster
      14)    John DeJohn
      15)    Randy Foster
      16)    Cody Bezanson
      17)    Jeni Davis
      18)    Dealership advance
      19)    Dealership short advance

5.  ESI shall be produced in the following manner:

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(OCTOBER 31, 2019)

a. All ESI production will be imaged, and all images will be accompanied by native and OCR text recognition ("ESI Production").

b. All irrelevant system files shall be removed from the ESI Production (the parties agree to DeNIST the ESI Production).

c. Root directories of Media will contain ESI Production in the form of images (single-paged TIFF Group IV for each page for each document) and native files with Begdoc reference name. Files will be saved to customary Image and Native folders. A third directory, Data, will contain load files. Load files provided will include:

   1) Production Keys (BegDoc, EndDoc, BegAtt, EndAtt or their equivalents);
   2) Attachment reference files;
   3) Metadata load files; (Metadata categories contained in dat files; and
   4) Opticon files.

d. File Format:

   1) Image files will be prepared for commonly exchanged email and file formats (pst, msg, eml), attachments, tif, pdf, and word processing files.
   2) Spreadsheet files (xls, xlsx, xlsm) will be provided in native format only. Spreadsheets will be treated as exceptions with a "See Native File" placeholder.
   3) Audio, video, and unknown file types will be produced in native format, and with a Bates stamped placeholder.

e. Specifications for formats:

   1) Image Load File: OPT
   2) Metadata Load File: DAT
   3) Metadata Fields: Native file linking by way of Native Relative Path field in load file. Load file fields should accompany images, as well as include reference native files. Load files to contain at minimum the following fields:
      - BegDoc;
      - EndDoc;
      - BegAtt;
      - EndAtt
      - Custodian;
      - Native Relative Path;
      - Native File Name;
      - Email subject;
      - Communication date;
      - Item Date;
      - File Type Description;
      - Extension;
      - Page Count;
      - Native size;
      - Email Sender;

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(OCTOBER 31, 2019)

- Email To;
- Email CC;
- Email Bcc;
- MD5 Hash; and
- Attachment IDs.

    4)    Sub-folders should contain no greater than 1,000 files.

f.  Indication of ESI family relationship (Parent email and child attachments):

    1)    Child documents indicated in load file by attachment IDs. ESI Family relationship should also be indicated by Begatt field.

    2)    Duplicate emails: I am comfortable de-duping the emails across the custodians (rather than within the custodian) – this will cut down the duplicate documents Defendants will have to review.  Email attachments, however, may have duplication by virtue of Parent email.

g.  Redactions: Extracted text and native files may be withheld as needed to preserve privilege.

h.  Exception handling: Image placeholders will be produced for Excel spreadsheets. Where unprocessed or non-imaged file formats (ie SRF, db, autocad, encrypted, or uncommon files) are encountered, native files will be produced, with an image placeholder. All Images to be branded with a Bates stamp. Bates location: lower right corner

i.  Media: Files will be exchanged via internet Sharefile links. Media folder structure:

    1)    IMAGES (single-paged tiffs, jpeg files for color)

    2)    NATIVE (native files)

    3)    DATA (load files)

# EXHIBIT A-10

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | mkawabata@glaserweil.com; clarson@waterfallattorneys.com; kgarviswright@glaserweil.com |
| **Cc:** | Tina M. Ezzell; Rebecca Lewis; Jessica I. Brown; Kelley Irish |
| **Subject:** | CNA"s Initial MIDP Responses |
| **Date:** | Monday, November 4, 2019 7:08:00 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | FINAL Initial MIDP Responses 11.4.19.pdf |
| | image005.jpg |

Hello,

Attached to this email is CNA's Initial MIDP Responses.  CNA's production is being sent to you via a secure link.  Please let me know if you have any difficulties downloading the production.

Sincerely,

Gaya



tblogo

Gaya Shanmuganatha | Attorney
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
-
Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.  If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



Tina M. Ezzell (SBN: 013825)
Gayathiri Shanmuganatha (SBN: 030745)
Jessica I. Brown (SBN: 034679)

**TB** **TIFFANY & BOSCO**
P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 452-2747
FACSIMILE:   (602) 255-0103
E-Mail: tme@tblaw.com
E-Mail: gs@tblaw.com
E-Mail: jib@tblaw.com
*Attorneys for Defendant/Counter-Claimant/Plaintiff CNA Nat'l Warranty Corp.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| RHN Incorporated,<br><br>          Plaintiff/Counter-Defendant,<br><br>   v.<br><br>CNA National Warranty Corporation, et al.,<br><br>          Defendant/Counter-Claimant. | Case No.  CV-19-02960-GMS<br>**LEAD CASE**<br><br>No. CV-19-04516-PHX-GMS<br><br>**CNA NATIONAL WARRANTY CORPORATION'S INITIAL MIDP RESPONSES** |
| CNA National Warranty Corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>RHN Incorporated, et al.,<br><br>          Defendants. | |

Defendant/Counter-Claimant/Plaintiff CNA National Warranty Corporation ("CNAN") hereby submits its Initial Mandatory Initial Discovery Pilot ("MIDP") Responses pursuant to the Court's General Order 17-08.

This matter is only in the initial phase of discovery and further discovery and investigation may bring to light additional information that may have a bearing on CNAN's theories and defenses of the case.  As such, these MIDP Responses are not intended to represent CNAN's entire case and are preliminary disclosures of information until further

information is ascertained.  Therefore, if any part of this Initial MIDP Response is read to a jury, fairness will require that this preliminary statement also be read indicating that, at the time it was submitted to counsel, it was based on limited access to information and without conducting discovery.

**1.    Persons Likely to Have Discoverable Information Relevant to Any Party's Claims or Defenses, Their Contact Information, and a Fair Description of the Nature of the Information the Persons Are Believed to Possess.**

Individuals who are likely to have relevant discoverable information include:

a.    John Loughlin
CFO CNA National Warranty Corporation
c/o Tiffany & Bosco
Seventh Floor Camelback Esplanade II
2525 E Camelback Road
Phoenix, Arizona 85016
Phone:  (602) 255-6000

Mr. Loughlin has knowledge about CNAN's advance of $5 million to RHN, Inc. ("Advance") and about the damages CNAN has sustained in this case. Similarly, he has knowledge about the amount remaining due for repayment of the Advance from Mr. Hooman Nissani ("Nissani") and Nissani Brothers Nissan, Nissani Brothers Hyundai, Nissani Brothers Jeep Chrysler Dodge, Nissani Brothers Chevrolet, and Nissani Brothers Acura (collectively "Dealers") under the Dealership Override Agreement with Advance Payment ("Override Agreement"), the Shortfall Fees still owed by Nissani and the Dealers under the Override Agreement, the sums and sources of sums applied towards payment of the Shortfall Fees and repayment of the Advance, and the interest calculation on the sums due under the Override Agreement.

Mr. Loughlin also participated in several conversations with Nissani and others during which he attempted to garner Nissani's and the Dealers' compliance with the Override Agreement. He is also aware that Nissani and the Dealers wanted to change the terms of the Override Agreement long after receiving the Advance and that CNAN would not do so unless Nissani and the Dealers got caught up on their required payments under the Override Agreement and paid for all vehicle service contracts ("VSCs") which Nissani and

the Dealers had reported as sold to consumers. He is also aware of numerous written communications with Nissani and the Dealers pertaining to the terms of the Override Agreement and their breaches of the Override Agreement. Additionally, Mr. Loughlin is aware of Nissani's misrepresentations about his personal assets which Nissani made in connection with the personal guaranty he provided which was a condition of the Override Agreement.

     b.     Erika Ahern-Curran
            General Counsel, CNA National Warranty Corporation
            c/o Tiffany & Bosco
            Seventh Floor Camelback Esplanade II
            2525 E Camelback Road
            Phoenix, Arizona 85016
            Phone:  (602) 255-6000

Ms. Ahern-Curran has first-hand knowledge about a single phone conversation with Nissani which occurred on 2/14/19, with herself, John Loughlin, Alan Miller, Hooman Nissani, and Nissani's attorney.  They discussed the amounts Nissani owed to CNAN and the Dealers' failure to meet the production requirements outlined in the Override Agreement.  Nissani asked to renegotiate the terms of the agreement.

     c.     Jay Sharpnack
            Former Vice President-Sales and Field Operations
            CNA National Warranty Corporation
            c/o Tiffany & Bosco
            Seventh Floor Camelback Esplanade II
            2525 E Camelback Road
            Phoenix, Arizona 85016
            Phone:  (602) 255-6000

Jay Sharpnack met with Hooman Nissani and Doxsee Foster agents and others and discussed CNAN's program that resulted in Override Agreement.  He also discussed with Hooman Nissani and the agents, in person and in writing, features and terms of the Override Agreement both before and after the parties executed same. He also discussed with Hooman Nissani and the agents Nissani's and the Dealers' various and multiple, ongoing failures to comply with the terms of the Override Agreement. He also discussed with Nissani and the agents the controlled foreign corporation (CFC) formation and the process for selecting the

bank that would hold the reinsurance proceeds. He also discussed with Nissani and the agents the possibility of, and prerequisites to, modifying the Override Agreement in the future.

    d. Marc Thorson
      former:Agency Development Manager
      Current: Regional Vice President
      CNA National Warranty Corporation
      c/o Tiffany & Bosco
      Seventh Floor Camelback Esplanade II
      2525 E Camelback Road
      Phoenix, Arizona 85016
      Phone: (602) 255-6000

Mr. Thorson was an Agency Development Manager with CNAN and in late 2017, transitioned into the Regional Vice President role. Essentially, he acted as CNAN's liaison with Doxsee Foster, mostly with Carlos Bolivar of Doxsee Foster. He was present at the first meeting, which occurred near LAX in California, to discuss a potential relationship between CNAN and the Dealers. This meeting occurred in mid-2017 and present were himself, Steve Chandler, John DeJohn, Carlos Bolivar and Nissani. Nissani said he'd had an advance from Zürich but that he had terminated the relationship with Zürich because there had been important details never revealed to him. Nissani indicated that they were in litigation or headed in that direction.

Long after the Advance was made, Mr. Thorson recalls being asked to get the "wet" signatures from Nissani for the Override Agreement and Personal Guaranty. In his attempts to do so, he went through Carlos Bolivar who told him that Nissani couldn't find them and that they were in a box in the garage.

Mr. Thorson was present at the "kick off" for the Dealers to sell CNAN products. All three of the products that the Dealers were required to sell (VSCs, GAP waivers and tire and wheel service contracts) were installed at the Dealers' dealerships. Mr. Thorson remembers that Scott Magnano was also present and that Mr. Magnano explained why the GAP waiver and the tire and wheel service contracts were required to be sold.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mr. Thorson has knowledge about the fact there was never any alteration or amendment to the Override Agreement and that CNAN never agreed that the Dealers could sell less than 390 VSCs per month or could refrain from selling the other CNAN products as set forth in the Override Agreement.

Mr. Thorson also has knowledge about the fact that at least initially, the Dealers were "splitting" their sales of VSCs. Essentially, instead of selling enough VSCs and other CNAN products to comply with the Override Agreement, the Dealers would sell some CNAN VSCs and products and some VSCs and products administered by other companies.

Mr. Thorson has knowledge about a meeting he attended in approximately September 2018 with Alan Miller, John Loughlin, and Nissani. Mr. Loughlin said that CNAN was willing to try to come to a new agreement whereby the dealers would not have to sell 390 VSCs per month but the Dealers and Nissani would first have to catch up on their obligations under the Override Agreement. Mr. Thorson recalls that Nissani acted like he understood and promised he and the Dealers would catch up. Nissani apologized for falling behind, said he simply had not been paying attention, and said he'd had a lot of employee turnover.  However, he said, he would hire someone competent to bring the Dealers' obligations current. Nissani assured CNAN he would make it right.  At no time during this meeting did Nissani claim that his or the Dealers' obligations were quarterly or that he had altered the Override Agreement and that CNAN had accepted his changes. Nor did Nissani assert at any time that CNAN had breached any of its promises or obligations to Nissani and the Dealers. Instead, Nissani appeared very positive about wanting to continue the relationship with CNAN.

      e.    Alan Miller
CNA National Warranty Corporation
c/o Tiffany & Bosco
Seventh Floor Camelback Esplanade II
2525 E Camelback Road
Phoenix, Arizona 85016
Phone:  (602) 255-6000

Mr. Miller has knowledge about CNAN's Advance of $5 million to RHN, Inc. and about the damages CNAN has sustained in this case. Similarly, he has knowledge about the amount remaining due for repayment of the Advance from Nissani and the Dealers under the Override Agreement, the Shortfall Fees still owed by Nissani and the Dealers under the Override Agreement, the sums and sources of sums applied towards payment of the Shortfall Fees and repayment of the Advance, and the interest calculation on the sums due under the Override Agreement.

Mr. Miller also participated in one or more conversations with Nissani and others during which he attempted to garner Nissani's and the Dealers' compliance with the Override Agreement. He is also aware that Nissani and the Dealers wanted to change the terms of the Override Agreement long after receiving the Advance and that CNAN would not do so unless Nissani and the Dealers got caught up on their required payments under the Override Agreement and paid for all VSCs which Nissani and the Dealers had reported as sold to consumers. He is also aware of numerous written communications with Nissani and the Dealers pertaining to the terms of the Override Agreement and their breaches of the Override Agreement. Mr. Miller has knowledge about the September 2018 meeting with Nissani.

    f.    Scott Magnano
             Former employee of CNA National Warranty Corporation
             c/o Tiffany & Bosco
             Seventh Floor Camelback Esplanade II
             2525 E Camelback Road
             Phoenix, Arizona 85016
             Phone:  (602) 255-6000

Mr. Magnano has knowledge about the misrepresentations made to CNAN by Nissani about his personal assets and financial condition in order to induce CNAN to rely upon the Personal Guaranty and provide the Advance. He also has knowledge about the negotiations between the parties resulting in the Override Agreement and Nissani's and the Dealers' breaches of the Override Agreement. He also has knowledge about

communications to Nissani, the Dealers, and the Doxsee Foster agents pertaining to how the Override Agreement accounting would work and thereafter about overdue amounts owed by Nissani and the Dealers. Mr. Magnano also has knowledge about the conversation at the kickoff meeting at the Dealers' dealerships.

      g.    Carol Huber, Staff Accountant
              CNA National Warranty Corporation
              c/o Tiffany & Bosco
              Seventh Floor Camelback Esplanade II
              2525 E Camelback Road
              Phoenix, Arizona 85016
              Phone:  (602) 255-6000

Ms. Huber communicated with other CNAN employees about Override Statements, Detail Schedules of ITD activity, past due invoices, Advance payment shortfalls, and Shortfall Fees, among other things.

      h.    Individuals with AZ and CA Attorney General's Office and Departments of Insurance
              CNA National Warranty Corporation
              c/o Tiffany & Bosco
              Seventh Floor Camelback Esplanade II
              2525 E Camelback Road
              Phoenix, Arizona 85016
              Phone:  (602) 255-6000

Individuals with the Arizona and California Atty. Gen.'s office and the Departments of Insurance received complaints about the dealers from consumers who had requested refunds from the Dealers but not receive them, and from consumers who paid for contracts that were never sent to CNAN for administration. CNAN worked with the regulators to ensure refunds were made.

      i.    Joey Becker
              Chairman and CEO
              CNA National Warranty Corporation
              c/o Tiffany & Bosco
              Seventh Floor Camelback Esplanade II
              2525 E Camelback Road
              Phoenix, Arizona 85016
              Phone:  (602) 255-6000

1
2
3
4
5
6
7
8
9
10

Mr. Becker signed the Override Agreement for CNAN and has knowledge about its terms and about Nissani's and the Dealers' breaches of the Override Agreement. Mr. Becker has knowledge about CNAN's advance of $5 million to RHN, Inc. ("Advance") and about the damages CNAN has sustained in this case. Similarly, he has knowledge about the fact that the advance has not been repaid from Mr. Hooman Nissani ("Nissani") and Nissani Brothers Nissan, Nissani Brothers Hyundai, Nissani Brothers Jeep Chrysler Dodge, Nissani Brothers Chevrolet, and Nissani Brothers Acura (collectively "Dealers") under the Dealership Override Agreement with Advance Payment ("Override Agreement"), the Shortfall Fees still owed by Nissani and the Dealers under the Override Agreement.

11
12
13
14
15
16
17

Mr. Becker is also aware that Nissani and the Dealers wanted to change the terms of the Override Agreement long after receiving the Advance and that CNAN would not do so unless Nissani and the Dealers got caught up on their required payments under the Override Agreement and paid for all vehicle service contracts ("VSCs") which Nissani and the Dealers had reported as sold to consumers. He is also aware of numerous written communications with Nissani and the Dealers pertaining to the terms of the Override Agreement and their breaches of the Override Agreement.

18
19
20
21
22

j.     Keith Mahoney
       Former Chief Development Officer
       CNA National Warranty Corporation
       c/o Tiffany & Bosco
       Seventh Floor Camelback Esplanade II
       2525 E Camelback Road
       Phoenix, Arizona 85016
       Phone: (602) 255-6000

23
24
25
26
27

Mr. Mahoney has knowledge about the negotiations between the parties resulting in the Override Agreement. He also has knowledge about communications to Nissani, the Dealers, and the Doxsee Foster agents pertaining to how the Override Agreement accounting would work and thereafter about overdue amounts owed by Nissani and the Dealers.

28

k.     Jacob Ochoa, Former: Senior Reinsurance Analyst

Current: Compliance Supervisor
CNA National Warranty Corporation
c/o Tiffany & Bosco
Seventh Floor Camelback Esplanade II
2525 E Camelback Road
Phoenix, Arizona 85016
Phone: (602) 255-6000

Mr. Ochoa has knowledge about the cession statements for Hailey Reinsurance Co., LTD ("Hailey Reinsurance") and about the correspondence from CNAN to Hailey Reinsurance about the cession statements. He also has knowledge about Hailey Reinsurance's trust account with BOKF.

l.     Sharon "Lil" Berry
       Former: Director of Accounting Operations and Reinsurance
       Director of Accounting Operations
       CNA National Warranty Corporation
       c/o Tiffany & Bosco
       Seventh Floor Camelback Esplanade II
       2525 E Camelback Road
       Phoenix, Arizona 85016
       Phone: (602) 255-6000

Ms. Berry has knowledge about the communications between CNAN and Nissani and the Doxsee Foster agents about the formation of the CFC Hailey Reinsurance (and Nissani's prior indication that other reinsurance companies would be formed), about CNAN's multiple attempts to speed the process, and about CNAN's assistance to Nissani to form Hailey Reinsurance. Ms. Berry has knowledge about when the trust account for Hailey Reinsurance was opened, when cessions under the reinsurance agreement began, and about cover letters for cession statements. She may have other relevant information about the reinsurance contract with Hailey Reinsurance.

m.    Keylee O'Shaughnessy
      Senior Reinsurance Administrator
      CNA National Warranty Corporation
      c/o Tiffany & Bosco
      Seventh Floor Camelback Esplanade II
      2525 E Camelback Road
      Phoenix, Arizona 85016
      Phone: (602) 255-6000

Ms. O'Shaughnessy has knowledge about the communications between CNAN and Nissani and the Doxsee Foster agents about the formation of the CFC Hailey Reinsurance (and Nissani's prior indication that other reinsurance companies would be formed), about CNAN's multiple attempts to speed the process, and about CNAN's assistance to Nissani to form Hailey Reinsurance.

n.      William "Billy" Mauterer
        Reinsurance Manager
        CNA National Warranty Corporation
        c/o Tiffany & Bosco
        Seventh Floor Camelback Esplanade II
        2525 E Camelback Road
        Phoenix, Arizona 85016
        Phone:  (602) 255-6000

Mr. Mauterer has knowledge about when the trust account for Hailey Reinsurance was opened, when cessions under the reinsurance agreement began, and about cover letters for cession statements. He may have other relevant information about the reinsurance contract with Hailey Reinsurance.

o.      John Flanagan
        CNA National Warranty Corporation
        c/o Tiffany & Bosco
        Seventh Floor Camelback Esplanade II
        2525 E Camelback Road
        Phoenix, Arizona 85016
        Phone:  (602) 255-6000

Mr. Flanagan met with Hooman Nissani and Doxsee Foster agents and others and discussed CNAN's program that resulted in Override Agreement.  He also discussed with Hooman Nissani and the agents, in person and in writing, features and terms of the Override Agreement both before and after the parties executed same.

p.      Jackie Carlson
        Operations Manager
        CNA National Warranty Corporation
        c/o Tiffany & Bosco
        Seventh Floor Camelback Esplanade II
        2525 E Camelback Road
        Phoenix, Arizona 85016
        Phone:  (602) 255-6000

Mr. Carlson has knowledge about consumer inquiries made regarding consumer refund requests, including both delays by Nissani to pay consumer refunds, and information from consumers that the consumer had not requested a void or cancellation. Mr. Carlson has knowledge about Nissanis' delays to report and pay for contracts sold, and the actions CNAN took to mitigate unrefunded amounts. He also has knowledge and information about the unusual void activity associated with the Nissani dealerships.

q.    Leslie Guempel
      CNA National Warranty Corporation
      c/o Tiffany & Bosco
      Seventh Floor Camelback Esplanade II
      2525 E Camelback Road
      Phoenix, Arizona 85016
      Phone:  (602) 255-6000

Leslie Guempel has knowledge about the documentation requested and received by CNAN pursuant to the Nissani request for an advance, the negotiations between the parties resulting in the Override Agreement and Nissani's and the Dealers' breaches of the Override Agreement. She also has knowledge about communications to Nissani, the Dealers, and the Doxsee Foster agents pertaining to how the Override Agreement accounting would work and thereafter about overdue amounts owed by Nissani and the Dealers.

r.    Dino DeAngeles
      CNA National Warranty Corporation
      c/o Tiffany & Bosco
      Seventh Floor Camelback Esplanade II
      2525 E Camelback Road
      Phoenix, Arizona 85016
      Phone:  (602) 255-6000

Mr. DeAngeles has knowledge about the negotiations between the parties resulting in the Override Agreement. He also has knowledge about communications to Nissani, the Dealers, and the Doxsee Foster agents pertaining to how the Override Agreement accounting would work.

s.    Patrick Halladay
      Former: Senior Manager, Strategic Initiatives
      Current: Director, Program Delivery

1
2
3

CNA National Warranty Corporation
c/o Tiffany & Bosco
Seventh Floor Camelback Esplanade II
2525 E Camelback Road
Phoenix, Arizona 85016
Phone:  (602) 255-6000

4
5
6
7

Mr. Halladay has knowledge about CNAN's efforts to collect amounts owed from RHN, the Dealers, and Nissani and about CNAN's intended action plan to recover amounts owed from same.

8
9
10

      t.     Hooman Nissani
           c/o Glaser Weil Fink Howard Avchen & Shapiro LLP
           10250 Constellation Blvd., 19th floor
           Los Angeles, CA 90067
           Phone:  (310) 553-3000

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mr. Hooman Nissani is the individual with whom representatives of CNAN and the Doxsee Foster agents discussed and negotiated the terms of the Override Agreement and the reinsurance program. Mr. Nissani therefore has knowledge about the terms of the Override Agreement and the reinsurance program. He also has knowledge about the personal financial information he provided to CNAN as a condition precedent for obtaining the five million-dollar advance which CNAN provided under the Override Agreement. He also signed a personal guaranty, thereby guaranteeing the performance of the Dealers listed in the override agreement. He therefore has knowledge about the personal guaranty. He was also present at the "kickoff" meeting that occurred resulting in the Dealers' ability to sell the CNAN products. He also has knowledge about the Dealers' sales of VSCs, tire and wheel service contracts and GAP waivers. He also has knowledge about his requests for CNAN to modify the terms of the Override Agreement. He is also the author and recipient of much correspondence between himself, the dealers and multiple representatives of CNAN. Mr. Nissani also has information about RHN's receipt of the five million-dollar Advance, the use of the Advance, and the payments made to CNAN under the Override

Agreement. Mr. Nissani also has information about Haley Reinsurance, the reinsurance agreement, and the reinsurance bank account.

u.    Melody Nissani
      c/o Glaser Weil Fink Howard Avchen & Shapiro LLP
      10250 Constellation Blvd., 19th floor
      Los Angeles, CA 90067
      Phone:  (310) 553-3000

It is unknown what information Ms. Nissani may have pertinent to this case.

v.    Rayan Nissani
      c/o Glaser Weil Fink Howard Avchen & Shapiro LLP
      10250 Constellation Blvd., 19th floor
      Los Angeles, CA 90067
      Phone:  (310) 553-3000

Mr. Rayan Nissani received and signed the Override Agreement. It is unknown what other relevant information he may have.

w.    Carlos Bolivar
      Doxsee Foster & Associates
      600 Hampshire Rd.
      Westlake Village, California 91361
      Phone:  (800) 936-7837

Mr. Bolivar is an agent with Doxsee Foster & Associates, an insurance brokerage that did and still does business with Nissani and the Dealers.  Mr. Bolivar met Nissani when Mr. Bolivar worked at Zürich prior to working with Doxsee Foster.  Nissani and the Dealers had received an advance from Zürich. He recalls Nissani said he'd had "issues with the reinsurance company" set up through Zürich because, allegedly, certain fees were not disclosed. The advance from Zürich was repaid to Zürich in large part by the Advance supplied by CNAN. Mr. Bolivar believes that CNAN, and particularly Jay Sharpnack, described accurately to Nissani and the Dealers how the Advance and the Override Agreement with CNAN would work and was very honest about any and all fees.

Mr. Bolivar recalls that Nissani wanted to use his prior reinsurance company and bank with CNAN's reinsurance program. He has knowledge that CNAN informed Mr. Nissani that CNAN would consider the company and banks Mr. Nissani wanted to use but

the bank and company would have to qualify and go through an approval process. Mr. Bolivar has knowledge that ultimately, CNAN could not approve the reinsurance company Nissani wanted to use because it was a Seychelles corporation without necessary safeguards and that CNAN could not use the Nissani's chosen banks. Mr. Bolivar recalls that Nissani took a very long time to complete the CFC (controlled foreign corporation) reinsurance company paperwork. He also recalls CNAN telling Nissani that CNAN was not willing to change the identity of the bank holding the reinsurance funds in trust while the Dealers and Nissani were behind in their payments under the Override Agreement.

Mr. Bolivar also has knowledge about CNAN's repeated attempts to get Nissani and the Dealers to catch up on payments due under the Override Agreement and Nissani's and the Dealers' failures to do so.

Mr. Bolivar was present during the "kickoff" or "launch" of the CNAN programs at the Dealer's dealerships in early 2018. Despite the fact that the Override Agreement had been executed long before and the Advance been made by CNAN, Nissani complained that the agreement required him to sell GAP waivers and tire and wheel service contacts. He complained that none of the proceeds from the sales of those products were being used to pay back the Advance and he did not like the fact that there were charges if the Dealers did not sell those products. He recalls Alan Miller and John Loughlin explaining to Nissani how the program worked and reiterating that the GAP waivers and the tire and wheel service contracts had to be sold just as Nissani and the Dealers had promised to do in the Override Agreement.

In later 2018, after Nissani continued to complain about the requirements that the dealers sell the GAP and tire and wheel products, and had been complaining that the Dealers were not able to sell as many vehicles as the parties had expected, Mr. Bolivar remembers CNAN indicated that it could *explore* amendments to the Override Agreement but that

CNAN was clear that Mr. Nissani and the Dealers would need to bring their required payments under the Override Agreement current first.

Mr. Bolivar has knowledge that during the entire time that Nissani, the Dealers, and CNAN were operating under the Override Agreement, the Dealers were required to sell 390 VSCs per month, never per quarter. Mr. Bolivar has knowledge Nissani and the Dealers were consistently late and short with their payments to CNAN as they were previously with Zürich. He also recalls that CNAN made some attempts to obtain from Nissani the "wet signatures" on the Override Agreement and Personal Guaranty but Nissani always had some reason or excuse why he was not providing it such as it was "filed at [his] residence" or he would "get it to [CNAN]."

Mr. Bolivar also has knowledge that there were never any amendments, strikethroughs, or alterations of the Override Agreement accepted by CNAN.

x.    John DeJohn
      Doxsee Foster & Associates
      600 Hampshire Road
      Westlake Village, California 91361
      Phone:  (800) 936-7837

Mr. DeJohn may have knowledge about the negotiations leading up to the Override Agreement and the Personal Guaranty and about communications between the parties, including about Nissani's and the Dealer's obligations under, and breaches of, the Override Agreement.

y.    Randy Foster
      Doxsee Foster & Associates
      600 Hampshire Rd.
      Westlake Village, California 91361
      Phone:  (800) 936-7837

Mr. Foster may have knowledge about the negotiations between the parties leading to the Override Agreement, Nissani's and the Dealers' breaches of the Override Agreement,

Case 2:19-cv-02960-GMS   Document 117-1   Filed 09/21/20   Page 62 of 334

Nissani's desire to amend the Override Agreement, and whether or not the Override Agreement was ever actually amended.

    z.    Babak Sarraf
          c/o Glaser Weil Fink Howard Avchen & Shapiro LLP
          10250 Constellation Blvd., 19th floor
          Los Angeles, CA 90067
          Phone:  (310) 553-3000

    Mr. Sarraf signed the Override Agreement. It is unknown what other relevant information he might have.

    aa.   David Arnold
          Dir. Information Technology & Special Projects for Nissani Bros.
          Automotive Group
          Address unknown

    Mr. Arnold may have information about communications between Nissani and the Dealers and CNAN.

    bb.   Greg Petrowski
          GPW & Associates
          3101 N. Central Ave., Suite 400
          Phoenix, AZ 85012
          phone:  (602) 200-6900

    Mr. Petrowski may have information about Nissani's formation and knowledge of Hailey Reinsurance.

    cc.   Jeni Davis
          BOKF Institutional Account Manager
          7500 College Blvd., Suite 1450
          Overland Park, KS 66210

    Ms. Davis has knowledge about when the Hailey Reinsurance account was opened (January 2019). She may have knowledge that Nissani, as owner of Hailey Reinsurance, completed and signed paperwork (Account Set-up Form (Reinsurance)) indicating that all bank statements would be provided via electronic delivery and that Nissani committed to notifying KOKF, NA of any changes in his contact information. She may also have knowledge that Nissani had continuous access to, but never logged onto, his Portfolio

CNA Initial MIDP Responses- Page **16** of 33

Online account. She may also have other relevant knowledge about the reinsurance trust account.

> dd.   Janet Weer
>       GPW & Associates
>       3101 N. Central Ave., Suite 400
>       Phoenix, AZ 85012
>       phone: (602) 200-6900

Ms. Weer has knowledge about Nissani's formation and knowledge of Hailey Reinsurance.

> ee.   Heidi Hebert
>       Client Account Manager
>       BOK Financial (BOKF, NA)
>       7500 College Blvd., Suite 1450
>       Overland Park, KS 66210

Ms. Hebert has knowledge that Nissani, as owner of Hailey Reinsurance, completed and signed paperwork (Account Set-up Form (Reinsurance)) indicating that all bank statements would be provided via electronic delivery and that Nissani committed to notifying KOKF, NA of any changes in his contact information. She also has knowledge that Nissani had continuous access to, but never logged onto, his Portfolio Online account. She may also have other relevant knowledge about the reinsurance trust account.

**2.    The Names and, if Known, the Addresses and Telephone Numbers of All Persons Who CNAN Believes Have Given Written or Recorded Statements Relevant to Any Party's Claims or Defenses.**

Other than written Verifications, Affidavits, or Declarations produced in this litigation thus far and already exchanged by the parties, CNAN has recorded statements related to the 2 Attorney General complaints listed above. CNAN will produce the recorded statements in accordance with General Order 17-08(C)(2).

**3.    List of Documents, Electronically Stored Information ("ESI"), Tangible Things, Land, or Other Property Known by CNAN to Exist, Whether or Not in CNAN's Possession, Custody or Control, that it Believes May Be Relevant to Any Party's Claims or Defenses.**

| | **DOCUMENT DESCRIPTION** | **BATES** |
|---|---|---|
| 1 | Dealership Override Agreement with Advance Payment | CNA_PROD_000001-10 |
| 2 | Independent Representative Guaranty and Suretyship Agreement with Shortfall Fees | CNA_PROD_000011-14 |
| 3 | Amendment One to the Independent Representative Guaranty and Suretyship Agreement with Shortfall Fees | CNA_PROD_000015 |
| 4 | Personal Guaranty and Suretyship Agreement | CNA_PROD_000016-18 |
| 5 | Motor Vehicle Dealer Agreement for Administrative Services (Mechanical Breakdown and Tire and Wheel) | CNA_PROD_000019-22 |
| 6 | Dealer Agreement for Administrative Services (GAP Program) between CNAN and Nissani Brothers Nissani | CNA_PROD_000023-24 |
| 7 | Dealer Agreement for Administrative Services (GAP Program) between CNAN and Nissani Brothers Hyundai | CNA_PROD_000025-26 |
| 8 | Dealer Agreement for Administrative Services (GAP Program) between CNAN and Nissani Brothers Jeep Chrysler Dodge | CNA_PROD_000027-28 |
| 9 | Dealer Agreement for Administrative Services (GAP Program) between CNAN and Nissani Brothers Chevrolet | CNA_PROD_000029-30 |
| 10 | Dealer Agreement for Administrative Services (GAP Program) between CNAN and Nissani Brothers Acura | CNA_PROD_000031-32 |
| 11 | Supplement to the Agreement for Administrative Services between CNAN and Nissani Brothers Nissan | CNA_PROD_000033-35 |
| 12 | Supplement to the Agreement for Administrative Services between CNAN and Nissani Brothers Hyundai | CNA_PROD_000036-38 |
| 13 | Supplement to the Agreement for Administrative Services between CNAN and Nissani Brothers Jeep Chrysler Dodge | CNA_PROD_000039-41 |
| 14 | Supplement to the Agreement for Administrative Services between CNAN and Nissani Brothers Chevrolet | CNA_PROD_000042-44 |

| 15 | Supplement to the Agreement for Administrative Services between CNAN and Nissani Brothers Acura | CNA_PROD_000045-47 |
|----|------|------|
| 16 | E-Contracting Indemnity Agreement between CNAN and Nissani Brothers Nissan | CNA_PROD_000048-49 |
| 17 | E-Contracting Indemnity Agreement between CNAN and Nissani Brothers Hyundai | CNA_PROD_000050-51 |
| 18 | E-Contracting Indemnity Agreement between CNAN and Nissani Brothers Jeep Chrysler Dodge | CNA_PROD_000052-53 |
| 19 | E-Contracting Indemnity Agreement between CNAN and Nissani Brothers Chevrolet | CNA_PROD_000054-55 |
| 20 | E-Contracting Indemnity Agreement between CNAN and Nissani Brothers Acura | CNA_PROD_000056-57 |
| 21 | Reinsurance Agreement | CNA_PROD_000058-77 |
| 22 | Reinsurance Trust Agreement, Reinsurance Administration Agreement | CNA_PROD_000078-135 |
| 23 | Reinsurance Administration Agreement | CNA_PROD_000136-147 |
| 24 | January 2019 Hailey Reinsurance Cession Statement | CNA_PROD_000148 |
| 25 | February 2019 Hailey Reinsurance Cession Statement | CNA_PROD_000149 |
| 26 | March 2019 Hailey Reinsurance Cession Statement | CNA_PROD_000150 |
| 27 | April 2019 Hailey Reinsurance Cession Statement | CNA_PROD_000151 |
| 28 | May 2019 Hailey Reinsurance Cession Statement | CNA_PROD_000152 |
| 29 | June 2019 Hailey Reinsurance Cession Statement | CNA_PROD_000153 |
| 30 | May 2018 Hailey Reinsurance Cession Statement | CNA_PROD_000154 |
| 31 | June 2018 Hailey Reinsurance Cession Statement | CNA_PROD_000155 |
| 32 | July 2018 Hailey Reinsurance Cession Statement | CNA_PROD_000156 |
| 33 | August 2018 Hailey Reinsurance Cession Statement | CNA_PROD_000157 |
| 34 | September 2018 Hailey Reinsurance Cession Statement | CNA_PROD_000158 |
| 35 | October 2018 Hailey Reinsurance Cession Statement | CNA_PROD_000159 |
| 36 | November 2018 Hailey Reinsurance Cession Statement | CNA_PROD_000160 |

| 37 | December 2018 Hailey Reinsurance Cession Statement | CNA_PROD_000161 |
|---|---|---|
| 38 | January 2019 Hailey Reinsurance Cession Statement | CNA_PROD_000162 |
| 39 | January 9-31, 2019 Hailey Reinsurance Bank Statement | CNA_PROD_000163-171 |
| 40 | February 1-28, 2019 Hailey Reinsurance Bank Statement | CNA_PROD_000172-182 |
| 41 | March 1-31, 2019 Hailey Reinsurance Bank Statement | CNA_PROD_000183-193 |
| 42 | April 1-30, 2019 Hailey Reinsurance Bank Statement | CNA_PROD_000194-295 |
| 43 | May 1-31, 2019 Hailey Reinsurance Bank Statement | CNA_PROD_000296-396 |
| 44 | June 1-30, 2019 Hailey Reinsurance Bank Statement | CNA_PROD_000397-497 |
| 45 | 2014 Nissani Tax Return (redacted) | CNA_PROD_000498-521 |
| 46 | 2014 Babak Sarrazadeh Tax Return (redacted) | CNA_PROD_000522-699 |
| 47 | 2015 Nissani Tax Return (redacted) | CNA_PROD_000700-716 |
| 48 | 2015 Babak Sarrazadeh Tax Return (redacted) | CNA_PROD_000717-901 |
| 49 | 2016 Babak Sarrazadeh Tax Return (redacted) | CNA_PROD_000902-904 |
| 50 | 2016 NBA Automotive S Corporation Return (redacted) | CNA_PROD_000905-926 |
| 51 | 2016 H. Nissani Application for Automatic Extension of Time | CNA_PROD_000927 |
| 52 | May 2018 Advances Detail ITD Activity (RHN) | CNA_PROD_000928 |
| 53 | May 2018 Invoice (RHN) | CNA_PROD_000929 |
| 54 | May 2018 Memo (RHN) | CNA_PROD_000930 |
| 55 | May 2018 Dealer Override Commission Detail Report (RHN) | CNA_PROD_000931-950 |
| 56 | August-December 2018 CFC Cession Cover Letter | CNA_PROD_000951-957 |
| 57 | January-June 2019 CFC Cession Cover Letter | CNA_PROD_000958-963 |
| 58 | March 20, 2019 Notice of Termination of Dealership Override Agreement with Advance Payment | CNA_PROD_000964-965 |
| 59 | March 20, 2019 Notice of Termination of Dealer Agreement for Gap Administrative Services | CNA_PROD_000966-967 |

| 60 | March 20, 2019 Notice of Termination of Motor Vehicle Dealer Agreement for Administrative Services | CNA_PROD_000968-969 |
|---|---|---|
| 61 | March 21, 2019 delivery confirmations | CNA_PROD_000970-972 |
| 62 | March 22, 2019 Demand to B. Sarraf for Immediate Repayment of Dealership Override Agreement with Advance Payment (and delivery confirmation) | CNA_PROD_000973-974 |
| 63 | March 22, 2019 Demand to H. Nissani for Immediate Repayment of Dealership Override Agreement with Advance Payment (and delivery confirmation) | CNA_PROD_000975-976 |
| 64 | March 22, 2019 Demand to H. Nissani and Dealers for Immediate Repayment of Dealership Override Agreement with Advance Payment (and delivery confirmations) | CNA_PROD_000977-980 |
| 65 | March 22, 2019 Demand to R. Nissani for Immediate Repayment of Dealership Override Agreement with Advance Payment (and delivery confirmation) | CNA_PROD_000981-982 |
| 66 | R. Nissani Statement of Assets, Liabilities & Net Worth (as of March 15, 2017) | CNA_PROD_000983-984 |
| 67 | B. Sarraf Statement of Assets, Liabilities & Net Worth (as of June 30, 2017) | CNA_PROD_000985-987 |
| 68 | H. Nissani Statement of Assets, Liabilities & Net Worth (as of July 10, 2017) | CNA_PROD_000988-990 |
| 69 | BOK Financial December 20, 2018 Client Information Form for Hailey Reinsurance Company LTD Trust | CNA_PROD_000991-998 |
| 70 | Details of Contracts "In-Force" Excel Spreadsheet | CNA_PROD_000999-1016 |
| 71 | Details of "Pending" Contracts Excel Spreadsheet | CNA_PROD_001017-1027 |
| 72 | Details of "Void" Contracts Excel Spreadsheet | CNA_PROD_001028-1038 |
| 73 | Hailey Reinsurance Formation Worksheet | CNA_PROD_001039-1046 |
| 74 | November 1-26, 2017 Nissani Bros Acura Sales Report | CNA_PROD_001047-1049 |
| 75 | November 1-26, 2017 Nissani Bros Chrysler Dodge Jeep Ram Sales Report | CNA_PROD_001050-1052 |

| 76 | November 1-26, 2017 Nissani Bros Chevrolet Sales Report | CNA_PROD_001053-1055 |
| 77 | November 1-26, 2017 Nissani Bros Hyundai Sales Report | CNA_PROD_001056-1058 |
| 78 | November 1-26, 2017 RHN Sales Report | CNA_PROD_001059-1061 |
| 79 | April 1, 2015 NBA Automotive, Inc. Articles of Incorporation of a General Stock Corporation | CNA_PROD_001062 |
| 80 | November 19, 2014 R&H Automotive Group, Inc. Articles of Incorporation of a General Stock Corporation | CNA_PROD_001063 |
| 81 | December 14, 2015 RHC Automotive, Inc. Articles of Incorporation of a General Stock Corporation | CNA_PROD_001064 |
| 82 | October 17, 2016 RHH Automotive, Inc. Articles of Incorporation of a General Stock Corporation | CNA_PROD_001065 |
| 83 | January 3, 2017 RHN, Inc. Articles of Incorporation of a General Stock Corporation | CNA_PROD_001066-1067 |
| 84 | January-August 2017 Nissani Bros Chrysler Dodge Dealer Financial Statement (with Nissani Bros CDJR July 2017 Net Profit Coversheet) | CNA_PROD_001068-1075 |
| 85 | January-August 2017 Nissani Bros Nissan (with Nissani Bros Chevrolet July/August 2017 Net Profit Coversheet) | CNA_PROD_001076-1083 |
| 86 | *Draft* Nissani Brothers Dealership Group Amended Advance Agreement | CNA_PROD_001084-1095 |
| 87 | January 11, 2019 Reduction Notice/Withdrawal Notice to U.S. National Bank Association | CNA_PROD_001096-1097 |
| 88 | ESI produced pursuant to the parties ESI Plan | To be produced in accordance with General Order 17-08(C)(2) |

4.    **Facts and Legal Theories Relevant to Claims or Defenses.**

    a.    **Factual Background Relevant to CNAN's Legal Theories or Claims Against RHN, Incorporated, RHH Automotive, Inc., RHC Automotive, Inc., NBA Automotive, Inc., R&H Automotive Group, Inc., Hooman Nissani, and Melody Nissani.**

Effective January 1, 2018, the parties entered into the Override Agreement.   The Override Agreement provides that, upon the parties' execution of the Override Agreement

1    and Hooman Nissani's execution of a Personal Guaranty and Suretyship Agreement

2    ("Personal Guaranty"), CNAN would advance funds to RHN, Inc. on behalf of the Dealers

3    in the amount of $5,000,000.   Nissani executed the Personal Guaranty and Override

4    Agreement on or around December 29, 2017.   Following the execution of the Personal

5    Guaranty and Override Agreement, CNAN provided the $5,000,000 Advance to RHN, Inc.

6    in early January 2018.

7           The Override Agreement establishes the method and timing by which the Dealers

8    and Nissani were required to repay the Advance to CNAN.   Specifically, the Override

9    Agreement provides that the Dealers were required to sell, per month, 390 vehicle service

10   contracts administered by CNAN ("VSCs"), 157 tire and wheel service contracts

11   administered by CNAN, and 250 GAP waivers administered by CNAN.  The Dealers agreed

12   to pay shortfall fees ("Shortfall Fees") if they did not sell the requisite number of VSCs, tire

13   and wheel service contracts, and GAP waivers.  The Dealers agreed to actively participate

14   in the CNAN programs and not to terminate any of the administration agreements for the

15   VSCs, tire and wheel service contracts, and GAP waivers for at least 48 months, or longer

16   if the Advance was not fully repaid within 48 months.

17          The Dealers' obligation to sell the minimum number of VSCs identified above was

18   expressly designed, and contracted for, to ensure that Dealers would repay the Advance

19   within the contemplated term.   Specifically, in order to repay the Advance over 48 months,

20   Dealers were required to pay CNAN $267 for every VSC sold and Dealers were required to

21   remit to CNAN no less than $104,167.00 per month from the sale of the VSCs.   Indeed,

22   Nissani expressly agreed to cause the Dealers to perform under the Override Agreement,

23   including to sell the required number of VSCs, tire and wheel service contracts, and GAP

24   waivers, fully repay the Advance, and pay Shortfall Fees.

25          Under the Override Agreement, if Nissani and the Dealers materially breached the

26   terms of the Override Agreement, including by failing to repay the Advance through

27   monthly payments of at least $104,167.00 per month and by failing to actively participate

28   in CNAN programs and sell the requisite number of contracts, CNAN could, with 30 days'

1   written notice, declare any and all outstanding funds owed to CNAN immediately due and
2   payable from Nissani and the Dealers.

3        In July, 2018, Nissani and the Dealers began to fail to sell the requisite number of
4   VSCs, tire and wheel service contracts, and GAP waivers administered by CNAN and
5   thereafter fell behind in making their required minimum monthly payments for repayment
6   of the Advance.  Nissani's and the Dealers' failures to sell and remit payment to CNAN for
7   the requisite number of CNAN contracts continued, with zero payment for contracts in
8   October, 2018.

9        Though the Override Agreement required the Dealers to immediately pay CNAN the
10  difference between the minimum monthly payment of $104,167.00 and the amount applied
11  toward repayment of the Advance by virtue of sales of VSCs in any month in which the
12  amount applied was less than the required minimum payment, the Dealers never did so.  Not
13  only did the Dealers' deficit in the cumulative amount they owed for repayment of the
14  Advance increase over time, but Dealers also drastically diminished their participation in
15  CNAN programs in late 2018.

16       Despite the assessment and accumulation of Shortfall Fees, the growing deficit
17  toward repayment of the Advance, and multiple communications between CNAN and
18  Nissani and the Dealers, Nissani and the Dealers did not cure their material breaches of the
19  Override Agreement.  Therefore, on February 8, 2019, CNAN provided Nissani and the
20  Dealers 30 days' written notice of material breach.  On March 20, 2019, when Nissani and
21  the Dealers failed to respond to, let alone cure, their material breach, CNAN declared due
22  and immediately payable the entire outstanding amounts owed under the Override
23  Agreement.  As of the end of May 2019, Nissani and the Dealers owed CNAN $6,046,092
24  under the Override Agreement (which sum includes credits for offsets retained by CNAN).
25  Supplemental updated calculations will be provided during this litigation.

26       To induce CNAN to enter into the Override Agreement and secure CNAN's advance
27  of $5,000,000, Nissani agreed to sign a personal guaranty and represented, verbally and in
28  writing, that he had significant assets, including multiple real properties located in Los

Angeles County, California.  On October 20, 2017, Nissani sent to CNAN a written financial statement entitled "HOOMAN MICHAEL NISSANI Statement of Assets, Liabilities, & Net Worth As Of 07/10/17" ("Hooman Nissani Financial Statement").  The Hooman Nissani Financial Statement shows Hooman Nissani as the 100% owner of eight separate parcels of real estate, and a partial owner of eleven additional parcels of real estate, as well as the 100% owner of $3,075,000.00 of "Cash in Bank & Escrow."  The Hooman Nissani Financial Statement shows substantial equity in all but one of the parcels of real property listed in it as fully or partially owned by Hooman Nissani.  CNAN relied upon the representations made by Nissani and contained in the Hooman Nissani Financial Statement in advancing the $5,000,000 to Defendants.

Shortly before CNAN filed its Verified Complaint, CNAN learned that the representations made by Nissani and contained in the Hooman Nissani Financial Statement were false. For example, contrary to his representations, Nissani does not own the California real property listed in the Hooman Nissani Financial Statement with the exception of a heavily-encumbered real property residence on Cielo Drive in Beverly Hills.  Additionally, Nissani's representation in October 2017 in the Hooman Nissani Financial Statement that the Cielo Drive property was encumbered with a mortgage of only $1.78 million was false as the encumbrances on that property were at that time far greater.

      **b.**      **Legal Theories, Claims or Defenses Asserted by CNAN Against RHN, Incorporated, RHH Automotive, Inc., RHC Automotive, Inc., NBA Automotive, Inc., R&H Automotive Group, Inc., Hooman Nissani, and Melody Nissani.**

      **i.**      **Breach of Contract (Override Agreement)**

A valid and enforceable contract exists where there is "an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *Savoca Masonry Co., Inc. v. Homes & Sons Const. Co., Inc*., 112 Ariz. 392, 394 (1975).  "Under Arizona law, a material breach occurs when (1) a party fails to perform a substantial part of the contract or one or more of its essential terms or conditions or (2)

fails to do something required by the contract which is so important to the contract that the breach defeats the very purpose of the contract." *Dialog4 Sys. Eng'g GmbH v. Cir. Research Labs, Inc.*, 622 F. Supp. 2d 814, 822 (D. Ariz. 2009) (internal citations omitted); *see also* RAJI (Civil) 5th Contract 9 (Failure of Consideration (Material Breach); Restatement (Second) of Contracts § 417 (citing circumstances to determine whether a material breach has occurred).

The Override Agreement is a valid, enforceable contract by and between CNAN, Nissani and the Dealers.  As set forth above, Nissani and the Dealers have breached their obligations to CNAN as set forth in the Override Agreement.  CNAN has been damaged by Nissani's and the Dealers' breaches.  Nissani and the Dealers are liable to CNAN for all of the damages suffered by CNAN as a consequence of their breaches.

### ii.    Breach of Contract (Personal Guaranty)

The foregoing breach of contract law applies to Nissani's breach of the Personal Guaranty.  The Personal Guaranty is a valid, enforceable contract by and between CNAN and Nissani.  Nissani has breached his obligations to CNAN as set forth in the Personal Guaranty by, *inter alia*, failing to cause the Dealers to comply with their obligations under the Override Agreement and failing to pay the outstanding balance of the Advance and Shortfall Fees.  CNAN has been damaged by Nissani's breaches.  Nissani is liable to CNAN for all of the damages suffered by CNAN as a consequence of Nissani's breaches.

### iii.    Breach of the Covenant of Good Faith and Fair Dealing

In Arizona, a covenant of good faith and fair dealing is implied in every contract. *Rawlings v. Apodaca,* 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986).  The implied covenant exists to ensure that "neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship."  *Id.*  A breach of the implied covenant of good faith and fair dealing includes (1) the existence of a contract, and (2) the exercise of express discretion in a way inconsistent with the other party's reasonable expectations or actions taken in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the

bargain." *Sun City Pet Mkt. LLC v. Honest Kitchen Inc.*, CV-17-00121-PHX-DGC, 2017 WL 2255400, at *5 (D. Ariz. May 23, 2017) (alterations in original) (quoting *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 424, 46 P.3d 431, 435 (Ct. App. 2002)).  "A party may breach the implied covenant even in the absence of a breach of an express provision of the contract by denying the other party the reasonably expected benefits of the agreement." *Nolan v. Starlight Pines Homeowners Ass'n,* 216 Ariz. 482, 489, ¶ 27 (App. 2007).

The Override Agreement and Personal Guaranty are binding contracts.  Nissani and the Dealers breached the implied covenant of good faith and fair dealing by failing to even attempt to comply with their obligations under the Override Agreement and Personal Guaranty, by withholding their performance in order to try to force amendments to the Override Agreement and by depriving CNAN of the benefits of those agreements. CNAN has been damaged by the breaches.  Nissani and Dealers are liable to CNAN for all of the damages suffered by CNAN as a consequence of their breaches.

### iv.      Intentional Misrepresentation

The elements of intentional misrepresentation are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on it; (9) the hearer's consequent and proximate injury. *Frazer v. Millennium Bank, N.A.*, 2010 WL 4579799, at *3 (D.Ariz. Oct. 29, 2010) (*citing Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 229 P.3d 1031, 1033–1034 (Az.Ct.App.2010).

In late 2017, including on October 20, 2017 in the Hooman Nissani Financial Statement, which was provided in response to CNAN's request for information about Nissani's personal assets and financial condition, Nissani made false and material misrepresentations about the properties he personally owned, the encumbrances on the single California property he actually owned, and his personal financial condition and resources.  When making these misrepresentations, Nissani knew they were false or was ignorant of the truth of the misrepresentations.  Nissani intended for CNAN to rely on his

1   misrepresentations by providing RHN, Incorporated with the Advance.   CNAN was

2   ignorant of the falsity of Nissani's misrepresentations and relied upon the truth of Nissani's

3   misrepresentations by providing the Advance.  CNAN had the right to rely upon the truth

4   of the misrepresentations.  As a result of relying upon the truth of Nissani's

5   misrepresentations, CNAN was damaged. Since Nissani acted with reckless and wanton

6   disregard of CNAN's rights, CNAN is entitled to punitive damages against Nissani for his

7   misrepresentations.

8                          **v.        Negligent Misrepresentation**

9          The elements of negligent misrepresentation are: (1) the defendant provided false

10   information in a business transaction; (2) the defendant intended for the plaintiff to rely on

11   the incorrect information or knew that it reasonably would rely; (3) the defendant failed to

12   exercise reasonable care in obtaining or communicating the information; (4) the plaintiff

13   justifiably relied on the incorrect information; and (5) resulting damage.  *Mur–Ray Mgmt.*

14   *Corp. v. Founders Title Co.*, 169 Ariz. 417, 422–24 (App. 1991).

15          In the course of his business, profession or employment, and in connection with a

16   transaction in which he had a pecuniary interest, Nissani supplied false information for the

17   guidance of CNAN in its business transactions.  Nissani failed to exercise reasonable care

18   or competence in obtaining or communicating to CNAN information pertaining to his

19   property ownership, personal finances, resources and financial condition.  Nissani knew the

20   Hooman Nissani Financial Statement would be supplied to CNAN and intended it to

21   influence CNAN's decision about whether or not to provide RHN, Incorporated the

22   Advance.  CNAN justifiably relied upon the false personal financial information supplied

23   by Nissani.   CNAN was damaged as a result of its reliance upon the false financial

24   information about Nissani.  Nissani is liable to CNAN for all of the damages suffered by

25   CNAN as a consequence of Nissani's breaches.  Since Nissani acted with reckless and

26   wanton disregard of CNAN's rights, CNAN is entitled to punitive damages against Nissani

27   for his misrepresentations.

28          **c.      CNAN's Defenses to RHN's Remaining Theories of Claims Against
            CNAN**

---

### i.     **Breach of Contract**

To succeed in a breach of contract claim, RHN must demonstrate that an enforceable contract exists, that it was breached, and that RHN suffered damages.  *Graham v. Asbury*, 540 P.2d 656, 657 (1975).   An enforceable contract requires an offer, acceptance, consideration, and sufficiently specific terms so that the obligation[s] created by the contract can be determined.  *See* RAJI (Civil) CI 3 (5th ed.); *See also Rogus v. Lords*, 804 P.2d 133, 135 (Ct. App. 1991).  "The requirement of certainty is relevant to the ultimate element of contract formation, i.e., whether the parties manifested assent or intent to be bound."  *Id*.

According to RHN's Response to CNA National Warranty Corporation's Motion to Dismiss [Doc. 17], RHN's breach of contract claim arises from the parties' "profit sharing agreement".  [*See also* Court's September 12, 2019 Order (Doc. 25, 4:9-10) ("Claims One, Three and Four of RHN's Complaint ("Complaint") allege violations of the alleged Profit-Sharing Agreement.").  RHN alleges that CNAN breached this "profit sharing agreement" by (1) depositing the proceeds of the VSC sales into an account bearing a lower ROI, (2) keeping all of the proceeds "for themselves", and (3) failing to provide an accounting to RHN.

As discussed above, the Dealers identified in the Override Agreement agreed to sell a variety of CNAN's products.  A variety of agreements were executed by a variety of parties in connection with the Dealers' agreement to sell CNAN's products and CNAN's agreement to advance $5,000,000.   Relevantly, on July 20, 2018, Hailey Reinsurance Company, Ltd., whose managing member is Nissani, *not* Plaintiff, entered into:

1.     The Reinsurance Trust Agreement with North Rock Insurance Company Limited and BOKF, N.A., dba Bank of Oklahoma;

2.     The Reinsurance Agreement with North Rock Insurance Company Limited and CNAN; and

3.     The Reinsurance Administration Agreement with CNAN.

All three written contracts were signed by Nissani on behalf of Hailey Reinsurance Company, Ltd., not RHN, Inc.  Importantly, these agreements, and only these agreements, controlled how certain proceeds from the sale of CNAN's products would be held.  Because

RHN, Inc. is not a party of any of these agreements, RHN does not have standing to assert any claim arising from these agreements against CNAN or any of its affiliates.  Indeed, Article 19 of the Reinsurance Agreement expressly provides that:

> ARTICLE 19 - NO THIRD PARTY BENEFICIARIES
>
> Except as specifically and expressly provided for in this Agreement, the provisions of this Agreement are intended solely for the benefit of the parties to and executing this Agreement, and nothing in this Agreement shall in any manner create, or be construed to create, any obligations to or establish any rights against any party to this Agreement in favor of any third parties or other persons not parties to and executing this Agreement.

Furthermore, neither CNAN nor any affiliated entity breached any of the provisions of the Reinsurance Agreement or the Reinsurance Administration Agreement.  CNAN performed its duties and obligations as identified in the Reinsurance Agreement and Reinsurance Administration Agreement by depositing the salient proceeds in the Reinsurance Trust Account designated by Hailey Reinsurance Company and Nissani, remitting the appropriate proceeds to the salient parties, and remitting the appropriate reports to the salient parties.  As a result, RHN will be unable to meet its burden to prove breach of contract.  Moreover, the status, balance, and details of the funds held and disbursed by Bank of Oklahoma have been accessible to Nissani at all times electronically, which is how he chose to access this information (and still are).

Additionally, to the extent that RHN's claim is based upon CNAN's withholding of funds other than those subject to the three contracts related to the reinsurance relationship set forth above, there was no "profit sharing" agreement and the Override Agreement expressly requires $267 per VSC to be assigned and sent to CNAN to repay the Advance. See sections III (A) and IV (A) of Override Agreement. The Override Agreement also expressly permits CNAN to "recover the Advanced Amount and Shortfall Fees via retention of any other funds due to Dealers, Hooman Nissani or any of related affiliates or subsidiaries from CNA National or any of its affiliates or subsidiaries." See section VIII (B) of Override Agreement. Nissani and the dealers also granted CNAN a security interest in, among other things "any profit-sharing accounts, however held." See section VII of Override Agreement.

1        **ii.        Breach of the Covenant of Good Faith and Fair Dealing**

2        According to RHN's Response to CNA National Warranty Corporation's Motion to

3    Dismiss [Doc. 17], RHN's breach of the covenant of good faith and fair dealing claim arises

4    from the parties "profit sharing agreement". [*See also* Court's September 12, 2019 Order

5    (Doc. 25, 4:9-10) ("Claims One, Three and Four of RHN's Complaint ("Complaint") allege

6    violations of the alleged Profit-Sharing Agreement."). RHN alleges that CNAN breached

7    the covenant of good faith and fair dealing by unfairly interfering with RHN's right to

8    receive the benefit of an unidentified contract. [Doc. 1-3, ¶ 44].

9        As discussed above, RHN did not have any profit sharing agreements with CNAN.

10   The only agreements that controlled how the proceeds from the sale of CNAN's products,

11   less the Override Amount, would be held involved Hailey Reinsurance Company, *not* RHN.

12   Furthermore, CNAN did not breach the duties and obligations identified in the Reinsurance

13   Agreement and Reinsurance Administration Agreement and because CNAN deposited the

14   salient proceeds in the Reinsurance Trust Account designated by Hailey Reinsurance

15   Company and Nissani, distributed the appropriate proceeds to the salient parties at the

16   appropriate times, and remitted the appropriate reports to the salient parties. Because of the

17   foregoing, RHN will be unable to meet its burden to prove that CNAN breached the

18   covenant of good faith and fair dealing.

19       **iii.        Unjust Enrichment**

20       In order to establish a claim for unjust enrichment, RHN must show that (1) RHN

21   conferred a benefit upon CNAN, (2) CNAN benefited at RHN's expense, and (3) it would

22   be unjust to allow CNAN to keep the benefit. *Arnold & Associates, Inc. v. Misys Healthcare*

23   *Sys., a div. of Misys, PLC*, 275 F. Supp. 2d 1013, 1025 (D. Ariz. 2003). "Unjust enrichment

24   occurs when one party has and retains money or benefits that in justice and equity belong

25   to another." *Trustmark Ins. Co. v. Bank One*, *Ariz.*, 202 Ariz. 535, 541, 48 P.3d 485, 491

26   (Ct. App. 2002). In this case, RHN alleges that CNAN has been enriched at RHN's expense

27   by withholding "profits and proceeds" due to RHN pursuant to a "profit sharing agreement".

28   RHN will be unable to demonstrate that CNAN was unjustly enriched because, as identified

above, CNAN provided the $5 million Advance which has not been repaid and the only agreements about how potential profits would be held were with Hailey Insurance Company, *not* RHN.   Therefore, RHN will be unable to demonstrate that it conferred a benefit upon CNAN, that CNAN benefitted at RHN's expense, and that the only "just" outcome is for the proceeds in question to be paid to RHN.

**5.**     **CNAN's Computation of Each Category of Damages  and a Description of the Documents or Other Evidentiary Material on Which it is Based, Including Materials on the Nature and Extent of the Injuries Suffered.**

CNAN provided its calculations of damages through May 2019 at the July 2019 hearing before the Honorable Douglas L. Rayes (and provided Nissani's and the Dealers' counsel with copies of the worksheets containing those calculations). The calculations will be updated during this litigation. CNAN will produce the ESI pertaining to the information underlying its damages calculations in accordance with General Order 17-08(C)(2).

**6.**     **Identification and Description of Any Insurance or Other Agreement Under Which an Insurance Business or Other Person or Entity Be Liable to Satisfy All or Part of a Possible Judgment in the Action or to Indemnify or Reimburse a Party For Payments Made By the Party to Satisfy the Judgment.**

None.

DATED this 4th day of November, 2019.

**TIFFANY & BOSCO, P.A**.

By: */s/ Gayathiri Shanmuganatha*
       Tina M. Ezzell
       Gayathiri Shanmuganatha
       Jessica I. Brown
       2525 E. Camelback Road, Suite 700
       Phoenix, Arizona 85016-4237
       *Attorneys for Defendant/Counter-Claimant CNA*
       *National Warranty Corporation*

1

**CERTIFICATE OF SERVICE**:

2

3       I hereby certify that on November 4, 2019, I transmitted the foregoing ***CNA
National Warranty Corporation's Initial MIDP Responses*** via email transmission and
U.S. Mail postage paid to the following:

4

5   Corey B. Larson                          Kerry Garvis Wright
    Waterfall, Economidis, Caldwell,         B. Makoa Kawabata
6   Hanshaw                                  Glaser Weil Fink Howard Avchen &
    & Villamana, P.C.                        Shapiro LLP
7   5210 E. Williams Circle, Suite 800       10250 Constellation Boulevard, 19th Floor
    Tucson, AZ  85711                        Los Angeles, CA  90067
8   clarson@waterfallattorneys.com           kgarviswright@glaserweil.com
    *Attorneys for Plaintiff/ Counter-*      mkawabata@glaserweil.com
9   *Defendant and Defendants*               *Plaintiff/ Counter-Defendant and
                                             Defendants*

10

11
   By: */s/ Gayathiri Shanmuganatha*
12       Gayathiri Shanmuganatha

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-11

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Gaya Shanmuganatha |
| **Subject:** | Re: CNA"s Initial MIDP Responses |
| **Date:** | Monday, November 4, 2019 7:56:37 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image005.jpg |

Hi Gaya, would you be amenable to a week extension for RHN's production of docs? I'm going to upload the disclosure tonight.

Sent from my iPhone

REDACTED

# EXHIBIT A-12

**From:** Makoa Kawabata
**To:** Gaya Shanmuganatha
**Subject:** RE: CNA"s Initial MIDP Responses
**Date:** Monday, November 4, 2019 10:28:03 PM
**Attachments:** image001.jpg
image002.png
image003.jpg

Oh I just looked at the order again and saw that the ESI production is 40 days from the initial response, so I suppose you can disregard that last email.



**B. Makoa Kawabata | Associate Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613

E-Mail: mkawabata@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error  please notify the sender immediately by reply e-mail and then delete this message

REDACTED

# EXHIBIT A-13

**From:**        Makoa Kawabata
**To:**          Tina M. Ezzell; Gaya Shanmuganatha; Jessica I. Brown
**Cc:**          Kerry Garvis Wright
**Subject:**     RHN Parties" Initial Disclosures (MIDP)
**Date:**        Monday, November 4, 2019 11:50:20 PM
**Attachments:** 2019-11-04 Initial MIDP Responses - new caption.pdf

Counsel,

Please find the RHN Parties' initial disclosures attached hereto.

COREY B. LARSON
PCC#66111; SB#022549
clarson@waterfallattorneys.com
LAW OFFICES OF WATERFALL,
  ECONOMIDIS, CALDWELL
  HANSHAW & VILLAMANA, P.C.
Williams Center, Suite 800
5210 E. Williams Circle
Tucson, AZ 85711
Telephone:  (520) 790-5828

KERRY GARVIS WRIGHT - State Bar No. 206320 (Admitted *Pro Hac Vice*)
kgarviswright@glaserweil.com
MAKOA KAWABATA – State Bar No. 300450 (Admitted *Pro Hac Vice*)
mkawabata@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for RHN Inc.; RHH Automotive, Inc.; RHC Automotive,
Inc.; NBA Automotive, Inc.; R & H Automotive Group, Inc.;
Hooman Nissani; and Melody Nissani

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| RHN Incorporated,<br><br>        Plaintiff/Counter-Defendant,<br><br>v.<br><br>CNA National Warranty Corporation, et al.,<br><br>        Defendant/Counter-Claimant.<br><hr>CNA National Warranty Corporation<br><br>        Plaintiff,<br><br>v.<br><br>RHN Incorporated, et al.,<br><br>        Defendant. | No. CV-19-02960-PHX-GMS<br>**LEAD CASE**<br><br>No. CV-19-04516-PHX-GMS<br><br>Hon. G. Murray Snow<br><br>**RHN INCORPORATED; RHH AUTOMOTIVE, INC.; RHC AUTOMOTIVE, INC.; NBA AUTOMOTIVE, INC.; R & H AUTOMOTIVE GROUP, INC.; HOOMAN NISSANI; AND MELODY NISSANI'S INITIAL MIDP RESPONSES** |

Glaser Weil

1739935

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Pursuant to General Order 17-08, the above-identified parties (the "RHN Parties") hereby submit their initial Mandatory Initial Discovery Pilot ("MIDP") Responses.

As discovery has not begun and the RHN Parties have limited access to information, the Responses set forth herein are not intended to represent the RHN Parties' entire understanding of the facts and shall only serve as preliminary disclosures of information until further information is ascertained.  The RHN Parties reserve the right to amend all responses set forth herein.

**1. Persons Likely to Have Discoverable Information Relevant to Any Party's Claims or Defenses, Their Contact Information, and a Fair Description of the Nature of the Information the Persons Are Believed to Possess.**

Persons likely to have discoverable information relevant to the parties' claims and defenses are as follow:

1.     Carlos Bolivar

Doxsee Foster & Associates

600 Hampshire Road #210

Westlake Village, CA 91361

carlos@doxseefoster.com

Mr. Bolivar is familiar with the parties' negotiations with respect to the Dealership Override Agreement between RHN and CNA National Warranty Corporation ("CNA").  He acted as an intermediary between Mr. Nissani and CNA's agents and participated in meetings where the terms of the Override Agreement were discussed and agreed upon.


2.     Hooman Nissani

c/o Glaser Weil LLP

10250 Constellation Blvd., Floor 19

Glaser Weil

Los Angeles, CA 90067

Mr. Nissani is familiar with all facts surrounding the terms of the Dealership Override Agreement and the Personal Guaranty.  He is also familiar with the various dealerships' sales of CNA products and the parties' compliance with the terms of the Agreement.

3.      Marc Thorson

CNA National Warranty Corporation

4150 N Drinkwater Blvd Ste 400

Scottsdale, AZ 85251

Mr. Thorson is familiar with the parties' negotiations with respect to the Dealership Override Agreement between RHN and CNA.  He participated in discussions with Mr. Nissani with respect to the terms of the Agreement.

4.      Alan Miller

CNA National Warranty Corporation

4150 N Drinkwater Blvd Ste 400

Scottsdale, AZ 85251

Mr. Miller is familiar with the parties' negotiations with respect to the Dealership Override Agreement between RHN and CNA.  He participated in discussions with Mr. Nissani with respect to the terms of the Agreement.

5.      John Loughlin

CNA National Warranty Corporation

4150 N Drinkwater Blvd Ste 400

Scottsdale, AZ 85251

Mr. Loughlin is familiar with the parties' negotiations with respect to the

1739935

Glaser Weil

1  Dealership Override Agreement between RHN and CNA.  He participated in
2  discussions with Mr. Nissani with respect to the terms of the Agreement.

3

4  6.      Jay Sharpnack
5          CNA National Warranty Corporation
6          4150 N Drinkwater Blvd Ste 400
7          Scottsdale, AZ 85251
8          Mr. Sharpnack is familiar with the parties' negotiations with respect to the
9  Dealership Override Agreement between RHN and CNA.  He participated in
10 discussions with Mr. Nissani with respect to the terms of the Agreement.

11

12 7.      Rayan Nissani
13         c/o Glaser Weil LLP
14         10250 Constellation Blvd., Floor 19
15         Los Angeles, CA 90067

16

17         Mr. Rayan Nissani is familiar with the facts surrounding the terms of the
18 Dealership Override Agreement and the parties' negotiations.  He is also familiar with
19 the various dealerships' sales of CNA products and the parties' compliance with the
20 terms of the Agreement.

21

22 **2. The Names and, if Known, the Addresses and Telephone Numbers of All**
23 **Persons Who The RHN Parties Believe Have Given Written or Recorded**
24 **Statements Relevant to Any Party's Claims or Defenses.**

25         The RHN Parties are unaware of any written or recorded statements relevant to
26 the parties' claims and defenses.

27

28 ///

4

1739935

**3. List of Documents, Electronically Stored Information ("ESI"), Tangible Things, Land, or Other Property Known by the RHN Parties to Exist, Whether or Not in The RHN Parties' Possession, Custody or Control, that They Believe May Be Relevant to Any Party's Claims or Defenses.**

1.  Letter re: Overview of fee structure between the RHN Parties, Doxsee Foster, and CNA.

2.  Letter re: Investment Manager options

3.  Dealership Override Agreement With Advance Payment

4.  Personal Guaranty And Suretyship Agreement

5.  Email correspondences between Hooman Nissani and John Loughlin

6.  Email correspondences between Hooman Nissani and Carlos Bolivar

7.  Warehousing Agreements between RHN Parties and CNA

8.  Agreements for Administrative Services between RHN Parties and CNA

9.  Records related to VSC sales by RHN Parties

10. Records related to CNA's treatment of funds collected from VSC sales

**4. Facts and Legal Theories Relevant to Claims or Defenses.**

    1. RHN's Claims Arising From Breach of Contract (Including The Implied Covenant Of Good Faith And Fair Dealing)

    RHN's Complaint alleges as follows:

    RHN and CNA reached an agreement with respect to two distinct aspects of RHN's sale of CNA's Vehicle Service Contracts ("VSCs") to automobile purchasers through RHN's affiliated dealerships (the "Dealerships").  One aspect addressed the parties' treatment of the premiums paid by the purchasers of VSCs.  The other (which was governed by the Override Agreement) addressed CNA's advance to RHN of $5 million against RHN's commissions on sales of VSCs.

    In December 2017, the parties discussed the possibility of RHN selling CNA's VSCs to consumers at the Dealerships.  The parties agreed that RHN would collect a

Glaser Weil

1739935

commission on each VSC sold and the purchasers' premiums would be sent to CNA, which would deposit the funds in an investment account (or accounts) identified by Mr. Nissani. RHN and CNA would then share in the proceeds of the return on investment (ROI) of the funds. With respect to the premiums collected, CNA agreed that CNA would place the funds into an account at a financial institution identified by RHN's CEO. In order to induce RHN to sell CNA's VSCs, CNA offered to advance RHN $5 million, which would be paid back over time by CNA, applying the amounts that would otherwise be due to RHN as commissions for selling VSCs – specifically, $267 for each VSC sold – against the outstanding balance. This "override" was to apply to the commissions of the first 18,720 VSCs sold. In order to memorialize the terms of the advance and override, the parties entered into the Override Agreement.

The Override Agreement initially proposed that RHN would sell several types of automobile-related warranties and have monthly sales requirements, such that the advance would be repaid in 48 months at the longest. However, the executed version of the Override Agreement that RHN contends that Mr. Nissani returned to CNA included several handwritten modifications, reducing the kind of products to be sold and the minimum number of VSCs to be sold per quarter. After RHN returned the Override Agreement on December 29, 2017, CNA sent RHN the $5 million advance called for by the Override Agreement. RHN immediately began to perform under the Override Agreement. RHN sold VSCs to automobile purchasers. CNA received the premiums paid by purchasers and RHN's commissions from the sales. However, due to changes in the automobile sales industry, it soon became clear that the 390 VSC per quarter minimum sales requirement was not feasible. The parties agreed to reduce the number of VSCs RHN was required to sell per quarter and continued to perform under this new understanding. RHN asked for an accounting of the funds it was entitled to from the returns on the premium funds; however, it was rebuffed multiple times by CNA.

RHN alleges that not only was CNA's refusal to place the funds into the

account identified by RHN and remit a share of the profits on the return on the funds a breach of the express terms of the parties' agreement, it also diminished the return that RHN could expect to realize.  The amount of return on investment was not an express term of the parties' agreement; however, RHN chose the account based on the favorable interest rates that came with it.  CNA's refusal to place the funds in the account bearing the favorable rate of return and remit a share of the profits realized at that rate denied RHN the benefit of the parties' bargain was therefore a breach of the implied covenant of good faith and fair dealing.

2. CNA's Claims Based On The Override Agreement

The RHN Parties dispute the facts as alleged by CNA and instead, RHN contends facts as set forth in its Complaint.

3. CNA's Claims Based On The Personal Guaranty

CNA will be unable to prove that the Hooman Nissani Financial Statement contained misrepresentations, in part because it never purported that Mr. Nissani personally and individually owned the real properties listed, that the encumbrances claimed by CNA substantially hindered the value of the properties, or that the other listed financial resources were insufficient, such that the Financial Statement could not reasonably be relied upon.

**5. Computation of Each Category of Damages.**

Computation of RHN's damages will require discovery and as such RHN cannot compute such damages at this time.  As RHN has alleged, it has been denied access to the records of the amounts collected and owed to it in connection with its sale of VSCs, and only by having access to that information, which is in the possession of CNA, can RHN compute its damages.

///

**6. Identification and Description of Any Insurance or Other Agreement Under Which an Insurance Business or Other Person or Entity May Be Liable to Satisfy All or Part of a Possible Judgment in the Action or to Indemnify or Reimburse a Party For Payments Made By the Party to Satisfy the Judgment.**

The RHN Parties are unaware of any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse a party for payments made by the party to satisfy the judgment.

DATED:  November 4, 2019                    Respectfully submitted,

                                            LAW OFFICES OF WATERFALL,
                                               ECONOMIDIS, CALDWELL
                                               HANSHAW & VILLAMANA, P.C.


                                            By:    /s/ Corey B. Larson
                                               COREY B. LARSON
                                               Attorneys for RHN Inc., a California
                                               Corporation dba Nissani Brothers
                                               Nissan; RHH Automotive, Inc., a
                                               California Corporation dba Nissani
                                               Brothers Hyundai; RHC Automotive,
                                               Inc., a California Corporation, dba
                                               Nissani Brothers Jeep Chrysler Dodge;
                                               NBA Automotive, Inc., a California
                                               Corporation, dba Nissani Brothers
                                               Chevrolet; R&H Automotive Group,
                                               Inc., a California Corporation, dba
                                               Nissani Brothers Acura; Hooman
                                               Nissani; and Melody Nissani

DATED:  November 4, 2019                    GLASER WEIL FINK HOWARD
                                               AVCHEN & SHAPIRO LLP


                                            By:    /s/ B. Makoa Kawabata
                                               KERRY GARVIS WRIGHT
                                               B. MAKOA KAWABATA
                                               Attorneys for RHN Inc., a California
                                               Corporation dba Nissani Brothers
                                               Nissan; RHH Automotive, Inc., a

1739935

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

California Corporation dba Nissani Brothers Hyundai; RHC Automotive, Inc., a California Corporation, dba Nissani Brothers Jeep Chrysler Dodge; NBA Automotive, Inc., a California Corporation, dba Nissani Brothers Chevrolet; R&H Automotive Group, Inc., a California Corporation, dba Nissani Brothers Acura; Hooman Nissani; and Melody Nissani

Glaser Weil

1739935

**Glaser Weil**

1

## <u>CERTIFICATE OF SERVICE</u>

2

3    I hereby certify that on November 4, 2019, I electronically transmitted the
foregoing **MIDP RESPONSES** via email to the following:

4

5    Tina M. Ezzell, Esq.
Gayathiri Shanmuganatha, Esq.

6    Jessica I. Brown, Esq.
TIFFANY & BOSCO, P.A.

7    Seventh Floor Camelback Esplanade II

8    2525 E Camelback Road
Phoenix, AZ 85016

9    TME@tblaw.com

10   GS@tblaw.com
JIB@tblaw.com

11   *Attorneys for CNA Nat'l Warranty*

12   *Corp.*

13                              /s/ B. Makoa Kawabata

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1739935

# EXHIBIT A-14

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Makoa Kawabata; Kerry Garvis Wright; clarson@waterfallattorneys.com |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis |
| **Subject:** | RE: RHN Parties" Initial Disclosures (MIDP) |
| **Date:** | Tuesday, November 5, 2019 1:56:00 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image005.jpg |

Counsel,

We have reviewed the Mandatory Initial Discovery Pilot Project ("MIDP") responses circulated on behalf of Hooman Nissani ("Nissani") and Nissani Brothers Nissan, Nissani Brothers Hyundai, Nissani Brothers Jeep Chrysler Dodge, Nissani Brothers Chevrolet, and Nissani Brothers Acura (collectively "Dealers"). As explained in detail below, Nissani's and Dealers' MIDP responses are deficient and do not comply with General Order 17-08. Pursuant to Local Rule of Civil Procedure 7.2(j) and Judge Snow's standing Case Management Order, please let us know when you are available to meet and confer about Nissani's and Dealers' deficient MIDP responses.

The disclosure obligations pursuant to General Order 17-08 supersede the disclosure obligations pursuant to Rule 26 of the Federal Rules of Civil Procedure. Unlike the obligations pursuant to Rule 26 (which only require the disclosure of the names of individuals and documents **that the disclosing party plans to use to support its claims or defenses**), the General Order obligates the parties to:

1. Identify the names and, if known, the addresses and telephone numbers of all persons who are likely to have discoverable information relevant to **any party's claims or defenses**;
2. Identify the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to **any party's claims or defenses**;
3. List the documents (from ESI to non-ESI) known by the party to exists, whether in the party's possession, custody or control, that may be relevant to **any party's claims or defenses**;
4. For each of your claims and defenses, state the **facts** relevant to it **and the legal theories upon which it is based**;
5. Produce non-ESI documents in the party's possession, custody or control on the date the response is due.

These responses are called for by the Court, not by discovery requests. Moreover, each party's response must be based on the information then reasonably available to it. "A party is **not excused** from providing its response **because it has not fully investigated the case**, it challenges the sufficiency of another party's response, or another party has not provided a response." *See* Gen. Order 17-08 (emphasis added).

A quick comparison of CNA's MIDP responses and Nissani and Dealers' MIDP responses reveal that Nissani and Dealers have failed to conduct an appropriate investigation in order to comply with General Order 17-08. Nissani and Dealers' failure to conduct an appropriate investigation has resulted in:

1. A woefully deficient list of persons who are likely to have discoverable information;
2. A failure to provide a "fair description of the nature of the information" each identified person is believed to possess;
3. Sparse identification documents (non-ESI documents) that Nissani and Dealers contend are relevant to any party's claims or defense;
4. Absolute failure to produce *any* documents in conjunction with the MIDP;
5. Absolute failure to identify the legal theories that form the basis of Nissani and Dealers'

claims and defenses and articulation of facts relevant to those legal theories.

6. Failure to adequately set forth the facts underlying Nissani's and Dealers' claims and defenses.

We hope that Nissani and Dealers will immediately submit a supplemental and compliant MIDP response. If we are unable to resolve the issues following our meet and confer, Judge Snow's standing order instructs the parties to promptly call the Court and request a telephonic conference concerning the dispute. I look forward to hearing from you.

Thank you.

Sincerely,

Gaya



Gaya Shanmuganatha | Attorney

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452-2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices: Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.



REDACTED

# EXHIBIT A-15

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Makoa Kawabata |
| **Cc:** | Kelley Irish |
| **Bcc:** | Tina M. Ezzell; Jessica I. Brown |
| **Subject:** | RE: CNA"s ESI Proposal |
| **Date:** | Tuesday, November 5, 2019 4:03:00 PM |
| **Attachments:** | 4K19146-CNA"s Proposed ESI Plan.DOCX |
| | image001.jpg |
| | image002.jpg |
| | image005.jpg |
| | image006.jpg |
| | image007.png |
| | image008.jpg |
| | image009.png |
| | image010.jpg |

Hi Makoa,

It was great chatting with you. Attached is the word version of CNA's ESI proposal. Please feel free to redline any changes to the proposal following your conference with Mr. Nissani. Thank you.

Sincerely,

Gaya

tblogo

Gaya Shanmuganatha | Attorney

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452-2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices: Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.

REDACTED

## CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO GENERAL ORDER 17-08(C)(2)
## (OCTOBER 31, 2019)

Pursuant to General Order 17-08(C)(2), CNA National Warranty Corporation ("CNA") proposes the following ESI parameters. These are for the purpose of discussion and are not intended to be a final or complete list, and our clients reserve all rights.

1. Date Range – October 1, 2017 – March 28, 2019

2. Custodians
   a. CNAN will investigate and produce relevant, non-privileged ESI from the following custodians:
      1) Alan Miller
      2) Carol Huber
      3) Erika S. Ahern Curran
      4) Jacob Ochoa
      5) Jay Sharpnack
      6) Joey Becker
      7) John Loughlin
      8) Keith Mahoney
      9) Marc Thorson
      10) Scott Magnano
      11) Sharon Berry
      12) Todd Sands
      13) Keylee O'Shaughnessy
      14) William "Billy" Mauterer
      15) John Flanagan
      16) Jackie Carlson
      17) Leslie Guempel
      18) Dino DeAngeles
      19) Patrick Halladay
   b. RHN, Inc., RHH Automotive, Inc., RHC Automotive, Inc., NBA Automotive, Inc., R & H Automotive Group, Inc. (collectively "Dealers") and Hooman and Melody Nissani ("Nissani") will investigate and produce relevant, non-privileged ESI from the following custodians:
      1) Babak Sarraf
      2) Hooman Nissani
      3) Melody Nissani
      4) Rayan Nissani
      5) David Arnold
      6) Employees of RHN, Inc.
      7) Employees of RHH Automotive, Inc.
      8) Employees of RHC Automotive, Inc.
      9) Employees of NBA Automotive, Inc.

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(OCTOBER 31, 2019)

   10) R & H Automotive Group, Inc.
   11) Hailey Reinsurance

3. CNA, Dealers & Nissani (collectively "<u>Parties</u>") understand that the custodians identified pursuant to this ESI proposal had salient communications with several third parties. Therefore, the Parties will search for and produce relevant communications the Parties had with the following third parties:

  a. Doxsee Foster & Associates employees, including:
    1) Carlos Bolivar
    2) Doxsee Foster
    3) John DeJohn
    4) Randy Foster
  b. GPW & Associates, including:
    1) Greg Petrowski
    2) Janet Weer
  c. Bank of Oklahoma employees, including:
    1) Cody Bezanson
    2) Jeni Davis
    3) Heidi Hebert
  d. Consumers who purchased or were identified as purchasing CNA products from Dealers and/or Nissani
    1) Identifier numbers
    2) Program/Software report

4. Search terms
  a. CNA will search for the following terms:
    1) Hooman
    2) Nissani
    3) Babak
    4) Sarraf
    5) Rayan
    6) Melody
    7) RHN
    8) RHH
    9) RHC
    10) NBA
    11) R&H
  b. Dealers and Nissani will search for the following terms:
    1) Reinsurance
    2) Alan Miller
    3) Carol Huber
    4) Erika Curran

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(OCTOBER 31, 2019)

     5)   Jacob Ochoa
     6)   Jay Sharpnack
     7)   Joey Becker
     8)   John Loughlin
     9)   Keith Mahoney
     10)  Marc Thorson
     11)  Scott Magnano
     12)  Sharon Berry
     13)  Todd Sands
     14)  Keylee O'Shaughnessy
     15)  William Mauterer
     16)  Billy Mauterer
     17)  John Flanagan
     18)  Jackie Carlson
     19)  Leslie Guempel
     20)  Dino DeAngeles
     21)  Rohan Sahasrabudhe
     22)  CNA
     23)  National Warranty Corporation
     24)  Seychelles

c.  The Parties will search for the following terms

     1)   $5,000,000
     2)   5 million
     3)   Five mil
     4)   GPW
     5)   Hailey Reinsurance Company
     6)   Greg Petrowski
     7)   Doxsee
     8)   BOK Financial/ Bokf
     9)   Override Agreement
     10)  Advance
     11)  Shortfall
     12)  Carlos Bolivar
     13)  Doxsee Foster
     14)  John DeJohn
     15)  Randy Foster
     16)  Cody Bezanson
     17)  Jeni Davis
     18)  Dealership advance
     19)  Dealership short advance

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(OCTOBER 31, 2019)

5.  ESI shall be produced in the following manner:
   a.  All ESI production will be imaged, and all images will be accompanied by native and OCR text recognition ("ESI Production").
   b.  All irrelevant system files shall be removed from the ESI Production (the parties agree to DeNIST the ESI Production).
   c.  Root directories of Media will contain ESI Production in the form of images (single-paged TIFF Group IV for each page for each document) and native files with Begdoc reference name. Files will be saved to customary Image and Native folders. A third directory, Data, will contain load files. Load files provided will include:
      1)  Production Keys (BegDoc, EndDoc, BegAtt, EndAtt or their equivalents);
      2)  Attachment reference files;
      3)  Metadata load files; (Metadata categories contained in dat files; and
      4)  Opticon files.
   d.  File Format:
      1)  Image files will be prepared for commonly exchanged email and file formats (pst, msg, eml), attachments, tif, pdf, and word processing files.
      2)  Spreadsheet files (xls, xlsx, xlsm) will be provided in native format only. Spreadsheets will be treated as exceptions with a "See Native File" placeholder.
      3)  Audio, video, and unknown file types will be produced in native format, and with a Bates stamped placeholder.
   e.  Specifications for formats:
      1)  Image Load File: OPT
      2)  Metadata Load File: DAT
      3)  Metadata Fields: Native file linking by way of Native Relative Path field in load file.  Load file fields should accompany images, as well as include reference native files.  Load files to contain at minimum the following fields:
         •  BegDoc;
         •  EndDoc;
         •  BegAtt;
         •  EndAtt
         •  Custodian;
         •  Native Relative Path;
         •  Native File Name;
         •  Email subject;
         •  Communication date;
         •  Item Date;
         •  File Type Description;
         •  Extension;
         •  Page Count;

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(OCTOBER 31, 2019)

- Native size;
- Email Sender;
- Email To;
- Email CC;
- Email Bcc;
- MD5 Hash; and
- Attachment IDs.

    4)    Sub-folders should contain no greater than 1,000 files.

f. Indication of ESI family relationship (Parent email and child attachments):

    1)    Child documents indicated in load file by attachment IDs. ESI Family relationship should also be indicated by Begatt field.

    2)    Duplicate emails: I am comfortable de-duping the emails across the custodians (rather than within the custodian) – this will cut down the duplicate documents Defendants will have to review. Email attachments, however, may have duplication by virtue of Parent email.

g. Redactions: Extracted text and native files may be withheld as needed to preserve privilege.

h. Exception handling: Image placeholders will be produced for Excel spreadsheets. Where unprocessed or non-imaged file formats (ie SRF, db, autocad, encrypted, or uncommon files) are encountered, native files will be produced, with an image placeholder. All Images to be branded with a Bates stamp. Bates location: lower right corner

i. Media: Files will be exchanged via internet Sharefile links. Media folder structure:

    1)    IMAGES (single-paged tiffs, jpeg files for color)

    2)    NATIVE (native files)

    3)    DATA (load files)

# EXHIBIT A-16

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Gaya Shanmuganatha |
| **Cc:** | Kelley Irish |
| **Subject:** | RE: CNA"s ESI Proposal |
| **Date:** | Tuesday, November 5, 2019 4:19:26 PM |
| **Attachments:** | image003.jpg |
| | image004.png |
| | image006.jpg |
| | image007.jpg |
| | image008.jpg |
| | image010.jpg |
| | image011.png |

Great, thanks.  I'll update this once I have additional information re: the identities of custodians and the beginning of the parties' relationship (hopefully soon).

**B. Makoa Kawabata  | Associate Attorney**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613
E-Mail: mkawabata@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

REDACTED

# EXHIBIT A-17

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Gaya Shanmuganatha |
| **Subject:** | RE: RHN v. CNA - Upcoming Deadlines |
| **Date:** | Wednesday, November 6, 2019 1:49:03 PM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.jpg |
| | image005.jpg |
| | image006.png |

---

Hi Gaya, since the court pushed the CMC back to Jan. 10 (25 days), how is this for a revised schedule for the Case Management Report:

1.   RHN *et al*. shall circulate a draft Joint Case Management report, with RHN *et al*.'s positions identified in the draft, on December 6, 2019 (previously <u>November 11, 2019)</u>;

2.   CNA will make its additions/revisions to the draft Joint Case Management report and circulate the same on December 13, 2019 (previously <u>November 18, 2019)</u>;

3.   The parties will meet and confer about the Joint Case Management report before December 31 (previously <u>December 6, 2019)</u>.



**B. Makoa Kawabata** | Associate Attorney

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613

E-Mail: mkawabata@glaserweil.com | www.glaserweil.com

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

REDACTED

# EXHIBIT A-18

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Makoa Kawabata |
| **Cc:** | Kelley Irish |
| **Bcc:** | Tina M. Ezzell; Jessica I. Brown |
| **Subject:** | RE: CNA"s ESI Proposal |
| **Date:** | Monday, November 11, 2019 9:28:00 AM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image005.jpg |
| | image006.jpg |
| | image007.png |
| | image008.jpg |
| | image009.png |
| | image004.jpg |

Good Morning Makoa,

As you know, the parties ESI production is due on December 16, 2019.  In light of the upcoming holidays, as well as the fact that we only have 35 days to agree to and execute (collect, review, and produce) the ESI plan, there is an acute urgency to reach an agreement regarding the ESI parameters.  Please send me the revised ESI plan as soon as possible (by 9 am on Wednesday November 13, 2019 at the latest).

Thank you.

Sincerely,

Gaya



**Gaya Shanmuganatha | Attorney**

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452-2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas
-
Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.  If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



REDACTED

# EXHIBIT A-19

| From: | Gaya Shanmuganatha |
|---|---|
| To: | Makoa Kawabata; Kerry Garvis Wright; clarson@waterfallattorneys.com |
| Cc: | Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis |
| Subject: | RE: RHN Parties" Initial Disclosures (MIDP) |
| Date: | Monday, November 11, 2019 8:32:00 AM |
| Attachments: | image001.jpg |
| | image002.jpg |
| | image005.jpg |
| | image004.jpg |

Counsel,

I have not heard back from you regarding the concerns identified in my November 5, 2019 email (see below). Please provide a substantive response by the close of business today (by 5 PM on November 11, 2019). If you do not intend to substantively respond to the concerns identified in my November 5, 2019 email, please let me know which one of you is available between 9:00 AM and 3:00 PM tomorrow (November 12, 2019) to jointly call the Court in order to request a telephonic conference concerning this dispute. If you do not identify a representative to join me in calling the Court by 5 PM today, I will notify the Court of your decision not to participate in the call.

Thank you.

Sincerely,

Gaya



tblogo

Gaya Shanmuganatha | Attorney

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452-2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices: Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.



REDACTED

# EXHIBIT A-20

| From: | Gaya Shanmuganatha |
|---|---|
| To: | Makoa Kawabata |
| Bcc: | Tina M. Ezzell; Kelley Irish; Rebecca Lewis; Jessica I. Brown |
| Subject: | RE: RHN v. CNA - Upcoming Deadlines |
| Date: | Monday, November 11, 2019 8:47:00 AM |
| Attachments: | image004.jpg |
| | image005.jpg |
| | image009.jpg |
| | image010.png |
| | image011.jpg |
| | image012.png |
| | image001.jpg |

Hi Makoa,

I have had a chance to discuss your proposal with my team and we do not stipulate to pushing the agreed upon deadlines. Your clients' deficient MIDP responses and apparent failure to actively participate in formulating appropriate ESI parameters suggests that your clients are not investing the time that is required to expeditiously litigate this case. We believe that the agreed upon schedule will enable us to identify the anticipated deficiencies in your clients' portion of the Joint Report to you promptly and give you ample time to work with your clients to formulate an appropriate response. In light of the holidays, we believe that it is in the parties best interest to stick to the current schedule so that we have time to resolve our disputes and/or identify the nature of our disputes prior to our conference with the Court.

Thank you.

Sincerely,

Gaya



tblogo

Gaya Shanmuganatha | Attorney

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452-2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices: Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.



REDACTED

# EXHIBIT A-21

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Gaya Shanmuganatha; Kerry Garvis Wright; clarson@waterfallattorneys.com |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis |
| **Subject:** | RE: RHN Parties" Initial Disclosures (MIDP) |
| **Date:** | Monday, November 11, 2019 5:16:10 PM |
| **Attachments:** | image003.jpg |
| | image004.png |
| | image006.jpg |
| | image007.jpg |
| | image008.jpg |
| | image009.jpg |

Gaya, I'll be available tomorrow.



**B. Makoa Kawabata  | Associate Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613

E-Mail: mkawabata@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

REDACTED

# EXHIBIT A-22

**From:** Makoa Kawabata
**To:** Gaya Shanmuganatha
**Cc:** Kelley Irish
**Subject:** RE: CNA"s ESI Proposal
**Date:** Monday, November 11, 2019 5:15:39 PM
**Attachments:** image003.jpg
image004.png
image006.jpg
image007.jpg
image008.jpg
image010.jpg
image011.png

I intend to revise it with the information that we talked about on the phone the other day.

**B. Makoa Kawabata** | **Associate Attorney**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613
E-Mail: mkawabata@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

REDACTED

# EXHIBIT A-23

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Makoa Kawabata |
| **Cc:** | Kelley Irish |
| **Bcc:** | Tina M. Ezzell; Jessica I. Brown; Rebecca Lewis |
| **Subject:** | RE: CNA"s ESI Proposal |
| **Date:** | Tuesday, November 12, 2019 4:52:00 AM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image008.jpg |
| | image009.png |
| | image012.jpg |
| | image013.jpg |
| | image014.png |
| | image003.jpg |

Good Morning Makoa,

Sounds good. Additionally, we discussed that you were going to revise the ESI proposal with the information you learned from Mr. Nissani re: date he believes the parties first communicated, names of the relevant custodians, names of the people who worked in the back/front office of the individual dealerships, programs/software with relevant information (how consumer information is kept) etc.

My intent is to ensure that you and I thoroughly discuss and come to an acceptable plan so that we do not have to do a second ESI collection.

Thank you.

Sincerely,

Gaya

tblogo

Gaya Shanmuganatha | Attorney

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452-2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices: Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.

REDACTED

# EXHIBIT A-24

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Gaya Shanmuganatha |
| **Subject:** | RHN v. CNA - Proposed Draft Joint Case Management Report |
| **Date:** | Tuesday, November 12, 2019 6:05:46 PM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |
| | 2019-11-11 Proposed Draft Joint Case Management Report.docx |

Gaya, please find the RHN Parties' first draft attached.  All rights reserved.



**B. Makoa Kawabata  | Associate Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613

E-Mail: mkawabata@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

COREY B. LARSON
PCC#66111; SB#022549
clarson@waterfallattorneys.com
LAW OFFICES OF WATERFALL,
  ECONOMIDIS, CALDWELL
  HANSHAW & VILLAMANA, P.C.
Williams Center, Suite 800
5210 E. Williams Circle
Tucson, AZ 85711
Telephone:  (520) 790-5828

KERRY GARVIS WRIGHT - State Bar No. 206320 (Admitted *Pro Hac Vice*)
kgarviswright@glaserweil.com
MAKOA KAWABATA – State Bar No. 300450 (Admitted *Pro Hac Vice*)
mkawabata@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for RHN Inc.; RHH Automotive, Inc.; RHC Automotive,
Inc.; NBA Automotive, Inc.; R & H Automotive Group, Inc.;
Hooman Nissani; and Melody Nissani

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| RHN Incorporated, | No. CV-19-02960-PHX-GMS **LEAD CASE** |
| Plaintiff/Counter-Defendant, | No. CV-19-04516-PHX-GMS |
| v. | Hon. G. Murray Snow |
| CNA National Warranty Corporation, et al., | **[PROPOSED DRAFT] JOINT CASE MANAGEMENT REPORT** |
| Defendant/Counter-Claimant. | |
| CNA National Warranty Corporation | |
| Plaintiff, | |
| v. | |
| RHN Incorporated, et al., | |
| Defendant. | |

1

1743714

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Pursuant to the Court's Order Setting Rule 16 Case Management Conference, RHN Incorporated; RHH Automotive, Inc.; RHC Automotive, Inc.; NBA Automotive, Inc.; R & H Automotive Group, Inc.; Hooman Nissani; and Melody Nissani (the "RHN Parties") on one hand, and CNA National Warranty Corporation ("CNA") on the other (taken together, the "Parties"), jointly submit the following Case Management Report.

**1.  The parties who attended the Rule 26(f) meeting and assisted in developing the case management report.**

Counsel for all parties assisted in developing the Case Management Report.

**2.  A list of the parties in the case, including any parent corporations or entities.**

- RHN Incorporated;
- RHH Automotive, Inc.;
- RHC Automotive, Inc.;
- NBA Automotive, Inc.;
- R & H Automotive Group, Inc.;
- Hooman Nissani;
- Melody Nissani; and
- CNA National Warranty Corporation.

**3.  A short statement of the nature of the case.**

- *RHN v. CNA* and *CNA v. RHN, et al.* both revolve around a dispute between car dealerships and an insurance company arising from a deal entered into on or about December 29, 2019.
- RHN contends that it was induced by CNA to sell CNA's insurance products with the promise of a $5 million advance against future commissions and the assurance that the parties would set up a reinsurance fund with a financial institution identified by Mr. Nissani.  RHN further contends that CNA did not comply with various terms of the parties' agreement.

**Glaser Weil**

1   • CNA denies RHN's allegations and contends _____

2   **4.  The jurisdictional basis for the case, describing the basis for jurisdiction and**

3   **citing specific jurisdictional statutes.**

4       Jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332.

5   **5.  Any parties which have not been served and an explanation of why they have**

6   **not been served, and any parties which have been served but have not answered**

7   **or otherwise appeared.**

8       All parties have been served and have answered.

9   **6.  A statement of whether any party expects to add additional parties to the case**

10  **or otherwise amend pleadings.**

11      • The RHN Parties do not expect to add additional parties to the case.  RHN Inc.

12  may amend its Complaint according to proof.  The RHN Parties may amend their

13  Answer according to proof.

14      • CNA _____

15  **7.  A listing of contemplated motions and a statement of the issues to be decided**

16  **by these motions.**

17      • The RHN Parties anticipate moving for summary judgment or partial summary

18        judgment on the issue of contract construction.

19      • CNA _____

20  **8.  Whether the case is suitable for reference to a United States Magistrate Judge**

21  **for a settlement conference or trial.**

22      • The RHN Parties are amenable to reference to a United States Magistrate Judge

23  for a settlement conference.

24      • CNA _____

25  **9.  The status of related cases pending before other courts or other judges of this**

26  **court.**

27      The cases pending before this Court in the present consolidated action are the

28  only related cases.

[PROPOSED DRAFT] JOINT CASE MANAGEMENT REPORT

1743714

**10.  A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced.**

- The parties are working to resolve disputes over the disclosure and discovery of electronically stored information.
- The parties have agreed upon the foundation of a preliminary ESI protocol.
- CNA _____

**11.  A discussion of any issues relating to claims of privilege or work product.**

No disputes regarding claims of privilege or work product are anticipated at the present time.

**12.  A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case.**

No inadvertent disclosure has yet taken place; however, the Parties would welcome such an order as a precautionary measure.

**13.  A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have arisen, a description of those issues so the Court may resolve them at the Rule 16 conference.**

- The Parties are currently meeting and conferring re: disputes over MIDP responses.
- The RHN Parties are still working with counsel to identify categories of documents that are stored electronically and categories stored physically, as well as how to best produce all documents necessary under the MIDP.
- The RHN Parties have not yet determined whether to self-collect or whether to use a third-party vendor to collect documents.
- CNA _____

**14.  A discussion of necessary discovery.**

- In addition to the Rule 26 initial disclosures and the Parties' ESI production,

[PROPOSED DRAFT] JOINT CASE MANAGEMENT REPORT

Glaser Weil

1743714

Glaser Weil

1  the RHN Parties anticipate needing to take third-party depositions of
2  employees of Doxsee Foster.
3  • Document collection from the RHN Parties will include collections of records
4   from each dealership (which may be centrally housed) regarding sales of CNA
5   products, as well as communications between and among Mr. Nissani and the
6   other parties to the contract and CNA.
7  • Document collection from CNA will include collections of records from all
8   employees and representatives who communicated with the RHN parties
9   regarding the terms of the parties' agreement, the parties' rights and
10   obligations, the sales figures, and the proceeds from sales of CNA products at
11   the dealerships.
12  • _____

13  **15.  A statement of when the parties served their MIDP discovery responses.**
14  • The Parties exchanged their MIDP discovery responses November 4, 2019.
15  • The Parties currently dispute the sufficiency of such responses.
16  **16.  Proposed specific dates for each of the following:**
17   **a. Completion of fact discovery**
18    • The RHN Parties believe all dates should be per Code, based upon the
19     trial date set by the Court.
20    • CNA _____
21   **b. Dates for full and complete expert disclosures**
22    • The RHN Parties believe all dates should be per Code, based upon the
23     trial date set by the Court.
24    • CNA _____
25   **c. Deadline for completion of all expert depositions**
26    • The RHN Parties believe all dates should be per Code, based upon the
27     trial date set by the Court.
28    • CNA _____

[PROPOSED DRAFT] JOINT CASE MANAGEMENT REPORT

1743714

**d. Date by which the parties shall have engaged in face-to-face good faith settlement talks**

- The RHN Parties believe all dates should be per Code, based upon the trial date set by the Court.
- CNA _____

**e. Date by which the parties shall have engaged in face-to-face good faith settlement talks**

- The RHN Parties believe all dates should be per Code, based upon the trial date set by the Court.
- CNA _____

**17.  Whether a jury trial has been requested and whether the request for a jury trial is contested.**

- The RHN Parties have not requested trial by jury.
- CNA _____

**18.  The prospects for settlement, including any request of the Court for assistance in settlement efforts.**

- Due to the parties' fundamental disagreement regarding the central issue of the case, settlement is unlikely at this time.
- The RHN parties welcome any effort by the Court to assist the parties' settlement efforts.
- CNA _____

**19.  Any other matter that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive matter as required by Federal Rule of Civil Procedure 1.**

- The RHN Parties hope to resolve this issue amicably, and are willing to negotiate with CNA to reform the parties' deal.
- CNA _____

1743714

1  DATED: September 21, 2020          Respectfully submitted,

2                                     LAW OFFICES OF WATERFALL,
3                                        ECONOMIDIS, CALDWELL
                                         HANSHAW & VILLAMANA, P.C.
4

5                                     By: ___Draft___
                                         COREY B. LARSON
6                                        Attorneys for RHN Inc., a California
                                         Corporation dba Nissani Brothers
7                                        Nissan; RHH Automotive, Inc., a
                                         California Corporation dba Nissani
8                                        Brothers Hyundai; RHC Automotive,
                                         Inc., a California Corporation, dba
9                                        Nissani Brothers Jeep Chrysler Dodge;
                                         NBA Automotive, Inc., a California
10                                       Corporation, dba Nissani Brothers
                                         Chevrolet; R&H Automotive Group,
11                                       Inc., a California Corporation, dba
                                         Nissani Brothers Acura; Hooman
12                                       Nissani; and Melody Nissani

13 DATED: September 21, 2020          GLASER WEIL FINK HOWARD
14                                       AVCHEN & SHAPIRO LLP

15

16                                    By: ___Draft___
                                         KERRY GARVIS WRIGHT
17                                       B. MAKOA KAWABATA
18                                       Attorneys for RHN Inc., a California
                                         Corporation dba Nissani Brothers
19                                       Nissan; RHH Automotive, Inc., a
                                         California Corporation dba Nissani
20                                       Brothers Hyundai; RHC Automotive,
                                         Inc., a California Corporation, dba
21                                       Nissani Brothers Jeep Chrysler Dodge;
                                         NBA Automotive, Inc., a California
22                                       Corporation, dba Nissani Brothers
                                         Chevrolet; R&H Automotive Group,
23                                       Inc., a California Corporation, dba
                                         Nissani Brothers Acura; Hooman
24                                       Nissani; and Melody Nissani

25

26

27

28

[PROPOSED DRAFT] JOINT CASE MANAGEMENT REPORT

1743714

**Glaser Weil**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2020, I electronically transmitted the foregoing **MIDP RESPONSES** using the CM/ECF system for filing and that a copy of same was also served via CM/ECF to the following:

Tina M. Ezzell, Esq.
Gaya Shanmuganatha, Esq.
Jessica I. Brown, Esq.
TIFFANY & BOSCO, P.A.
Seventh Floor Camelback Esplanade II
2525 E Camelback Road
Phoenix, AZ 85016
TME@tblaw.com
GS@tblaw.com
JIB@tblaw.com
*Attorneys for CNA Nat'l Warranty Corp.*

_____Draft_____
Lisa Jung

1743714

# EXHIBIT A-25

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Makoa Kawabata |
| **Subject:** | RE: RHN/CNA - Date range for document collection |
| **Date:** | Wednesday, November 13, 2019 11:50:00 AM |
| **Attachments:** | image004.jpg |
| | image005.jpg |
| | image008.jpg |
| | image009.png |
| | image010.jpg |
| | image001.jpg |

Thank you.  Please let me know re: search terms (I don't mind adding more just so that we don't have any disagreements later down the road).

Sincerely,

Gaya

tblogo

Gaya Shanmuganatha | Attorney
Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.  If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.

REDACTED

# EXHIBIT A-26

| From: | Gaya Shanmuganatha |
|---|---|
| To: | Makoa Kawabata |
| Cc: | Tina M. Ezzell; Rebecca Lewis; Kelley Irish; Jessica I. Brown |
| Subject: | RHN v. CNA - ESI Plan |
| Date: | Wednesday, December 4, 2019 7:12:00 AM |
| Attachments: | CNA"s Proposed ESI Plan.pdf |
| | image001.jpg |
| | image002.jpg |
| | image005.jpg |

Hi Makoa,

I have revised the ESI plan pursuant to our call yesterday.  Please let me know if the attached looks good.

Thank you.

Sincerely,

Gaya

tblogo



Gaya Shanmuganatha | Attorney
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
-
Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.
If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have
received the message in error, then delete it.  Thank you.



# CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO GENERAL ORDER 17-08(C)(2)
## (December 4, 2019)

Pursuant to General Order 17-08(C)(2), CNA National Warranty Corporation ("CNA") proposes the following ESI parameters.  These are for the purpose of discussion and are not intended to be a final or complete list, and our clients reserve all rights.

1. Date Range – October 1, 2017 – March 28, 2019

2. Custodians
   a. CNAN will investigate and produce relevant, non-privileged ESI from the following custodians:
      1) Alan Miller
      2) Carol Huber
      3) Erika S. Ahern Curran
      4) Jacob Ochoa
      5) Jay Sharpnack
      6) Joey Becker
      7) John Loughlin
      8) Marc Thorson
      9) Scott Magnano
      10) Sharon Berry
      11) Todd Sands
      12) Keylee O'Shaughnessy
      13) William "Billy" Mauterer
      14) John Flanagan
      15) Jackie Carlson
      16) Leslie Guempel
      17) Patrick Halladay
      18) Johann D'Costa
      19) Sarah Wilson
   b. RHN, Inc., RHH Automotive, Inc., RHC Automotive, Inc., NBA Automotive, Inc., R & H Automotive Group, Inc. (collectively "Dealers") and Hooman and Melody Nissani ("Nissani") will investigate and produce relevant, non-privileged ESI from the following custodians:
      1) Babak Sarraf
      2) Hooman Nissani
      3) Melody Nissani
      4) Rayan Nissani
      5) David Arnold
      6) Employees of RHN, Inc.
      7) Employees of RHH Automotive, Inc.
      8) Employees of RHC Automotive, Inc.
      9) Employees of NBA Automotive, Inc.

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(December 4, 2019)

10) Employees of R & H Automotive Group, Inc.
11) Employees of Hailey Reinsurance

3. CNA, Dealers & Nissani (collectively "Parties") understand that the custodians identified pursuant to this ESI proposal had salient communications with several third parties. Therefore, the Parties will search for and produce relevant communications the Parties had with the following third parties:
   a. Doxsee Foster & Associates employees, including:
      1) Carlos Bolivar
      2) Doxsee Foster
      3) John DeJohn
      4) Randy Foster
   b. GPW & Associates, including:
      1) Greg Petrowski
      2) Janet Weer
   c. Bank of Oklahoma employees, including:
      1) Cody Bezanson
      2) Jeni Davis
      3) Heidi Hebert
   d. Consumers who purchased or were identified as purchasing CNA products from Dealers and/or Nissani
      1) Program/Software report

4. Search terms
   a. CNA will search for the following terms:
      1) Hooman
      2) Nissani
      3) Babak
      4) Sarraf
      5) Rayan
      6) Melody
      7) RHN
      8) RHH
      9) RHC
      10) NBA
      11) R&H
   b. Dealers and Nissani will search for the following terms:
      1) Reinsurance
      2) Alan Miller
      3) Carol Huber
      4) Erika S. Ahern Curran
      5) Jacob Ochoa

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(December 4, 2019)

      6)    Jay Sharpnack
      7)    Joey Becker
      8)    John Loughlin
      9)    Marc Thorson
      10)    Scott Magnano
      11)    Sharon Berry
      12)    Todd Sands
      13)    Keylee O'Shaughnessy
      14)    William "Billy" Mauterer
      15)    John Flanagan
      16)    Jackie Carlson
      17)    Leslie Guempel
      18)    Patrick Halladay
      19)    Johann D'Costa
      20)    Sarah Wilson
      21)    CNA
      22)    National Warranty Corporation
      23)    Seychelles

c.   The Parties will search for the following terms

      1)    $5,000,000

           w/10:

           Hooman

           Nissani

           RHN

           Carlos

           Bolivar

           Doxsee

           Foster

           John

           DeJohn

           Randy

      2)    5 million

           w/10:

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(December 4, 2019)

Hooman

Nissani

RHN

Carlos

Bolivar

Doxsee

Foster

John

DeJohn

Randy

3) Five mil

w/10:

Hooman

Nissani

RHN

Carlos

Bolivar

Doxsee

Foster

John

DeJohn

Randy

4) GPW

w/10:

Hooman

Nissani

$5,000,000

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(December 4, 2019)

5 mil!

Carlos

Bolivar

Doxsee

Foster

John

DeJohn

Randy

5) Hailey Reinsurance Company
6) Greg Petrowski

w/10:

Hooman

Nissani

$5,000,000

5 mil!

Carlos

Bolivar

Doxsee

Foster

John

DeJohn

Randy

7) Doxsee
8) BOK Financial/ Bokf
9) Override Agreement

w/10:

Hooman

Nissani

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(December 4, 2019)

$5,000,000

5 mil!

Carlos

Bolivar

Doxsee

Foster

John

DeJohn

Randy

10) Advance

w/10:

Hooman

Nissani

$5,000,000

5 mil!

Carlos

Bolivar

Doxsee

Foster

John

DeJohn

Randy

11) Shortfall

w/10:

Hooman

Nissani

$5,000,000

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(December 4, 2019)

5 mil!

Carlos

Bolivar

Doxsee

Foster

John

DeJohn

Randy

12) Carlos Bolivar
13) Doxsee Foster
14) John DeJohn
15) Randy Foster
16) Cody Bezanson
17) Jeni Davis
18) Dealership advance

w/10:

Hooman

Nissani

$5,000,000

5 mil!

Carlos

Bolivar

Doxsee

Foster

John

DeJohn

Randy

19) Dealership short advance

w/10:

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(December 4, 2019)

> Hooman
>
> Nissani
>
> $5,000,000
>
> 5 mil!
>
> Carlos
>
> Bolivar
>
> Doxsee
>
> Foster
>
> John
>
> DeJohn
>
> Randy

5. ESI shall be produced in the following manner:
   a. All ESI production will be imaged, and all images will be accompanied by native and OCR text recognition ("ESI Production").
   b. All irrelevant system files shall be removed from the ESI Production (the parties agree to DeNIST the ESI Production).
   c. Root directories of Media will contain ESI Production in the form of images (single-paged TIFF Group IV for each page for each document) and native files with Begdoc reference name. Files will be saved to customary Image and Native folders. A third directory, Data, will contain load files. Load files provided will include:
      1) Production Keys (BegDoc, EndDoc, BegAtt, EndAtt or their equivalents);
      2) Attachment reference files;
      3) Metadata load files; (Metadata categories contained in dat files; and
      4) Opticon files.
   d. File Format:
      1) Image files will be prepared for commonly exchanged email and file formats (pst, msg, eml), attachments, tif, pdf, and word processing files.
      2) Spreadsheet files (xls, xlsx, xlsm) will be provided in native format only. Spreadsheets will be treated as exceptions with a "See Native File" placeholder.
      3) Audio, video, and unknown file types will be produced in native format, and with a Bates stamped placeholder.
   e. Specifications for formats:
      1) Image Load File: OPT
      2) Metadata Load File: DAT

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(December 4, 2019)

3) Metadata Fields: Native file linking by way of Native Relative Path field in load file. Load file fields should accompany images, as well as include reference native files. Load files to contain at minimum the following fields:
- BegDoc;
- EndDoc;
- BegAtt;
- EndAtt
- Native Relative Path;
- Native File Name;
- Email subject;
- Communication date;
- Item Date;
- File Type Description;
- Extension;
- Page Count;
- Native size;
- Email Sender;
- Email To;
- Email CC;
- Email Bcc;
- MD5 Hash; and
- Attachment IDs.

4) Sub-folders should contain no greater than 1,000 files.

f. Indication of ESI family relationship (Parent email and child attachments):

1) Child documents indicated in load file by attachment IDs. ESI Family relationship should also be indicated by Begatt field.

2) Duplicate emails: The parties agree to remove duplicate emails across custodians during collection (for example remove duplicate emails from the Office 360 environment at the time of collection) as well as prior to production.

g. Redactions: Extracted text and native files may be withheld as needed to preserve privilege.

h. Exception handling: Image placeholders will be produced for Excel spreadsheets. Where unprocessed or non-imaged file formats (ie SRF, db, autocad, encrypted, or uncommon files) are encountered, native files will be produced, with an image placeholder. All Images to be branded with a Bates stamp. Bates location: lower right corner

i. Media: Files will be exchanged via internet Sharefile links. Media folder structure:

1) IMAGES (single-paged tiffs, jpeg files for color)

2) NATIVE (native files)

CNA NATIONAL WARRANTY CORPORATION'S PROPOSAL PURSUANT TO
GENERAL ORDER 17-08(C)(2)
(December 4, 2019)

    3)    DATA (load files)

# EXHIBIT A-27

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Gaya Shanmuganatha |
| **Cc:** | Tina M. Ezzell; Rebecca Lewis; Kelley Irish; Jessica I. Brown |
| **Subject:** | RE: RHN v. CNA - ESI Plan |
| **Date:** | Wednesday, December 4, 2019 9:45:40 AM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image003.jpg |

Gaya, looks good to me.

Also to follow up from yesterday's call re: the paper records, we agree that (at least for the time being) the parties will rely on the spreadsheets you referenced and the RHN parties will suspend production of the physical consumer contracts and checks with the understanding that reasonable steps be taken to ensure that they be preserved for potential future review.

REDACTED

# EXHIBIT A-28

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Gaya Shanmuganatha |
| **Subject:** | RE: Draft Joint Report |
| **Date:** | Monday, December 30, 2019 12:48:55 PM |
| **Attachments:** | 2019-11-27 Proposed Draft Joint Case Management Report - updated.DOCX |

Yes - attached here.  I updated it from the last one to include the extension to the ESI production deadline, but otherwise no changes.

REDACTED

COREY B. LARSON
PCC#66111; SB#022549
clarson@waterfallattorneys.com
LAW OFFICES OF WATERFALL,
  ECONOMIDIS, CALDWELL
  HANSHAW & VILLAMANA, P.C.
Williams Center, Suite 800
5210 E. Williams Circle
Tucson, AZ 85711
Telephone: (520) 790-5828

KERRY GARVIS WRIGHT - State Bar No. 206320 (Admitted *Pro Hac Vice*)
kgarviswright@glaserweil.com
MAKOA KAWABATA – State Bar No. 300450 (Admitted *Pro Hac Vice*)
mkawabata@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for RHN Inc.; RHH Automotive, Inc.; RHC Automotive,
Inc.; NBA Automotive, Inc.; R & H Automotive Group, Inc.;
Hooman Nissani; and Melody Nissani

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| RHN Incorporated,<br><br>              Plaintiff/Counter-Defendant,<br><br>v.<br><br>CNA National Warranty Corporation, et al.,<br><br>              Defendant/Counter-Claimant.<br><br>_____<br><br>CNA National Warranty Corporation<br><br>              Plaintiff,<br><br>v.<br><br>RHN Incorporated, *et al*.,<br><br>              Defendants. | No. CV-19-02960-PHX-GMS<br>**LEAD CASE**<br><br>No. CV-19-04516-PHX-GMS<br><br>Hon. G. Murray Snow<br><br>**[PROPOSED DRAFT] JOINT CASE MANAGEMENT REPORT** |

*Glaser Weil*

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Pursuant to the Court's Order Setting Rule 16 Case Management Conference, RHN Incorporated; RHH Automotive, Inc.; RHC Automotive, Inc.; NBA Automotive, Inc.; R & H Automotive Group, Inc.; Hooman Nissani; and Melody Nissani (the "RHN Parties") on one hand, and CNA National Warranty Corporation ("CNA") on the other (taken together, the "Parties"), jointly submit the following Case Management Report.

**1.  The parties who attended the Rule 26(f) meeting and assisted in developing the case management report.**

Counsel for all parties assisted in developing the Case Management Report.

**2.  A list of the parties in the case, including any parent corporations or entities.**

- RHN Incorporated;
- RHH Automotive, Inc.;
- RHC Automotive, Inc.;
- NBA Automotive, Inc.;
- R & H Automotive Group, Inc.;
- Hooman Nissani;
- Melody Nissani; and
- CNA National Warranty Corporation.

**3.  A short statement of the nature of the case.**

- *RHN v. CNA* and *CNA v. RHN, et al.* both revolve around a dispute between car dealerships and an insurance company arising from a deal entered into on or about December 29, 2019.
- RHN contends that it was induced by CNA to sell CNA's insurance products with the promise of a $5 million advance against RHN's future commissions on the sales of such products and CNA's assurance that it would deposit the purchasers' premiums in accounts at a financial institution identified by Mr. Nissani for the purpose of the parties sharing in the proceeds of the return on

investment (ROI) of the funds. RHN further contends that CNA did not comply with various terms of the parties' agreement by refusing to deposit the funds in the account identified, withholding such funds (and the proceeds of such funds) from RHN, and purporting to terminate the parties' agreement prior to the expiration of its term in spite of RHN's substantial performance with the agreement's terms.

- CNA denies RHN's allegations and contends _____

**4. The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes.**

Jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332.

**5. Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared.**

All parties have been served and have answered.

**6. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings.**

- The RHN Parties do not expect to add additional parties to the case. RHN Inc. may amend its Complaint according to proof. The RHN Parties may amend their Answer according to proof.
- CNA _____

**7. A listing of contemplated motions and a statement of the issues to be decided by these motions.**

- The RHN Parties anticipate moving for summary judgment or partial summary judgment on the issue of contract construction.
- CNA _____

**8. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial.**

- The RHN Parties are amenable to reference to a United States Magistrate Judge

[PROPOSED DRAFT] JOINT CASE MANAGEMENT REPORT

Glaser Weil

1752722

for a settlement conference.

- CNA _____

**9.  The status of related cases pending before other courts or other judges of this court.**

The cases pending before this Court in the present consolidated action are the only related cases.

**10.  A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced.**

- The parties have agreed upon the foundation of a preliminary ESI protocol.
- The parties jointly agreed to an extension of the ESI production deadline to January 8, 2020.

**11.  A discussion of any issues relating to claims of privilege or work product.**

No disputes regarding claims of privilege or work product are anticipated at the present time.

**12.  A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case.**

No inadvertent disclosure has yet taken place; however, the Parties would welcome such an order as a precautionary measure.

**13.  A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have arisen, a description of those issues so the Court may resolve them at the Rule 16 conference.**

- The Parties are currently meeting and conferring re: disputes over MIDP responses.  The RHN Parties produced a supplemental disclosure pursuant to the Court's order on November 25, 2019.
- The RHN Parties are still working to identify categories of documents that are stored electronically and categories stored physically, as well as how to best collect

Glaser Weil

1  and produce all documents necessary under the MIDP.

2  • CNA _____

3  **14.  A discussion of necessary discovery.**

4  • In addition to the Rule 26 initial disclosures and the Parties' ESI production,

5  the RHN Parties anticipate needing to take third-party depositions of

6  employees of Doxsee Foster.

7  • Document collection from the RHN Parties will include collections of records

8  from each dealership regarding sales of CNA products, as well as

9  communications between and among Mr. Nissani and the other parties to the

10  contract and CNA.

11  • Electronic records between Mr. Nissani and agents for Doxsee Foster and CNA

12  are currently being retrieved.  As the result of water damage to the Nissani

13  Bros. server, the RHN Parties are experiencing delay in the retrieval of the

14  parties' email correspondences.

15  • Document collection from CNA will include collections of records from all

16  employees and representatives who communicated with the RHN parties

17  regarding the terms of the parties' agreement, the parties' rights and

18  obligations, the sales figures, and the proceeds from sales of CNA products at

19  the dealerships.

20  • _____

21  **15.  A statement of when the parties served their MIDP discovery responses.**

22  • The Parties exchanged their MIDP discovery responses November 4, 2019.

23  • The Parties met and conferred regarding the sufficiency of such responses.

24  • The RHN Parties provided supplemental MIDP discovery responses November

25  25, 2019.

26  **16.  Proposed specific dates for each of the following:**

27  **a. Completion of fact discovery**

28  • The RHN Parties propose: _____.

Glaser Weil

1    • CNA _____

2    **b. Dates for full and complete expert disclosures**

3    • The RHN Parties propose: _____.

4    • CNA _____

5    **c. Deadline for completion of all expert depositions**

6    • The RHN Parties propose: _____.

7    • CNA _____

8    **d. Date by which the parties shall have engaged in face-to-face good faith**

9    **settlement talks**

10   • The RHN Parties propose: _____.

11   • CNA _____

12   **e. Date by which the parties shall have engaged in face-to-face good faith**

13   **settlement talks**

14   • The RHN Parties propose: _____.

15   • CNA _____

16   **17.  Whether a jury trial has been requested and whether the request for a jury**

17   **trial is contested.**

18   • The RHN Parties have not requested trial by jury.

19   • CNA _____

20   **18.  The prospects for settlement, including any request of the Court for**

21   **assistance in settlement efforts.**

22   • Due to the parties' fundamental disagreement regarding the central issue of the

23     case, settlement is unlikely at this time.

24   • The RHN parties welcome any effort by the Court to assist the parties'

25     settlement efforts.

26   • CNA _____

27   **19.  Any other matter that will aid the Court and parties in resolving this case in**

28   **a just, speedy, and inexpensive matter as required by Federal Rule of Civil**

Glaser Weil

[PROPOSED DRAFT] JOINT CASE MANAGEMENT REPORT

1752722

**Procedure 1.**

1

2   • The RHN Parties hope to resolve this issue amicably, and are willing to

3   negotiate with CNA to reform the parties' agreement.

4   • CNA _____

5

6   DATED:  September 21, 2020          Respectfully submitted,

7                                      LAW OFFICES OF WATERFALL,
                                         ECONOMIDIS, CALDWELL
8                                      HANSHAW & VILLAMANA, P.C.

9

10                                     By:    Draft
                                       COREY B. LARSON
11                                     Attorneys for RHN Inc., a California
                                       Corporation dba Nissani Brothers
12                                     Nissan; RHH Automotive, Inc., a
                                       California Corporation dba Nissani
13                                     Brothers Hyundai; RHC Automotive,
                                       Inc., a California Corporation, dba
14                                     Nissani Brothers Jeep Chrysler Dodge;
                                       NBA Automotive, Inc., a California
15                                     Corporation, dba Nissani Brothers
                                       Chevrolet; R&H Automotive Group,
16                                     Inc., a California Corporation, dba
                                       Nissani Brothers Acura; Hooman
17                                     Nissani; and Melody Nissani

18   DATED:  September 21, 2020          GLASER WEIL FINK HOWARD
                                         AVCHEN & SHAPIRO LLP
19

20

21                                     By:    Draft
                                       KERRY GARVIS WRIGHT
22                                     B. MAKOA KAWABATA
23                                     Attorneys for RHN Inc., a California
                                       Corporation dba Nissani Brothers
24                                     Nissan; RHH Automotive, Inc., a
                                       California Corporation dba Nissani
25                                     Brothers Hyundai; RHC Automotive,
                                       Inc., a California Corporation, dba
26                                     Nissani Brothers Jeep Chrysler Dodge;
                                       NBA Automotive, Inc., a California
27                                     Corporation, dba Nissani Brothers
                                       Chevrolet; R&H Automotive Group,
28                                     Inc., a California Corporation, dba

7

1752722

Nissani Brothers Acura; Hooman
Nissani; and Melody Nissani

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Glaser Weil

[PROPOSED DRAFT] JOINT CASE MANAGEMENT REPORT

1752722

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2020, I electronically transmitted the foregoing **MIDP RESPONSES** using the CM/ECF system for filing and that a copy of same was also served via CM/ECF to the following:

Tina M. Ezzell, Esq.
Gaya Shanmuganatha, Esq.
Jessica I. Brown, Esq.
TIFFANY & BOSCO, P.A.
Seventh Floor Camelback Esplanade II
2525 E Camelback Road
Phoenix, AZ 85016
TME@tblaw.com
GS@tblaw.com
JIB@tblaw.com
*Attorneys for CNA Nat'l Warranty Corp.*

　　　　　　　　　　　　　　　 Draft
　　　　　　　　　　　　　　　 Lisa Jung

1752722

# EXHIBIT A-29

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Gaya Shanmuganatha |
| **Subject:** | RE: RHN/CNA - dates |
| **Date:** | Friday, January 3, 2020 4:23:44 PM |
| **Attachments:** | 2020-01-02 RHN v. CNA - Joint Report.DOCX |

Yes.  I don't have new dates yet but here's the rest of it:

REDACTED

COREY B. LARSON
PCC#66111; SB#022549
clarson@waterfallattorneys.com
LAW OFFICES OF WATERFALL,
  ECONOMIDIS, CALDWELL
  HANSHAW & VILLAMANA, P.C.
Williams Center, Suite 800
5210 E. Williams Circle
Tucson, AZ 85711
Telephone:  (520) 790-5828

KERRY GARVIS WRIGHT - State Bar No. 206320 (Admitted *Pro Hac Vice*)
kgarviswright@glaserweil.com
MAKOA KAWABATA – State Bar No. 300450 (Admitted *Pro Hac Vice*)
mkawabata@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for RHN Inc.; RHH Automotive, Inc.; RHC Automotive, Inc.; NBA Automotive, Inc.; R & H Automotive Group, Inc.; Hooman Nissani; and Melody Nissani*

Tina M. Ezzell (SBN: 013825)
Gayathiri Shanmuganatha (SBN: 030745)
Jessica I. Brown (SBN: 034679)
TIFFANY & BOSCO, P.A.
SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 452-2747
FACSIMILE: (602) 255-0103
E-Mail: tme@tblaw.com
E-Mail: gs@tblaw.com
E-Mail: jib@tblaw.com

*Attorneys for CNA Nat'l Warranty Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| RHN Incorporated, | No. CV-19-02960-PHX-GMS |
| | **LEAD CASE** |
| Plaintiff/Counter-Defendant, | No. CV-19-04516-PHX-GMS |
| v. | Hon. G. Murray Snow |

1

Glaser Weil

| | |
|---|---|
| CNA National Warranty Corporation, et al., | **JOINT CASE MANAGEMENT REPORT** |
| Defendant/Counter-Claimant. | |
| CNA National Warranty Corporation | |
| Plaintiff, | |
| v. | |
| RHN Incorporated, *et al*., | |
| Defendants. | |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Pursuant to the Court's Order Setting Rule 16 Case Management Conference, [Doc. 28] RHN Incorporated; RHH Automotive, Inc.; RHC Automotive, Inc.; NBA Automotive, Inc.; R & H Automotive Group, Inc.; Hooman Nissani; and Melody Nissani (the "RHN Parties") on one hand, and CNA National Warranty Corporation ("CNA" or "CNAN") on the other (taken together, the "Parties"), jointly submit the following Case Management Report.

**1.  The parties who attended the Rule 26(f) meeting and assisted in developing the case management report.**

Counsel for all parties assisted in developing the Joint Case Management Report.   On January 3, 2019, Makoa Kawabata, on behalf of the RHN Parties, and Tina M. Ezzell and Gaya Shanmuganatha, on behalf of CNA, met and conferred about the contents of the Joint Case Management Report and the *Proposed* Scheduling Order.

**2.  A list of the parties in the case, including any parent corporations or entities.**

- RHN Incorporated;
- RHH Automotive, Inc.;
- RHC Automotive, Inc.;
- NBA Automotive, Inc.;

1    • R & H Automotive Group, Inc.;

2    • Hooman Nissani;

3    • Melody Nissani; and

4    • CNA National Warranty Corporation.

5    **3.  A short statement of the nature of the case.**

6    *RHN's Statement:*

7    • *RHN v. CNA* and *CNA v. RHN, et al.* both revolve around a dispute between car

8       dealerships and an insurance company arising from a deal entered into on or

9       about December 29, 2019.

10   • RHN contends that it was induced by CNA to sell CNA's insurance products

11      with the promise of a $5 million advance against RHN's future commissions on

12      the sales of such products and CNA's assurance that it would deposit the

13      purchasers' premiums in accounts at a financial institution identified by Mr.

14      Nissani for the purpose of the parties sharing in the proceeds of the return on

15      investment (ROI) of the funds.  RHN further contends that CNA did not

16      comply with various terms of the parties' agreement by refusing to deposit the

17      funds in the account identified, withholding such funds (and the proceeds of

18      such funds) from RHN, and purporting to terminate the parties' agreement

19      prior to the expiration of its term in spite of RHN's substantial performance

20      with the agreement's terms.

21   *CNAN's Statement:*

22      Effective January 1, 2018, the parties entered into the Override Agreement.  The

23   Override Agreement provides that, upon the parties' execution of the Override Agreement

24   and Hooman Nissani's execution of a Personal Guaranty and Suretyship Agreement

25   ("Personal Guaranty"), CNAN would advance funds to RHN, Inc. on behalf of RHN

26   Incorporated, RHH Automotive, Inc., RHC Automotive, Inc., NBA Automotive, Inc., R & H

27   Automotive Group, Inc. (collectively "Dealers") in the amount of $5,000,000.  Following

28   the execution of the Personal Guaranty and Override Agreement, CNAN provided the

1752722

Glaser Weil

1   $5,000,000 Advance to RHN, Inc. in early January 2018.

2       The Override Agreement establishes the method and timing by which the Dealers and
3   Nissani were required to repay the Advance to CNAN.   Specifically, the Override
4   Agreement provides that the Dealers were required to sell 390 vehicle service contracts
5   administered by CNAN ("VSCs"), 157 tire and wheel service contracts administered by
6   CNAN, and 250 GAP waivers administered by CNAN per months.   The Dealers agreed to
7   pay shortfall fees ("Shortfall Fees") if they did not sell the requisite number of VSCs, tire
8   and wheel service contracts, and GAP waivers.   Moreover, in order to repay the Advance
9   over 48 months, Dealers were required to pay CNAN $267 for every VSC sold and Dealers
10  were required to remit to CNAN no less than $104,167.00 per month from the sale of the
11  VSCs.

12      Nissani and the Dealers failed to sell the requisite number of VSCs, tire and wheel
13  service contracts, and GAP waivers administered by CNAN and fell behind in making their
14  required minimum monthly payments for repayment of the Advance. Pursuant to the
15  Override Agreement, on February 8, 2019, CNAN provided Nissani and the Dealers 30
16  days' written notice of material breach.  On March 20, 2019, when Nissani and the Dealers
17  failed to respond to, let alone cure, their material breach, CNAN declared due and
18  immediately payable the entire outstanding amounts owed under the Override Agreement.
19  As of the end of May 2019, Nissani and the Dealers owed CNAN $6,046,092 under the
20  Override Agreement (which sum includes credits for offsets retained by CNAN).

21      To induce CNAN to enter into the Override Agreement and secure CNAN's advance
22  of $5,000,000, Nissani agreed to sign a personal guaranty and represented, verbally and in
23  writing, that he had significant assets, including multiple real properties located in Los
24  Angeles County, California.  Specifically, Nissani represented that he is the 100% owner of
25  eight separate parcels of real estate, and a partial owner of eleven additional parcels of real
26  estate, as well as the 100% owner of $3,075,000.00 of "Cash in Bank & Escrow."  CNAN
27  relied upon the representations made by Nissani and contained in the Hooman Nissani
28  Financial Statement in advancing the $5,000,000 to Defendants.

Shortly before CNAN filed its Verified Complaint, CNAN learned that the representations made by Nissani and contained in the Hooman Nissani Financial Statement were false.   For example, contrary to his representations, Nissani does not own the California real property listed in the Hooman Nissani Financial Statement with the exception of a heavily-encumbered real property residence on Cielo Drive in Beverly Hills. Additionally, Nissani's representation in October 2017 in the Hooman Nissani Financial Statement that the Cielo Drive property was encumbered with a mortgage of only $1.78 million was false as the encumbrances on that property were at that time far greater.

**4.  The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes.**

Jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332.

**5.  Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared.**

All parties have been served and have answered.

**6.  A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings.**

The parties do not expect to add additional parties to the case.

*RHN's Statement*

RHN Inc. may amend its Complaint according to proof.  The RHN Parties may amend their Answer according to proof.

*CNA's Statement*

CNA does not know what "according to proof" means and objects to RHN having an open timeframe to amend its Complaint and Answer "according to proof."

**7.  A listing of contemplated motions and a statement of the issues to be decided by these motions.**

*RHN's Statement*

The RHN Parties anticipate moving for summary judgment or partial summary

Glaser Weil

1752722

judgment on the issue of contract construction.

*CNA's Statement*

CNA anticipates moving for summary judgment on all claims asserted by CNA and on all claims asserted against it by RHN, Inc.

**8.  Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial.**

The parties are amenable to reference to a United States Magistrate Judge for a settlement conference.

**9.  The status of related cases pending before other courts or other judges of this court.**

The cases pending before this Court in the present consolidated action are the only related cases.

**10.  A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced.**

The parties have agreed upon the foundation of a preliminary ESI protocol. The parties jointly agreed to an extension of the ESI production deadline to January 16, 2020.

*CNA's Statement*

Pursuant to General Order 17-08(C)(2), CNA identified the custodians from which CNA intended to collect salient information and proposed search terms that should be utilized during the collection.  The RHN Parties, however, have not identified a complete list of custodians from which they intend to collect.

**11.  A discussion of any issues relating to claims of privilege or work product.**

No disputes regarding claims of privilege or work product are anticipated at the present time.

**12.  A discussion of whether an order under Federal Rule of Evidence 502(d) is**

1  **warranted in this case.**

2  No inadvertent disclosure has yet taken place; however, the Parties would

3  welcome such an order as a precautionary measure.

4  **13.  A discussion of the parties' compliance to date with the MIDP, whether any**

5  **issues have arisen under the MIDP, and, if issues have arisen, a description of**

6  **those issues so the Court may resolve them at the Rule 16 conference.**

7  The Parties are currently meeting and conferring re: disputes over MIDP

8  responses. The RHN Parties produced a supplemental disclosure pursuant to the

9  Court's order on November 25, 2019.  The RHN Parties are still working to identify

10  categories of documents that are stored electronically and categories stored

11  physically, as well as how to best collect and produce all documents necessary under

12  the MIDP.

13  *CNA's Statement*

14  Despite numerous conferences, the RHN parties have not identified the

15  custodians who have salient ESI and where the RHN parties' ESI is located.

16  **14.  A discussion of necessary discovery.**

17  *RHN's Statement*

18  - In addition to the Rule 26 initial disclosures and the Parties' ESI production,

19    the RHN Parties anticipate needing to take third-party depositions of

20    employees of Doxsee Foster.

21  - Document collection from the RHN Parties will include collections of records

22    from each dealership regarding sales of CNA products, as well as

23    communications between and among Mr. Nissani and the other parties to the

24    contract and CNA.

25  - Electronic records between Mr. Nissani and agents for Doxsee Foster and CNA

26    are currently being retrieved.  As the result of water damage to the Nissani

27    Bros. server, the RHN Parties are experiencing delay in the retrieval of the

28    parties' email correspondences.

Glaser Weil

- Document collection from CNA will include collections of records from all employees and representatives who communicated with the RHN parties regarding the terms of the parties' agreement, the parties' rights and obligations, the sales figures, and the proceeds from sales of CNA products at the dealerships.

*CNA's Statement*

CNA anticipates engaging in discovery into all permissible topics related to the RHN Parties' claims, defenses, and alleged damages.  CNA anticipates that it will conduct written discovery, including Requests for Admissions, Interrogatories, and Requests for Production.  CNA also anticipates deposing the Dealers' 30(b)(6) representatives(s), Mr. Nissani, members of Doxsee Foster, and potentially others with knowledge of the claims and defenses at issue.  CNA anticipates that discovery will occur within Arizona.

**15.  A statement of when the parties served their MIDP discovery responses.**

The Parties exchanged their MIDP discovery responses November 4, 2019.  The Parties met and conferred regarding the sufficiency of the RHN Parties' responses.  Following a conference with the Court, the RHN Parties provided supplemental MIDP discovery responses November 25, 2019.

**16.  Proposed specific dates for each of the following:**

(a)     Filing motions to amend the Complaints or to join additional parties: February 3, 2020

(b)     completion of all fact discovery: June 26, 2020

(c)     disclosure of expert testimony by the RHN Partie(s) under Fed. R. Civ. P. 26(a)(2): March 27, 2020

(d)     disclosure of expert testimony by CNA under Fed. R. Civ. P. 26(a)(2): May 1, 2020

(e)     disclosure of rebuttal expert testimony: June 5, 2020

(f)     disclosure of all witnesses, exhibits and other matters under Fed. R. Civ.

P. 26(a)(3): June 5, 2020

    (g)    closure of all discovery: June 26, 2020

    (h)    completing good faith discussions of settlement: April 10, 2020

    (i)    filing dispositive motions, including *Daubert* motions: July 31, 2020

**17.  Whether a jury trial has been requested and whether the request for a jury trial is contested.**

*RHN's Statement*

The RHN Parties have not requested trial by jury.

*CNA's Statement*

CNA requests a trial by jury.

**18.  The prospects for settlement, including any request of the Court for assistance in settlement efforts.**

*RHN's Statement*

- Due to the parties' fundamental disagreement regarding the central issue of the case, settlement is unlikely at this time.  The RHN parties welcome any effort by the Court to assist the parties' settlement efforts.

*CNA's Statement*

CNA has attempted to engage the RHN Parties in settlement discussions on numerous occasions including on September 4, 2019.  The RHN Parties have refused to participate in any settlement discussions.  CNA would welcome a Court order requiring the RHN Parties to participate in a settlement conference in good faith.

**19.  Any other matter that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive matter as required by Federal Rule of Civil Procedure 1.**

*RHN's Statement*

The RHN Parties hope to resolve this issue amicably, and are willing to negotiate with CNA to reform the parties' agreement.

*CNA's Statement*

9

1752722

1    None at this time.

2

3    DATED:  September 21, 2020          Respectfully submitted,

4                                       LAW OFFICES OF WATERFALL,
                                          ECONOMIDIS, CALDWELL
5                                         HANSHAW & VILLAMANA, P.C.

6

7                                       By:    Draft
                                               COREY B. LARSON
8                                              Attorneys for RHN Inc., a California
                                               Corporation dba Nissani Brothers
9                                              Nissan; RHH Automotive, Inc., a
                                               California Corporation dba Nissani
10                                             Brothers Hyundai; RHC Automotive,
                                               Inc., a California Corporation, dba
11                                             Nissani Brothers Jeep Chrysler Dodge;
                                               NBA Automotive, Inc., a California
12                                             Corporation, dba Nissani Brothers
                                               Chevrolet; R&H Automotive Group,
13                                             Inc., a California Corporation, dba
                                               Nissani Brothers Acura; Hooman
14                                             Nissani; and Melody Nissani

15   DATED:  September 21, 2020          GLASER WEIL FINK HOWARD
                                          AVCHEN & SHAPIRO LLP
16

17

18                                      By:    Draft
                                               KERRY GARVIS WRIGHT
19                                             B. MAKOA KAWABATA
20                                             Attorneys for RHN Inc., a California
                                               Corporation dba Nissani Brothers
21                                             Nissan; RHH Automotive, Inc., a
                                               California Corporation dba Nissani
22                                             Brothers Hyundai; RHC Automotive,
                                               Inc., a California Corporation, dba
23                                             Nissani Brothers Jeep Chrysler Dodge;
                                               NBA Automotive, Inc., a California
24                                             Corporation, dba Nissani Brothers
                                               Chevrolet; R&H Automotive Group,
25                                             Inc., a California Corporation, dba
                                               Nissani Brothers Acura; Hooman
26                                             Nissani; and Melody Nissani

27

28

                                        10

1752722



1 | DATED:  September 21, 2020

TIFFANY & BOSCO, P.A.

By:   Draft

TINA M. EZZELL
GAYATHIRI SHANMUGANATHA
JESSICA I. BROWN
Attorneys for CNA National Warranty
Corporation

1752722

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, I electronically transmitted the foregoing **MIDP RESPONSES** using the CM/ECF system for filing and that a copy of same was also served via CM/ECF to the following:

Tina M. Ezzell, Esq.
Gaya Shanmuganatha, Esq.
Jessica I. Brown, Esq.
TIFFANY & BOSCO, P.A.
Seventh Floor Camelback Esplanade II
2525 E Camelback Road
Phoenix, AZ 85016
TME@tblaw.com
GS@tblaw.com
JIB@tblaw.com
*Attorneys for CNA Nat'l Warranty Corp.*

          Draft
Lisa Jung

1752722

# EXHIBIT A-30

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Makoa Kawabata; Kerry Garvis Wright |
| **Cc:** | Kelley Irish; Tina M. Ezzell; Jessica I. Brown |
| **Subject:** | RHN v. CNA: CNA"s ESI Production |
| **Date:** | Friday, January 31, 2020 2:53:00 PM |
| **Attachments:** | RHN v. CNA CNA"s ESI Production.msg |
| | image001.jpg |
| | image002.jpg |
| | image005.jpg |

Hello Makoa and Kerry,

Per our agreement, I have sent you CNA's ESI Production via a secure internet sharefile link. I have attached the confirmation email for your reference.  Please confirm receipt and feel free to let me know if you have any issues accessing or processing the documents.

Thank you.

Sincerely,

Gaya

tblogo



Gaya Shanmuganatha | Attorney
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
-
Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



| From: | Gaya Shanmuganatha |
|---|---|
| To: | mkawabata@glaserweil.com; kgarviswright@glaserweil.com |
| Cc: | Kelley Irish; Tina M. Ezzell; Jessica I. Brown |
| Subject: | RHN v. CNA: CNA"s ESI Production |
| Date: | Friday, January 31, 2020 2:49:33 PM |

This email has been sent to you from the law offices of Tiffany and Bosco P.A. and is strictly intended for the expressed recipient(s) only.

Hello Makoa and Kerry,

Attached is the load file for CNA's ESI Production.  Please let me know if you have any issues opening or processing the file.

Sincerely,

Gaya

Gaya
Shanmuganatha | Attorney

Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452-2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.

If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have

received the message in error, then delete it.  Thank you.

**Files attached to this message**

| Filename | Size | Checksum (SHA256) |
|---|---|---|
| CNA ESI PROD 01312020.zip | 425 MB | 87a466ccfdf4d9e9f0aaf1fa566d3519e432c0f3d5ff500b569f14dc7dc9a6b5 |

Please click on the following link to download the attachments:
https://TBLAWFileExchange.tblaw.com/message/8HKFsxvTO8fbJb1Vr9C4RM

This email or download link can not be forwarded to anyone else.

The attachments are available until: **Friday, 7 February.**

Message ID: `8HKFsxvTO8fbJb1Vr9C4RM`

Download Files

# EXHIBIT A-31

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Gaya Shanmuganatha; Kerry Garvis Wright |
| **Cc:** | Kelley Irish; Tina M. Ezzell; Jessica I. Brown |
| **Subject:** | RE: RHN v. CNA: CNA"s ESI Production |
| **Date:** | Friday, January 31, 2020 7:03:24 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image003.jpg |

Counsel,

Please find the RHN Parties' production at the following URL:

https://www.sendthisfile.com/ooRiWdvW6Q7XtlFHNVPwlP6b

Password: CuLcbT3jbGUFQVfY

REDACTED

# EXHIBIT A-32

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **Sent:** | Monday, February 3, 2020 6:06 PM |
| **To:** | Makoa Kawabata; Kelley Irish |
| **Cc:** | Kelley Irish; Jessica I. Brown; Tina M. Ezzell |
| **Subject:** | RHN v. CNA: ESI Discovery Dispute |

Hello Makoa and Kerry,

Our vendor processed the information provided by the RHN Parties and noted that there were several oddities in the production.  The RHN Parties produced VOL001 and VOL002.



In the VOL001 folder, we get what appears to be the full production, with all of the folders outlined in our ESI protocol (below is an image of the folders in VOL001).



In the VOL002 folder, we were only provided partial information (below is an image of the folders in VOL002).



The Images folder in VOL002 does not contain any TIFF images.  The NATIVES and TEXT folders in VOL002 **contain the exact same files** as the VOL001 Natives and Text folders.  In other words, the documents in VOL002 were duplicates of the documents in VOL001.

After deduping the document in VOL001 and VOL002, it appears that the RHN Parties only produced a total of 224 documents and 4 native files on Friday January 31, 2020.  224 documents is not what we were expecting – especially since we produced almost 2,300 documents.

1

Please let us know when we can meet and confer about the RHN Parties' deficient and odd ESI production on Tuesday or Wednesday.  Moreover, in the event we cannot resolution during our meet and confer, please let us know when you can have a call with the Court on Thursday or Friday regarding the dispute.  The ESI production has been contemplated for several months, the production deadline has been extended several times exclusively for the RHN Parties' benefit, and we cannot condone any more delays.  I look forward to hearing from you soon.

Thank you.

Sincerely,

Gaya




**Gaya Shanmuganatha | Attorney**
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452.2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.
If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have
received the message in error, then delete it.  Thank you.

 

# EXHIBIT A-33

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Gaya Shanmuganatha; Kerry Garvis Wright |
| **Cc:** | Jessica I. Brown; Tina M. Ezzell; Kelley Irish |
| **Subject:** | Re: RHN v. CNA: ESI Discovery Dispute |
| **Date:** | Thursday, February 6, 2020 7:28:55 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.jpg |
| | image004.jpg |
| | image007.png |
| | image008.jpg |

Hi Gaya,

We are reviewing the issues raised in your email so that we can have a meaningful meet and confer discussion. We will reach out to schedule a call today or tomorrow.

REDACTED

# EXHIBIT A-34

| From: | Gaya Shanmuganatha |
|---|---|
| To: | Makoa Kawabata; Kerry Garvis Wright |
| Cc: | Jessica I. Brown; Tina M. Ezzell; Kelley Irish |
| Subject: | RE: RHN v. CNA: ESI Discovery Dispute |
| Date: | Thursday, February 6, 2020 7:46:00 PM |
| Attachments: | image003.jpg |
| | image004.jpg |
| | image007.png |
| | image009.png |
| | image010.png |
| | image011.jpg |
| | image001.jpg |
| Importance: | High |

Hello Makoa and Kerry,

We have finished reviewing RHN's limited production and it is apparent that the production was either in bad faith or RHN/RHN's vendor failed to perform any quality control on RHN's limited production set.  Our review has revealed that in addition to duplicating the production from VOL001 to VOL002, the documents within VOL001 were duplicates of one another.  Specifically, of the 224 documents, it appears that there were about 80-82 unique parent emails and it appears that more than 100% of the unique emails were duplicated and produced in VOL001.  The following chart demonstrates that RHN produced at least 83 duplicates in the VOL001 production:

| | **Initial** | **Duplicate** | **Notes** |
|---|---|---|---|
| 1 | RHN_PROD_003630 | RHN_PROD_003629 | |
| 2 | RHN_PROD_003644-3647 | RHN_PROD_003648-3651 | |
| 3 | | RHN_PROD_003693-97 | |
| 4 | | RHN_PROD_003701-05 | |
| 5 | RHN_PROD_003661-3662 | RHN_PROD_003663-3664 | |
| 6 | RHN_PROD_003665 | RHN_PROD_003666 | |
| 7 | RHN_PROD_003719-24 | RHN_PROD_003683 | Initial = full family Duplicate = just parent email |
| 8 | RHN_PROD_003725-3730 | RHN_PROD_003682 | Initial = full family Duplicate = just parent email |
| 9 | RHN_PROD_003661-62 | RHN_PROD_003690-91 | |
| 10 | | RHN_PROD_003699-3700 | |
| 11 | RHN_PROD_003665 | RHN_PROD_003692 | |
| 12 | | RHN_PROD_003698 | |
| 13 | RHN_PROD_003624 | RHN_PROD_003706 | |
| 14 | RHN_PROD_003617 | RHN_PROD_003707 | |
| 15 | RHN_PROD_003593 | RHN_PROD_003708 | |
| 16 | RHN_PROD_003592 | RHN_PROD_003709 | |
| 17 | RHN_PROD_003688 | RHN_PROD_003710 | |
| 18 | RHN_PROD_003686-87 | RHN_PROD_003711-12 | |
| 19 | RHN_PROD_003713-17 | RHN_PROD_003685 | Initial = full family Duplicate = just parent email |
| 20 | RHN_PROD_003684 | RHN_PROD_003718 | |
| 21 | RHN_PROD_003681 | RHN_PROD_003731 | |

| | | | |
|---|---|---|---|
| 22 | RHN_PROD_003732-36 | RHN_PROD_003680 | Initial = full family Duplicate = just parent email |
| 23 | RHN_PROD_003678-79 | RHN_PROD_003737-42 | |
| 24 | RHN_PROD_003677 | RHN_PROD_003743 | |
| 25 | RHN_PROD_003744-46 | RHN_PROD_003675-76 | Initial = full family Duplicate = just parent email |
| 26 | RHN_PROD_003673-74 | RHN_PROD_003747-48 | |
| 27 | RHN_PROD_003672 | RHN_PROD_003749 | |
| 28 | RHN_PROD_003669 | RHN_PROD_003750 | |
| 29 | RHN_PROD_003751-52 | RHN_PROD_003668 | Initial = full family Duplicate = just parent email |
| 30 | RHN_PROD_003754-3828 | RHN_PROD_003667 | Initial = full family Duplicate = just parent email |
| 31 | RHN_PROD_003660 | RHN_PROD_003829 | |
| 32 | RHN_PROD_003830-3831 | RHN_PROD_003657 | Initial = full family Duplicate = just parent email |
| 33 | RHN_PROD_003653 | RHN_PROD_003833 | |
| 34 | RHN_PROD_003834-3853 | RHN_PROD_003652 | Initial = full family Duplicate = just parent email |
| 35 | RHN_PROD_003643 | RHN_PROD_003854 | |
| 36 | RHN_PROD_003642 | RHN_PROD_003855 | |
| 37 | RHN_PROD_003640-41 | RHN_PROD_003856-57 | |
| 38 | RHN_PROD_003637-39 | RHN_PROD_003858-60 | |
| 39 | RHN_PROD_003631-33 | RHN_PROD_003861-63 | |
| 40 | RHN_PROD_003864-67 | RHN_PROD_003630 | Initial = full family Duplicate = just parent email |
| 41 | RHN_PROD_003864-67 | RHN_PROD_003629 | Initial = full family Duplicate = just parent email |
| 42 | RHN_PROD_003868-71 | RHN_PROD_003628 | Initial = full family Duplicate = just parent email |
| 43 | RHN_PROD_003872-81 | RHN_PROD_003627 | Initial = full family Duplicate = just parent email |
| 44 | RHN_PROD_003625-26 | RHN_PROD_003882-83 | |
| 45 | RHN_PROD_003622-23 | RHN_PROD_003884-85 | |
| 46 | RHN_PROD_003886-96 | RHN_PROD_003618-21 | Initial = full family Duplicate = just parent email |

| 47 | RHN_PROD_003616 | RHN_PROD_003897 | |
| 48 | RHN_PROD_003614-15 | RHN_PROD_003898-99 | |
| 49 | RHN_PROD_003612-13 | RHN_PROD_003900-01 | |
| 50 | RHN_PROD_003902-11 | RHN_PROD_003611 | Initial = full family Duplicate = just parent email |
| 51 | RHN_PROD_003608-09 | RHN_PROD_003912-13 | |
| 52 | RHN_PROD_003914-78 | RHN_PROD_003607 | Initial = full family Duplicate = just parent email |
| 53 | RHN_PROD_003606 | RHN_PROD_003979 | |
| 54 | RHN_PROD_003605 | RHN_PROD_003980 | |
| 55 | RHN_PROD_003603-04 | RHN_PROD_003981-82 | |
| 56 | RHN_PROD_003601-02 | RHN_PROD_003983-84 | |
| 57 | RHN_PROD_003985-86 (native) | RHN_PROD_003600 | Initial = full family Duplicate = just parent email |
| 58 | RHN_PROD_003987 | Incomplete Email | |
| 59 | RHN_PROD_0033596-99 | RHN_PROD_003988-91 | |
| 60 | RHN_PROD_003586-87 | RHN_PROD_003992 | Incomplete duplicate |
| 61 | RHN_PROD_003578-82 | RHN_PROD_003993-96 | |
| 62 | RHN_PROD_003568 | RHN_PROD_003997 | |
| 63 | RHN_PROD_003561 | RHN_PROD_003998 | |
| 64 | RHN_PROD_003689 | RHN_PROD_003999 | |
| 65 | RHN_PROD_003671 | RHN_PROD_004000 | |
| 66 | RHN_PROD_004001-32 | RHN_PROD_003670 | Initial = full family Duplicate = just parent email |
| 67 | RHN_PROD_004033-90 | RHN_PROD_003659 | Initial = full family Duplicate = just parent email |
| 68 | RHN_PROD_003654-55 | RHN_PROD_004091-92 | |
| 69 | RHN_PROD_003634-36 | RHN_PROD_004092-95 | |
| 70 | RHN_PROD_004096-99 | RHN_PROD_003630 | Initial = full family Duplicate = just parent email |
| 71 | RHN_PROD_004100-08 | RHN_PROD_003610 | Initial = full family Duplicate = just parent email |
| 72 | RHN_PROD_003594-95 | RHN_PROD_004109-10 | |
| 73 | RHN_PROD_004111-17 | RHN_PROD_003590-91 | Initial = full family Duplicate = just parent email |
| 74 | RHN_PROD_004118-20 | RHN_PROD_003588-89 | Initial = full family Duplicate = just parent email |
| | | | Initial = full family |

| | | | |
|---|---|---|---|
| 75 | RHN_PROD_004121-22 | RHN_PROD_003585 | Duplicate = just parent email |
| 76 | RHN_PROD_003583-84 | RHN_PROD_004123-24 | |
| 77 | RHN_PROD_003572-73 | RHN_PROD_004125-26 | |
| 78 | RHN_PROD_004127-41 | RHN_PROD_003570-71 | Initial = full family Duplicate = just parent email |
| 79 | RHN_PROD_003564-67 | RHN_PROD_004142-45 | |
| 80 | RHN_PROD_003562-3563 | RHN_PROD_004146-47 | |
| 81 | RHN_PROD_004148-49 | RHN_PROD_003658 | Initial = full family Duplicate = just parent email |
| 82 | RHN_PROD_004151-68 | RHN_PROD_003656 | Initial = full family Duplicate = just parent email |
| 83 | RHN_PROD_003574-77 | RHN_PROD_004169-72 | |

I struggle to find any honest or good faith explanation to justify the fact that RHN duplicated a *very* limited set of document four times (VOL001 had duplicates of pretty much every email and VOL001 was duplicated in its entirety and produced as VOL002). We have expended a tremendous amount of resources on ESI meet and confers and at this point we need to get Judge Snow involved and seek our fees and costs as sanctions. I look forward to speaking with you tomorrow but please have your calendar available so that we can schedule a call with Judge Snow.

Thank you.

Sincerely,

Gaya



Gaya Shanmuganatha | Attorney

Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452-2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas

-

Offices: Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.



# EXHIBIT A-35

| From: | Gaya Shanmuganatha |
|---|---|
| To: | Makoa Kawabata |
| Cc: | Tina M. Ezzell; Kerry Garvis Wright; Kelley Irish; Jessica I. Brown |
| Subject: | Court Call |
| Date: | Tuesday, February 11, 2020 5:24:00 PM |
| Attachments: | image001.jpg |
| | image002.jpg |
| | image005.jpg |

Hi Makoa,

We had discussed that you would get Kerry's availability to us by Monday.  It's the COB on Tuesday and we haven't heard from you.  I will be calling the court tomorrow at 10 am tomorrow – please let me know if you are available at that time.  If not, I will let the clerk know we gave RHN several opportunities to participate and RHN has decided not to timely respond/be available.

Thank you.

Sincerely,

Gaya



tblogo

Gaya Shanmuganatha | Attorney
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



# EXHIBIT A-36

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Makoa Kawabata; Kerry Garvis Wright |
| **Cc:** | Tina M. Ezzell; Kelley Irish; Jessica I. Brown |
| **Subject:** | Text Messages |
| **Date:** | Friday, February 14, 2020 12:09:00 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image005.jpg |
| **Importance:** | High |

Hi Makoa,

RHN_PROD_004173 are apparently text messages exchanged between Mr. Nissani and Mr. Bolivar.  While there are 112 pages of text messages, only 40, non-consecutive pages were produced.  There is no privilege or confidentiality concern here – please produce the totality of the collected messages by Monday February 17, 2020.  If not, we will point this deficiency out to Judge Snow as indicia of Mr. Nissani's deliberate withholding of information.

Thank you.

Sincerely,

Gaya



tblogo

**Gaya Shanmuganatha | Attorney**
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452.2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
-
Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.  If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



# EXHIBIT A-37

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Gaya Shanmuganatha; Kerry Garvis Wright |
| **Cc:** | Tina M. Ezzell; Kelley Irish; Jessica I. Brown |
| **Subject:** | RE: Text Messages |
| **Date:** | Tuesday, February 25, 2020 4:05:25 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image003.jpg |

Hi Gaya,

Mr. Nissani will address the issue CNA has raised with the text message production in the opposition to CNA's Motion, which we will be filing today.

REDACTED

# EXHIBIT A-38

**From:** Makoa Kawabata
**To:** Gaya Shanmuganatha
**Subject:** RHN/CNA -
**Date:** Monday, March 2, 2020 10:44:31 AM
**Attachments:** image001.jpg
image002.png
image003.jpg

Gaya,

The emails discovered and referenced in RHN's Opposition are in relativity load file format (Bates RHN_PROD_004277 - RHN_PROD_004854) at the following link:

https://www.sendthisfile.com/gOUesXBNLEQ4QQl0y7Hg4XVs

Password: 

Please let me know whether you have any issues with them.



**B. Makoa Kawabata | Associate Attorney**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613
E-Mail: mkawabata@glaserweil.com | www.glaserweil.com

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

# EXHIBIT A-39

| From: | Tina M. Ezzell |
|---|---|
| To: | Makoa Kawabata; Jessica I. Brown; Gaya Shanmuganatha |
| Cc: | Kerry Garvis Wright; Rebecca Lewis |
| Subject: | RE: RHN v. CNA - Custodians |
| Date: | Friday, April 24, 2020 2:36:09 PM |
| Attachments: | image004.jpg |
| | image005.png |
| | image006.jpg |
| | image007.png |
| | image008.jpg |
| | image009.png |
| | image010.jpg |

Kerry and Makoa,

Thank you for your email below.  I have many questions due to its brevity.

- The Court Ordered RHN et al to "[i]dentify the names of all custodians who have ESI relevant to any party's claim or defense" by April 23, 2020.  Your email does not comply with the Court's clear Order as it does not identify *any* name.
- What do you mean by additional?  Do you mean in addition to Hooman Nissani?
- Did you (counsel)  "fully investigate the case" by "interviewing" RHN, et al's "employees and agents"?  If so, which employees and agents did you interview?
- Did you review the parties'  docs produced thus far to ascertain other custodians?
- Is it RHN, et al's position there is no more ESI relevant to any party's claim or defense and no more will be produced?
- Is the failure to identify any more custodians based upon something else?
- Have you identified other persons/ email addresses that exist but chosen not to include them as custodians for some reason?

Given the numerous custodians we identified in our motion for sanctions and otherwise that are or were employed by or associated with RHN et al, we are grievously concerned RHN et al are not complying with the Court's orders.  Furthermore, we now have received Doxsee Foster's documents responsive to the subpoena served upon it and it is apparent neither Mr. Nissani nor the dealerships produced all ESI in their possession or control. The questions above are geared at ascertaining the extent of the noncompliance.  If you have any additional information that sheds light on this situation about which we have not asked, we invite you to share it.  We want to ensure we and the Court are fully informed.  Please provide a response to this email by the end of the day today so on Monday we can get started on the appropriate next steps.

Tina M. Ezzell | Shareholder | 602.452.2747

Description: tblogo

Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada

# EXHIBIT A-40

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown |
| **Cc:** | Kerry Garvis Wright; Rebecca Lewis |
| **Subject:** | RE: RHN v. CNA - Custodians |
| **Date:** | Monday, April 27, 2020 9:59:51 AM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.png |
| | image005.jpg |
| | image006.png |
| | image007.jpg |

Kerry and Makoa,

This email follows the voicemail I left the both of you this morning.  Please identify a few times today that you can meet and confer about the concerns identified below.  If we do not conference with either one of you by the close of business today, we will reach out to Judge Snow and request a telephonic conference about RHN's failure to comply with Judge Snow's Order.

I look forward to hearing from you today.

Sincerely,
Gaya

Gaya Shanmuganatha | Attorney
Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.

REDACTED

# EXHIBIT A-41

| | |
|---|---|
| **From:** | Kerry Garvis Wright |
| **To:** | Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown; Gaya Shanmuganatha |
| **Cc:** | Rebecca Lewis |
| **Subject:** | Re: RHN v. CNA - Custodians |
| **Date:** | Wednesday, April 29, 2020 6:06:17 PM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.png |
| | image005.jpg |
| | image006.png |
| | image007.jpg |

Tina, Gaya,

Thank you for the call.

We now understand that there was a disconnect between what Makoa set forth in his April 23, 2020 email and what you understood him to mean.  To clarify, there are no additional ESI custodians over and above those previously identified, namely: Hooman Nissani, Rayan Nissani, and David Arnold.

I apologize for my frustration during the call.  I did not understand the questions you outline below (or those you asked on our call) to be an effort to "help us," as you explained.  Instead, the piecemeal questioning and what seems like cross-examination before the process is even completed is unfair and serves more to interfere with the process than promote it.  That said, I can represent that we have complied with the Court's April 9, 2020 order to date and will comply with tomorrow's deadline, as well as with the others set forth in the Court's order.  We also are logging our efforts so that, if requested by the Court, we can demonstrate our compliance.

You asked for our availability this week and next.  As of right now, I have availability on Monday and Tuesday of next week, although, as I am sure you can appreciate, that may change.  Makoa is also generally available next Monday (except for 3PM) and Tuesday.

Kerry

REDACTED

# EXHIBIT A-42

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | "Kerry Garvis Wright"; Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown |
| **Cc:** | Rebecca Lewis |
| **Subject:** | RE: RHN v. CNA - Custodians |
| **Date:** | Thursday, April 30, 2020 10:49:49 AM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.png |
| | image005.jpg |
| | image006.png |
| | image007.jpg |

Kerry,

The representation in your email is disappointingly inconsistent with what you represented during our meet and confer yesterday.  Specifically, you stated that when Makoa represented that there were "no additional custodians" he meant to say that there were no additional custodians outside of the people you identified in your supplemental disclosure statement.  Based on that statement, I pulled up your supplemental disclosure statement and read the names that were disclosed on November 25, 2019.  The names that I read from your November 25, 2019 disclosure statement were: Hooman Nissani, Rayan Nissani, David Arnold, Blanca Vargas, Vannak Kong, and Maria Virrueta.  You then confirmed that those names were the people Makoa meant to identify in his April 23, 2020 email.  Indeed, when Tina pressed you to actually *say* the names, you exclaimed "she just read them!" several times.

Moreover, based on your representation, we also discussed:

(1)   why the people who were identified as "persons likely to have discoverable information relevant to any party's claims or defenses" in your November 25, 2019 disclosures were not searched during your initial ESI collection.  In response, you affirmed that you were drawing a distinction between identifying "persons likely to have discoverable information relevant to any party's claims or defenses" in your disclosure and people who have ESI relevant to any party's claims or defenses.  Indeed, you stated that it was a "coincidence" that the people you identified in your November 25, 2019 disclosure were *the same* people who you claimed to have relevant ESI.

(2)   why the people who were identified as "persons likely to have discoverable information relevant to any party's claims or defenses" in your November 25, 2019 disclosures were not identified in our calls with the court about the deficiencies with RHN's ESI production and were not identified in your filings earlier this year about RHN's ESI.  In response, you said that you will not be deposed.

A mere 3.5 hours after our call, your story changed.  Now you are claiming that the custodians Makoa meant to identify were: Hooman Nissani, Rayan Nissani, and David Arnold.  Were you mistaken during our call (even though you had days to prepare for it) or are you mistaken in your email?

Moreover, if the only persons you now contend have ESI relevant to this case are Hooman Nissani, Rayan Nissani, and David Arnold, then your investigation is insufficient.  We attempted, via email and during our call, to engage you in a conversation about your investigation to determine if there were

additional avenues that you should have explored/could still explore (like reviewing the Doxsee Foster production and seeing who else might have relevant information – which you acknowledged is a "good idea").  However, every attempt we made to engage you in a conversation was met with statements like "I'm not going to be deposed", "I don't have to tell you", "I will be happy to tell the court, not you" etc.  As we discussed, a meet and confer is supposed to be a robust conversation about the issue(s) at hand and the parties are supposed to exchange information, pose/answer questions, and, where possible, reach a resolution.  However, not only were you not willing to engage in a fruitful discussion, the *one piece of vague information you provided* to us during the call (that Makoa meant to identify the names you disclosed in your November 25, 2019 disclosure) was, according to your email below, false.

Please promptly let us know if you are sticking to the information you provided during the call (that Makoa meant to identify the names you disclosed in your November 25, 2019 disclosure) or if you are standing by the fewer names identified in your email below.  Also, you indicted during our call that while you did not know the answers to the questions Tina posed in emails to you, you would consider finding the answers and responding to the email.  We continue to encourage you to do so.

Sincerely,
Gaya

Gaya Shanmuganatha | Attorney
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452.2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.

REDACTED

# EXHIBIT A-43

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Tina M. Ezzell; Gaya Shanmuganatha; Jessica I. Brown |
| **Cc:** | Kerry Garvis Wright |
| **Subject:** | RHN v. CNA - ESI |
| **Date:** | Thursday, April 30, 2020 8:16:09 PM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |

Counsel,

In compliance with the Court's April 9 order that the RHN Parties identify where their ESI is located, the RHN Parties identify the following:

- Email servers in the possession of Hooman Nissani, in Los Angeles, CA;
- Computers in the possession of Hooman Nissani and David Arnold, in Los Angeles, CA; and
- Cell phones in the possession of Hooman Nissani, David Arnold, and Rayan Nissani, in Los Angeles, CA.



**B. Makoa Kawabata | Associate Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613

E-Mail: mkawabata@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

Although Glaser Weil attorneys and staff are working remotely in order to reduce the risks associated with COVID-19, we will continue doing our utmost to provide prompt, professional service to and on behalf of our clients. Thank you for your understanding.

# EXHIBIT A-44

| | |
|---|---|
| **From:** | Kerry Garvis Wright |
| **To:** | Tina M. Ezzell; Gaya Shanmuganatha |
| **Cc:** | Makoa Kawabata |
| **Subject:** | RHN / CNA |
| **Date:** | Tuesday, May 19, 2020 10:16:48 PM |

Counsel,

Pursuant to the Court's April 9, 2020 order, please see the link below:

https://www.dropbox.com/sh/4lyfa7nzcnx7m5s/AADbW6-gd4sS6eH-hCI4ZLRZa?dl=0

Let us know if you have any questions or would like to discuss.

Kerry

Although Glaser Weil attorneys and staff are working remotely in order to reduce the risks associated with COVID-19, we will continue doing our utmost to provide prompt, professional service to and on behalf of our clients. Thank you for your understanding.


REDACTED

# EXHIBIT A-45

| From: | Gaya Shanmuganatha |
|---|---|
| To: | "Kerry Garvis Wright"; Tina M. Ezzell |
| Cc: | "Makoa Kawabata"; Jessica I. Brown; Rebecca Lewis; Kelley Irish |
| Subject: | RE: RHN / CNA |
| Date: | Wednesday, May 20, 2020 10:30:48 AM |
| Importance: | High |

Kerry and Makoa,

The Court Ordered "RHN's vendor [to] produce the relevant information…in accordance with the parties' ESI protocol."  The production you emailed us last night is not from RHN's vendor and does not comply with the parties' ESI protocol.  The parties ESI protocol required ESI to be produced in the following manner:

    a.   All ESI production will be imaged, and all images will be accompanied by native and OCR text recognition ("ESI Production").

    b.   All irrelevant system files shall be removed from the ESI Production (the parties agree to DeNIST the ESI Production).

    c.   Root directories of Media will contain ESI Production in the form of images (single-paged TIFF Group IV for each page for each document) and native files with Begdoc reference name. Files will be saved to customary Image and Native folders. A third directory, Data, will contain load files. Load files provided will include:

        1)Production Keys (BegDoc, EndDoc, BegAtt, EndAtt or their equivalents);
        2)Attachment reference files;
        3)Metadata load files; (Metadata categories contained in dat files; and
        4)Opticon files.

    d.   File Format:

        1)Image files will be prepared for commonly exchanged email and file formats (pst, msg, eml), attachments, tif, pdf, and word processing files.
        2)Spreadsheet files (xls, xlsx, xlsm) will be provided in native format only. Spreadsheets will be treated as exceptions with a "See Native File" placeholder.
        3)Audio, video, and unknown file types will be produced in native format, and with a Bates stamped placeholder.

    e.   Specifications for formats:

        1)Image Load File: OPT
        2)Metadata Load File: DAT
        3)Metadata Fields: Native file linking by way of Native Relative Path field in load file.  Load file fields should accompany images, as well as include reference native files.  Load files to contain at minimum the following fields:

- BegDoc;
- EndDoc;
- BegAtt;
- EndAtt
- Native Relative Path;
- Native File Name;
- Email subject;
- Communication date;

- Item Date;
- File Type Description;
- Extension;
- Page Count;
- Native size;
- Email Sender;
- Email To;
- Email CC;
- Email Bcc;
- MD5 Hash; and
- Attachment IDs.

4)Sub-folders should contain no greater than 1,000 files.

f.   Indication of ESI family relationship (Parent email and child attachments):

1)Child documents indicated in load file by attachment IDs. ESI Family relationship should also be indicated by Begatt field.

2)Duplicate emails: The parties agree to remove duplicate emails across custodians during collection (for example remove duplicate emails from the Office 365 environment at the time of collection) as well as prior to production.

g.   Redactions: Extracted text and native files may be withheld as needed to preserve privilege.

h.   Exception handling: Image placeholders will be produced for Excel spreadsheets. Where unprocessed or non-imaged file formats (ie SRF, db, autocad, encrypted, or uncommon files) are encountered, native files will be produced, with an image placeholder. All Images to be branded with a Bates stamp. Bates location: lower right corner

i.   Media: Files will be exchanged via internet Sharefile links. Media folder structure:

1)IMAGES (single-paged tiffs, jpeg files for color)

2)NATIVE (native files)

3)DATA (load files)

RHN produced three PDF documents (total of 707 pages) and a PST file with 77 items.  There are no load, image or OCR files for any of the data.  The three PDFs are just a compilation of emails and attachments, not broken apart separately.  Given how basic production protocols weren't followed, I sincerely doubt that RHN had a vendor involved in the production. Please immediately have RHN's vendor send us the production in accordance with the parties ESI protocol.

Sincerely,
Gaya

Gaya Shanmuganatha | Attorney
Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have

received the message in error, then delete it.  Thank you.

---

REDACTED

# EXHIBIT A-46

| | |
|---|---|
| **From:** | Kerry Garvis Wright |
| **To:** | Gaya Shanmuganatha |
| **Cc:** | Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown; Rebecca Lewis; Kelley Irish |
| **Subject:** | Re: RHN / CNA |
| **Date:** | Wednesday, May 20, 2020 3:31:43 PM |

Gaya, we have both of your emails and we are working on getting the correctly formatted production from the vendor.  Kerry


REDACTED

# EXHIBIT A-47

| | |
|---|---|
| **From:** | Kerry Garvis Wright |
| **To:** | Gaya Shanmuganatha |
| **Cc:** | Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown; Rebecca Lewis; Kelley Irish |
| **Subject:** | Re: RHN / CNA |
| **Date:** | Thursday, May 21, 2020 3:54:40 PM |

Gaya, we are told that the vendor is endeavoring to get this completed by tomorrow.  We will keep you apprised.  Kerry

REDACTED

# EXHIBIT A-48

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | "Kerry Garvis Wright" |
| **Cc:** | Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown; Rebecca Lewis; Kelley Irish |
| **Subject:** | RE: RHN / CNA |
| **Date:** | Thursday, May 21, 2020 4:52:52 PM |
| **Attachments:** | RE RHN v. CNA - Custodians.msg |

Hi Kerry,

In addition to the fact that RHN's production was not provided by RHN's vendor in accordance with the parties' ESI protocol, the production is deficient in several other regards (custodians not identified, custodians not searched, family/child not preserved, no attachments included, duplicate documents, no internal communications, no text messages etc.).  On our last call, you stated that you did not want to answer our questions in a "piecemeal" fashion and that you would be happy to answer our questions when the Court ordered process (which you defined as the production date of May 19, 2020) was complete.  The time for a meaningful meet and confer has come.

When we have previously spoken to you and Makoa, you and Makoa consistently stated that you do not have the expertise or the information necessary to participate in a meaningful meet and confer.  When we tried to request clarifications in writing (like the email attached), we have been ignored.  We want to work out as many issues as possible before we go to the court.  Therefore, we would like you **and** your vendor to meet and confer with us so that we can have an informative and meaningful conversation about the various issues.  We hope that with the inclusion of your vendor in our meet and confer, we will finally have all knowledgeable parties on the phone to discuss RHN's ESI investigation, collection, review and production.  Additionally, we would like to discuss the issues raised in my April 30, 2020 email (attached for your convenience).

Please let me know when you and/or Makoa **and** your vendor can participate in a meet and confer with us about the deficiencies in RHN's ESI investigation, collection, review and production and the discrepancies identified in my April 30, 2020 email.

Sincerely,
Gaya

**Gaya Shanmuganatha | Attorney**
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.

**From:** Kerry Garvis Wright [mailto:kgarviswright@glaserweil.com]
**Sent:** Thursday, May 21, 2020 3:55 PM
**To:** Gaya Shanmuganatha <GS@tblaw.com>
**Cc:** Tina M. Ezzell <TME@tblaw.com>; Makoa Kawabata <mkawabata@glaserweil.com>; Jessica I.

**From:** Gaya Shanmuganatha
**To:** "Kerry Garvis Wright"; Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown
**Cc:** Rebecca Lewis
**Subject:** RE: RHN v. CNA - Custodians
**Date:** Thursday, April 30, 2020 10:49:49 AM
**Attachments:** image001.jpg
image002.png
image003.jpg
image004.png
image005.jpg
image006.png
image007.jpg

Kerry,

The representation in your email is disappointingly inconsistent with what you represented during our meet and confer yesterday. Specifically, you stated that when Makoa represented that there were "no additional custodians" he meant to say that there were no additional custodians outside of the people you identified in your supplemental disclosure statement. Based on that statement, I pulled up your supplemental disclosure statement and read the names that were disclosed on November 25, 2019. The names that I read from your November 25, 2019 disclosure statement were: Hooman Nissani, Rayan Nissani, David Arnold, Blanca Vargas, Vannak Kong, and Maria Virrueta. You then confirmed that those names were the people Makoa meant to identify in his April 23, 2020 email. Indeed, when Tina pressed you to actually *say* the names, you exclaimed "she just read them!" several times.

Moreover, based on your representation, we also discussed:

(1) why the people who were identified as "persons likely to have discoverable information relevant to any party's claims or defenses" in your November 25, 2019 disclosures were not searched during your initial ESI collection. In response, you affirmed that you were drawing a distinction between identifying "persons likely to have discoverable information relevant to any party's claims or defenses" in your disclosure and people who have ESI relevant to any party's claims or defenses. Indeed, you stated that it was a "coincidence" that the people you identified in your November 25, 2019 disclosure were *the same* people who you claimed to have relevant ESI.

(2) why the people who were identified as "persons likely to have discoverable information relevant to any party's claims or defenses" in your November 25, 2019 disclosures were not identified in our calls with the court about the deficiencies with RHN's ESI production and were not identified in your filings earlier this year about RHN's ESI. In response, you said that you will not be deposed.

A mere 3.5 hours after our call, your story changed. Now you are claiming that the custodians Makoa meant to identify were: Hooman Nissani, Rayan Nissani, and David Arnold. Were you mistaken during our call (even though you had days to prepare for it) or are you mistaken in your email? Moreover, if the only persons you now contend have ESI relevant to this case are Hooman Nissani, Rayan Nissani, and David Arnold, then your investigation is insufficient. We attempted, via email and during our call, to engage you in a conversation about your investigation to determine if there were additional avenues that you should have explored/could still explore (like reviewing the Doxsee Foster production and seeing who else might have relevant information – which you acknowledged is a "good idea"). However, every attempt we made to engage you in a conversation was met with statements like "I'm not going to be deposed", "I don't have to tell you", "I will be happy to tell the court, not you" etc. As we discussed, a meet and confer is supposed to be a robust conversation

about the issue(s) at hand and the parties are supposed to exchange information, pose/answer questions, and, where possible, reach a resolution. However, not only were you not willing to engage in a fruitful discussion, the *one piece of vague information you provided* to us during the call (that Makoa meant to identify the names you disclosed in your November 25, 2019 disclosure) was, according to your email below, false.

Please promptly let us know if you are sticking to the information you provided during the call (that Makoa meant to identify the names you disclosed in your November 25, 2019 disclosure) or if you are standing by the fewer names identified in your email below. Also, you indicted during our call that while you did not know the answers to the questions Tina posed in emails to you, you would consider finding the answers and responding to the email. We continue to encourage you to do so.

Sincerely,

Gaya

**Gaya Shanmuganatha | Attorney**
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452.2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
Offices: Arizona | California | Nevada | New Mexico
**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.

---

**From:** Kerry Garvis Wright [mailto:kgarviswright@glaserweil.com]
**Sent:** Wednesday, April 29, 2020 6:06 PM
**To:** Tina M. Ezzell <TME@tblaw.com>; Makoa Kawabata <mkawabata@glaserweil.com>; Jessica I. Brown <jib@tblaw.com>; Gaya Shanmuganatha <GS@tblaw.com>
**Cc:** Rebecca Lewis <rlewis@tblaw.com>
**Subject:** Re: RHN v. CNA - Custodians

Tina, Gaya,

Thank you for the call.

We now understand that there was a disconnect between what Makoa set forth in his April 23, 2020 email and what you understood him to mean. To clarify, there are no additional ESI custodians over and above those previously identified, namely: Hooman Nissani, Rayan Nissani, and David Arnold.

I apologize for my frustration during the call. I did not understand the questions you outline below (or those you asked on our call) to be an effort to "help us," as you explained. Instead, the piecemeal questioning and what seems like cross-examination before the process is even completed is unfair and serves more to interfere with the process than promote it. That said, I can represent that we have complied with the Court's April 9, 2020 order to date and will comply with tomorrow's deadline, as well as with the others set forth in the Court's order. We also are logging our efforts so that, if requested by the Court, we can demonstrate our compliance.

You asked for our availability this week and next. As of right now, I have availability on Monday and Tuesday of next week, although, as I am sure you can appreciate, that may change. Makoa is also generally available next Monday (except for 3PM) and Tuesday.

Kerry

---

**From:** "Tina M. Ezzell" <TME@tblaw.com>
**Date:** Friday, April 24, 2020 at 2:36 PM
**To:** Makoa Kawabata <mkawabata@glaserweil.com>, "Jessica I. Brown" <jib@tblaw.com>,

Gaya Shanmuganatha <GS@tblaw.com>
**Cc:** Kerry Garvis Wright <kgarviswright@glaserweil.com>, Rebecca Lewis <rlewis@tblaw.com>
**Subject:** RE: RHN v. CNA - Custodians
Kerry and Makoa,
Thank you for your email below. I have many questions due to its brevity.

- The Court Ordered RHN et al to "[i]dentify the names of all custodians who have ESI relevant to any party's claim or defense" by April 23, 2020. Your email does not comply with the Court's clear Order as it does not identify *any* name.
- What do you mean by additional? Do you mean in addition to Hooman Nissani?
- Did you (counsel) "fully investigate the case" by "interviewing" RHN, et al's "employees and agents"? If so, which employees and agents did you interview?
- Did you review the parties' docs produced thus far to ascertain other custodians?
- Is it RHN, et al's position there is no more ESI relevant to any party's claim or defense and no more will be produced?
- Is the failure to identify any more custodians based upon something else?
- Have you identified other persons/ email addresses that exist but chosen not to include them as custodians for some reason?

Given the numerous custodians we identified in our motion for sanctions and otherwise that are or were employed by or associated with RHN et al, we are grievously concerned RHN et al are not complying with the Court's orders. Furthermore, we now have received Doxsee Foster's documents responsive to the subpoena served upon it and it is apparent neither Mr. Nissani nor the dealerships produced all ESI in their possession or control. The questions above are geared at ascertaining the extent of the noncompliance. If you have any additional information that sheds light on this situation about which we have not asked, we invite you to share it. We want to ensure we and the Court are fully informed. Please provide a response to this email by the end of the day today so on Monday we can get started on the appropriate next steps.

Tina M. Ezzell | Shareholder | 602.452.2747



Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas
Offices: Arizona | California | Nevada

**From:** Makoa Kawabata [mailto:mkawabata@glaserweil.com]
**Sent:** Thursday, April 23, 2020 11:43 PM
**To:** Tina M. Ezzell <TME@tblaw.com>; Jessica I. Brown <jib@tblaw.com>; Gaya Shanmuganatha <GS@tblaw.com>
**Cc:** Kerry Garvis Wright <kgarviswright@glaserweil.com>
**Subject:** RHN v. CNA - Custodians
Counsel,
We have no additional custodians to identify at this time.



**B. Makoa Kawabata | Associate Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613

E-Mail: mkawabata@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

Although Glaser Weil attorneys and staff are working remotely in order to reduce the risks associated with COVID-19, we will continue doing our utmost to provide prompt, professional service to and on behalf of our clients. Thank you for your understanding.

# EXHIBIT A-49

| | |
|---|---|
| **From:** | Kerry Garvis Wright |
| **To:** | Gaya Shanmuganatha |
| **Cc:** | Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown; Rebecca Lewis; Kelley Irish |
| **Subject:** | Re: RHN / CNA |
| **Date:** | Tuesday, May 26, 2020 8:22:02 AM |

Counsel,

Below is the link to the re-formatted ESI production.

https://www.dropbox.com/sh/823v698v4zhb8sg/AAAH4rfWEviHuJj3KMKYRRiYa?dl=0

Kerry

REDACTED

# EXHIBIT A-50

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Kerry Garvis Wright |
| **Cc:** | Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown; Rebecca Lewis; Kelley Irish |
| **Subject:** | RE: RHN / CNA |
| **Date:** | Wednesday, May 27, 2020 7:33:00 AM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image005.jpg |

Hello,

There are 4 Excel files that are present in the data set that were not provided in Native Format per the ESI protocol.  Please provide the 4 Excel files in Native Format as soon as possible.

Thank you.

Sincerely,

Gaya



Gaya Shanmuganatha | Attorney
Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
-
Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



REDACTED

# EXHIBIT A-51

| | |
|---|---|
| **From:** | Kerry Garvis Wright |
| **To:** | Gaya Shanmuganatha |
| **Cc:** | Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown; Rebecca Lewis; Kelley Irish; Allison Gipson |
| **Subject:** | Re: RHN / CNA |
| **Date:** | Thursday, May 28, 2020 2:38:40 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image003.jpg |

Gaya,

The link below contains the native Excel files.

https://www.dropbox.com/sh/823v698v4zhb8sg/AAAH4rfWEviHuJj3KMKYRRiYa?dl=0

Kerry

REDACTED

# EXHIBIT A-52

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | "Kerry Garvis Wright"; Makoa Kawabata |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Rebecca Lewis; Kelley Irish |
| **Subject:** | RE: RHN / CNA |
| **Date:** | Friday, May 29, 2020 9:20:00 AM |
| **Attachments:** | RE RHN v. CNA - Custodians.msg |
| | image001.jpg |
| | image002.jpg |
| | image004.jpg |

Counsel,

I have not received a response to my May 21, 2020.  Are you going to make yourself and your vendor available for a meet and confer?

Thank you.

Sincerely,

Gaya



Gaya Shanmuganatha | Attorney
Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
‚
Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



REDACTED

**From:** Gaya Shanmuganatha
**To:** "Kerry Garvis Wright"; Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown
**Cc:** Rebecca Lewis
**Subject:** RE: RHN v. CNA - Custodians
**Date:** Thursday, April 30, 2020 10:49:49 AM
**Attachments:** image001.jpg
image002.png
image003.jpg
image004.png
image005.jpg
image006.png
image007.jpg

---

Kerry,

The representation in your email is disappointingly inconsistent with what you represented during our meet and confer yesterday. Specifically, you stated that when Makoa represented that there were "no additional custodians" he meant to say that there were no additional custodians outside of the people you identified in your supplemental disclosure statement. Based on that statement, I pulled up your supplemental disclosure statement and read the names that were disclosed on November 25, 2019. The names that I read from your November 25, 2019 disclosure statement were: Hooman Nissani, Rayan Nissani, David Arnold, Blanca Vargas, Vannak Kong, and Maria Virrueta. You then confirmed that those names were the people Makoa meant to identify in his April 23, 2020 email. Indeed, when Tina pressed you to actually *say* the names, you exclaimed "she just read them!" several times.

Moreover, based on your representation, we also discussed:

(1) why the people who were identified as "persons likely to have discoverable information relevant to any party's claims or defenses" in your November 25, 2019 disclosures were not searched during your initial ESI collection. In response, you affirmed that you were drawing a distinction between identifying "persons likely to have discoverable information relevant to any party's claims or defenses" in your disclosure and people who have ESI relevant to any party's claims or defenses. Indeed, you stated that it was a "coincidence" that the people you identified in your November 25, 2019 disclosure were *the same* people who you claimed to have relevant ESI.

(2) why the people who were identified as "persons likely to have discoverable information relevant to any party's claims or defenses" in your November 25, 2019 disclosures were not identified in our calls with the court about the deficiencies with RHN's ESI production and were not identified in your filings earlier this year about RHN's ESI. In response, you said that you will not be deposed.

A mere 3.5 hours after our call, your story changed. Now you are claiming that the custodians Makoa meant to identify were: Hooman Nissani, Rayan Nissani, and David Arnold. Were you mistaken during our call (even though you had days to prepare for it) or are you mistaken in your email? Moreover, if the only persons you now contend have ESI relevant to this case are Hooman Nissani, Rayan Nissani, and David Arnold, then your investigation is insufficient. We attempted, via email and during our call, to engage you in a conversation about your investigation to determine if there were additional avenues that you should have explored/could still explore (like reviewing the Doxsee Foster production and seeing who else might have relevant information – which you acknowledged is a "good idea"). However, every attempt we made to engage you in a conversation was met with statements like "I'm not going to be deposed", "I don't have to tell you", "I will be happy to tell the court, not you" etc. As we discussed, a meet and confer is supposed to be a robust conversation

about the issue(s) at hand and the parties are supposed to exchange information, pose/answer questions, and, where possible, reach a resolution. However, not only were you not willing to engage in a fruitful discussion, the *one piece of vague information you provided* to us during the call (that Makoa meant to identify the names you disclosed in your November 25, 2019 disclosure) was, according to your email below, false.

Please promptly let us know if you are sticking to the information you provided during the call (that Makoa meant to identify the names you disclosed in your November 25, 2019 disclosure) or if you are standing by the fewer names identified in your email below. Also, you indicted during our call that while you did not know the answers to the questions Tina posed in emails to you, you would consider finding the answers and responding to the email. We continue to encourage you to do so.

Sincerely,

Gaya

**Gaya Shanmuganatha | Attorney**
Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452.2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
Offices: Arizona | California | Nevada | New Mexico
**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.

---

**From:** Kerry Garvis Wright [mailto:kgarviswright@glaserweil.com]
**Sent:** Wednesday, April 29, 2020 6:06 PM
**To:** Tina M. Ezzell <TME@tblaw.com>; Makoa Kawabata <mkawabata@glaserweil.com>; Jessica I. Brown <jib@tblaw.com>; Gaya Shanmuganatha <GS@tblaw.com>
**Cc:** Rebecca Lewis <rlewis@tblaw.com>
**Subject:** Re: RHN v. CNA - Custodians

Tina, Gaya,

Thank you for the call.

We now understand that there was a disconnect between what Makoa set forth in his April 23, 2020 email and what you understood him to mean. To clarify, there are no additional ESI custodians over and above those previously identified, namely: Hooman Nissani, Rayan Nissani, and David Arnold.

I apologize for my frustration during the call. I did not understand the questions you outline below (or those you asked on our call) to be an effort to "help us," as you explained. Instead, the piecemeal questioning and what seems like cross-examination before the process is even completed is unfair and serves more to interfere with the process than promote it. That said, I can represent that we have complied with the Court's April 9, 2020 order to date and will comply with tomorrow's deadline, as well as with the others set forth in the Court's order. We also are logging our efforts so that, if requested by the Court, we can demonstrate our compliance.

You asked for our availability this week and next. As of right now, I have availability on Monday and Tuesday of next week, although, as I am sure you can appreciate, that may change. Makoa is also generally available next Monday (except for 3PM) and Tuesday.

Kerry

---

**From:** "Tina M. Ezzell" <TME@tblaw.com>
**Date:** Friday, April 24, 2020 at 2:36 PM
**To:** Makoa Kawabata <mkawabata@glaserweil.com>, "Jessica I. Brown" <jib@tblaw.com>,

Gaya Shanmuganatha <GS@tblaw.com>
**Cc:** Kerry Garvis Wright <kgarviswright@glaserweil.com>, Rebecca Lewis <rlewis@tblaw.com>
**Subject:** RE: RHN v. CNA - Custodians

Kerry and Makoa,

Thank you for your email below. I have many questions due to its brevity.

- The Court Ordered RHN et al to "[i]dentify the names of all custodians who have ESI relevant to any party's claim or defense" by April 23, 2020. Your email does not comply with the Court's clear Order as it does not identify *any* name.
- What do you mean by additional? Do you mean in addition to Hooman Nissani?
- Did you (counsel) "fully investigate the case" by "interviewing" RHN, et al's "employees and agents"? If so, which employees and agents did you interview?
- Did you review the parties' docs produced thus far to ascertain other custodians?
- Is it RHN, et al's position there is no more ESI relevant to any party's claim or defense and no more will be produced?
- Is the failure to identify any more custodians based upon something else?
- Have you identified other persons/ email addresses that exist but chosen not to include them as custodians for some reason?

Given the numerous custodians we identified in our motion for sanctions and otherwise that are or were employed by or associated with RHN et al, we are grievously concerned RHN et al are not complying with the Court's orders. Furthermore, we now have received Doxsee Foster's documents responsive to the subpoena served upon it and it is apparent neither Mr. Nissani nor the dealerships produced all ESI in their possession or control. The questions above are geared at ascertaining the extent of the noncompliance. If you have any additional information that sheds light on this situation about which we have not asked, we invite you to share it. We want to ensure we and the Court are fully informed. Please provide a response to this email by the end of the day today so on Monday we can get started on the appropriate next steps.

Tina M. Ezzell | Shareholder | 602.452.2747

Description: tblogo 

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas
Offices: Arizona | California | Nevada

blf-badge-2018

**From:** Makoa Kawabata [mailto:mkawabata@glaserweil.com]
**Sent:** Thursday, April 23, 2020 11:43 PM
**To:** Tina M. Ezzell <TME@tblaw.com>; Jessica I. Brown <jib@tblaw.com>; Gaya Shanmuganatha <GS@tblaw.com>
**Cc:** Kerry Garvis Wright <kgarviswright@glaserweil.com>
**Subject:** RHN v. CNA - Custodians

Counsel,

We have no additional custodians to identify at this time.

**B. Makoa Kawabata | Associate Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613

E-Mail: mkawabata@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

Although Glaser Weil attorneys and staff are working remotely in order to reduce the risks associated with COVID-19, we will continue doing our utmost to provide prompt, professional service to and on behalf of our clients. Thank you for your understanding.

# EXHIBIT A-53

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | "Kerry Garvis Wright"; wmullen@glaserweil.com |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Rebecca Lewis; Kelley Irish |
| **Subject:** | RE: RHN / CNA |
| **Date:** | Friday, June 5, 2020 10:08:00 AM |
| **Attachments:** | RE RHN v. CNA - Custodians.msg |
| | image001.jpg |
| | image002.jpg |
| | image006.jpg |
| | image005.jpg |

Kerry and Will,

First, I am following up on my correspondences from April 30, 2020, May 21, 2020, and May 29, 2020. Given the radio silence, I feel safe in assuming that you are not interested in making yourself and your vendor available for a meet and confer. Nevertheless, I would like to extend you one more opportunity to participate in the court ordered meet and confer process. If we do not hear from you by 3 PM on Tuesday June 9, 2020, we will raise our issues with Judge Snow.

Second, we would like to depose your vendor. Please identify the name of your vendor and the dates your vendor's representative is available to be deposed by Tuesday June 9, 2020.

Thank you.

Sincerely,

Gaya



**Gaya Shanmuganatha | Attorney**
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452.2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
-
Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



**From:** Gaya Shanmuganatha

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | "Kerry Garvis Wright"; Tina M. Ezzell; Makoa Kawabata; Jessica I. Brown |
| **Cc:** | Rebecca Lewis |
| **Subject:** | RE: RHN v. CNA - Custodians |
| **Date:** | Thursday, April 30, 2020 10:49:49 AM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.png |
| | image005.jpg |
| | image006.png |
| | image007.jpg |

Kerry,

The representation in your email is disappointingly inconsistent with what you represented during our meet and confer yesterday. Specifically, you stated that when Makoa represented that there were "no additional custodians" he meant to say that there were no additional custodians outside of the people you identified in your supplemental disclosure statement. Based on that statement, I pulled up your supplemental disclosure statement and read the names that were disclosed on November 25, 2019. The names that I read from your November 25, 2019 disclosure statement were: Hooman Nissani, Rayan Nissani, David Arnold, Blanca Vargas, Vannak Kong, and Maria Virrueta. You then confirmed that those names were the people Makoa meant to identify in his April 23, 2020 email. Indeed, when Tina pressed you to actually *say* the names, you exclaimed "she just read them!" several times.

Moreover, based on your representation, we also discussed:

(1) why the people who were identified as "persons likely to have discoverable information relevant to any party's claims or defenses" in your November 25, 2019 disclosures were not searched during your initial ESI collection. In response, you affirmed that you were drawing a distinction between identifying "persons likely to have discoverable information relevant to any party's claims or defenses" in your disclosure and people who have ESI relevant to any party's claims or defenses. Indeed, you stated that it was a "coincidence" that the people you identified in your November 25, 2019 disclosure were *the same* people who you claimed to have relevant ESI.

(2) why the people who were identified as "persons likely to have discoverable information relevant to any party's claims or defenses" in your November 25, 2019 disclosures were not identified in our calls with the court about the deficiencies with RHN's ESI production and were not identified in your filings earlier this year about RHN's ESI. In response, you said that you will not be deposed.

A mere 3.5 hours after our call, your story changed. Now you are claiming that the custodians Makoa meant to identify were: Hooman Nissani, Rayan Nissani, and David Arnold. Were you mistaken during our call (even though you had days to prepare for it) or are you mistaken in your email? Moreover, if the only persons you now contend have ESI relevant to this case are Hooman Nissani, Rayan Nissani, and David Arnold, then your investigation is insufficient. We attempted, via email and during our call, to engage you in a conversation about your investigation to determine if there were additional avenues that you should have explored/could still explore (like reviewing the Doxsee Foster production and seeing who else might have relevant information – which you acknowledged is a "good idea"). However, every attempt we made to engage you in a conversation was met with statements like "I'm not going to be deposed", "I don't have to tell you", "I will be happy to tell the court, not you" etc. As we discussed, a meet and confer is supposed to be a robust conversation

about the issue(s) at hand and the parties are supposed to exchange information, pose/answer questions, and, where possible, reach a resolution. However, not only were you not willing to engage in a fruitful discussion, the *one piece of vague information you provided* to us during the call (that Makoa meant to identify the names you disclosed in your November 25, 2019 disclosure) was, according to your email below, false.

Please promptly let us know if you are sticking to the information you provided during the call (that Makoa meant to identify the names you disclosed in your November 25, 2019 disclosure) or if you are standing by the fewer names identified in your email below. Also, you indicted during our call that while you did not know the answers to the questions Tina posed in emails to you, you would consider finding the answers and responding to the email. We continue to encourage you to do so.

Sincerely,

Gaya

**Gaya Shanmuganatha | Attorney**
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452.2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
Offices: Arizona | California | Nevada | New Mexico
**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.

**From:** Kerry Garvis Wright [mailto:kgarviswright@glaserweil.com]
**Sent:** Wednesday, April 29, 2020 6:06 PM
**To:** Tina M. Ezzell <TME@tblaw.com>; Makoa Kawabata <mkawabata@glaserweil.com>; Jessica I. Brown <jib@tblaw.com>; Gaya Shanmuganatha <GS@tblaw.com>
**Cc:** Rebecca Lewis <rlewis@tblaw.com>
**Subject:** Re: RHN v. CNA - Custodians

Tina, Gaya,

Thank you for the call.

We now understand that there was a disconnect between what Makoa set forth in his April 23, 2020 email and what you understood him to mean. To clarify, there are no additional ESI custodians over and above those previously identified, namely: Hooman Nissani, Rayan Nissani, and David Arnold.

I apologize for my frustration during the call. I did not understand the questions you outline below (or those you asked on our call) to be an effort to "help us," as you explained. Instead, the piecemeal questioning and what seems like cross-examination before the process is even completed is unfair and serves more to interfere with the process than promote it. That said, I can represent that we have complied with the Court's April 9, 2020 order to date and will comply with tomorrow's deadline, as well as with the others set forth in the Court's order. We also are logging our efforts so that, if requested by the Court, we can demonstrate our compliance.

You asked for our availability this week and next. As of right now, I have availability on Monday and Tuesday of next week, although, as I am sure you can appreciate, that may change. Makoa is also generally available next Monday (except for 3PM) and Tuesday.

Kerry

**From:** "Tina M. Ezzell" <TME@tblaw.com>
**Date:** Friday, April 24, 2020 at 2:36 PM
**To:** Makoa Kawabata <mkawabata@glaserweil.com>, "Jessica I. Brown" <jib@tblaw.com>,

Gaya Shanmuganatha <GS@tblaw.com>
**Cc:** Kerry Garvis Wright <kgarviswright@glaserweil.com>, Rebecca Lewis <rlewis@tblaw.com>
**Subject:** RE: RHN v. CNA - Custodians
Kerry and Makoa,
Thank you for your email below. I have many questions due to its brevity.

- The Court Ordered RHN et al to "[i]dentify the names of all custodians who have ESI relevant to any party's claim or defense" by April 23, 2020. Your email does not comply with the Court's clear Order as it does not identify *any* name.
- What do you mean by additional? Do you mean in addition to Hooman Nissani?
- Did you (counsel) "fully investigate the case" by "interviewing" RHN, et al's "employees and agents"? If so, which employees and agents did you interview?
- Did you review the parties' docs produced thus far to ascertain other custodians?
- Is it RHN, et al's position there is no more ESI relevant to any party's claim or defense and no more will be produced?
- Is the failure to identify any more custodians based upon something else?
- Have you identified other persons/ email addresses that exist but chosen not to include them as custodians for some reason?

Given the numerous custodians we identified in our motion for sanctions and otherwise that are or were employed by or associated with RHN et al, we are grievously concerned RHN et al are not complying with the Court's orders. Furthermore, we now have received Doxsee Foster's documents responsive to the subpoena served upon it and it is apparent neither Mr. Nissani nor the dealerships produced all ESI in their possession or control. The questions above are geared at ascertaining the extent of the noncompliance. If you have any additional information that sheds light on this situation about which we have not asked, we invite you to share it. We want to ensure we and the Court are fully informed. Please provide a response to this email by the end of the day today so on Monday we can get started on the appropriate next steps.

Tina M. Ezzell | Shareholder | 602.452.2747



Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas
Offices: Arizona | California | Nevada

**From:** Makoa Kawabata [mailto:mkawabata@glaserweil.com]
**Sent:** Thursday, April 23, 2020 11:43 PM
**To:** Tina M. Ezzell <TME@tblaw.com>; Jessica I. Brown <jib@tblaw.com>; Gaya Shanmuganatha <GS@tblaw.com>
**Cc:** Kerry Garvis Wright <kgarviswright@glaserweil.com>
**Subject:** RHN v. CNA - Custodians
Counsel,
We have no additional custodians to identify at this time.



**B. Makoa Kawabata | Associate Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613

E-Mail: mkawabata@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

Although Glaser Weil attorneys and staff are working remotely in order to reduce the risks associated with COVID-19, we will continue doing our utmost to provide prompt, professional service to and on behalf of our clients. Thank you for your understanding.

# EXHIBIT A-54

| | |
|---|---|
| **From:** | William Mullen |
| **To:** | Gaya Shanmuganatha |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Rebecca Lewis; Kelley Irish; Kerry Garvis Wright |
| **Subject:** | RE: RHN / CNA |
| **Date:** | Tuesday, June 9, 2020 3:00:12 PM |
| **Attachments:** | image003.jpg |
| | image004.png |
| | image005.jpg |
| | image007.jpg |
| | image008.jpg |
| | image009.jpg |

Gaya,

It's nice to meet you.  As you may know, I was recently staffed on this case to replace Makoa Kawabata, and I'm getting up to speed on the history of the discovery issues.  I understand that you are interested in scheduling a meet and confer phone call to discuss the documents produced by RHN.  However, we believe it would be more efficient and productive if you identify in an e-mail the specific, outstanding issues that CNA wants RHN to address, so that we can work with our client and the vendor to resolve them.  It is unlikely that we can provide sufficient answers to your questions posed over a phone call without conferring with our client and vendor first.  Also, the correspondence to date is not clear about the items CNA purportedly wants answered.

As a result, please send the questions/issues that CNA wants further information about from RHN.  Once you send us such a list of the outstanding questions, we will endeavor to obtain the answers to them and will be happy to schedule a meet and confer phone call afterwards if you need any clarification.  We believe that the parties can work out these discovery issues without further involvement from the Court, and we appreciate your continued cooperation.

Thanks,

Will



**William C. Mullen | Attorney at Law**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 |Direct: 310.556.7883 | Fax: 310.843.2683
E-Mail: wmullen@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

| From: | Gaya Shanmuganatha |
|---|---|
| To: | William Mullen |
| Cc: | Tina M. Ezzell; Jessica I. Brown; Rebecca Lewis; Kelley Irish; Kerry Garvis Wright |
| Subject: | RE: RHN / CNA |
| Date: | Tuesday, June 9, 2020 3:11:00 PM |
| Attachments: | 4LQ7252-DOC# 50- ORDER re Motion for Sanctions.PDF |
| | image001.jpg |
| | image002.jpg |
| | image008.jpg |
| | image010.png |
| | image011.jpg |
| | image012.jpg |
| | image003.jpg |

Hi Will,

I understand that you are getting up to speed on the case and it is refreshing to get a response from your office.  Before we agree to your proposal, we want you to answer one simple question as a sign of good faith:  please identify the vendor(s) that was utilized to comply with paragraphs 4 & 6 of the Court's order (attached).  The name(s) of the vendor(s) you utilized has been requested for several weeks now.  You should be able to provide the name(s) within minutes.

Thank you.

Sincerely,

Gaya


tblogo

Gaya Shanmuganatha | Attorney
Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.  If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



**From:** William Mullen <wmullen@glaserweil.com>
**Sent:** Tuesday, June 9, 2020 3:00 PM

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RHN Incorporated, | No. CV-19-02960-PHX-GMS |
| Plaintiff/Counter-Defendant, | **LEAD CASE** |
| v. | No. CV-19-4516-PHX-GMS |
| CNA National Warranty Corporation, et al., | **ORDER** |
| Defendants/Counter-Claimants. | |

CNA National Warranty Corporation,

            Plaintiff,

v.

RHN Incorporated, et al.,

            Defendants.

      Pending before the Court is Defendant Counter-Claimant CNA et al. ("CNA")'s Motion for Sanctions (Doc. 43). For the following reasons the motion is granted in part and denied in part.

## BACKGROUND

      On February 13, 2020 the parties participated in a teleconference with the Court about RHN Inc. et al. ("RHN")'s alleged failure to comply with the discovery obligations imposed by the Mandatory Initial Discovery Pilot ("MIDP") project. RHN admittedly limited its initial investigation and production to Defendant Hooman Nissani and David

Case 2:19-cv-02960-GMS   Document 73   Filed 04/03/20   Page 2 of 4

1   Arnold, who provide technology support services to RHN and conducted the searches at

2   issue. As a result, CNA claimed RHN failed to (1) conduct a reasonable investigation;

3   (2) identify custodians who possess relevant ESI; and (3) collect, review and produce

4   relevant information. RHN asserted that it produced all relevant documents because Mr.

5   Nissani was the only person who had communications with CNA and other relevant parties

6   in relation to the formation and terms of the Dealership Override Agreement ("Override

7   Agreement"), which forms part of the dispute in this action. During the February 13, 2020

8   teleconference the Court invited CNA to file a motion for sanctions to demonstrate that

9   RHN's production was deficient. This motion followed.

10                                    **DISCUSSION**

11   General Order 17-08 codifies the MIDP program. It requires parties to

12   (1) investigate and identify all relevant custodians who have or would be expected to have

13   relevant information; (2) investigate and identify where all relevant information is located;

14   and (3) properly search and produce all relevant information in accordance with the parties'

15   ESI protocol. Relevant information under the MIDP includes information that may be

16   relevant to *any parties claims or defenses.*

17   Mr. Nissani explained he "understood the parameters of the search to include

18   communications about the formation and terms of the [O]verride [A]greement." (Doc 44-

19   2 at 2.) RHN never claims to have investigated, searched, or produced any information

20   with respect to the several other claims and defenses at issue in this complex counter-action

21   suit.[1] Thus, the Court finds RHN failed to comply with the MIDP's obligations.

---

[1] CNA identifies the following claims and defenses at issue in this action:
   1. How the "business arrangement to sell automobile warranties" was presented to RHN;
   2. RHN's understanding of the business arrangement to sell automobile warranties;
   3. The negotiation and formation of the Dealership Override Agreement with Advance Payment ("Override Agreement");
   4. RHN's performance or breach under the Override Agreement;
   5. RHN's contention that CNA agreed to modify the terms of the Override Agreement;
   6. RHN's contention that CNA failed to comply with the Override Agreement;
   7. The negotiation and formation of a profit-sharing agreement;
   8. RHN's contention that CNA failed to comply with the parties' profit-sharing agreement;
   9. CNA's contention that Mr. Nissani's financial statements were false; and

1    Even if the formation and terms of the Override Agreement comprised the only

2    dispute in this action, RHN's production was deficient. First, RHN claims that Mr. Nissani

3    was the only person with decision-making authority and, therefore, was the only person

4    who possessed relevant communications. However, Mr. Arnold admits that RHN failed to

5    search all of Mr. Nissani's relevant email addresses. (Doc. 44-1 at 2.) Second, Mr. Nissani

6    claims that "[t]he parties agreed to remove duplicate documents across custodians, and as

7    a result, there is no reason to attempt to search for and collect duplicate emails from [other

8    custodians], when Hooman Nissani was on the same emails." This argument is unavailing.

9    The potential for duplicate emails does not excuse RHN from identifying all relevant

10   custodians, identifying the whereabouts of all relevant ESI, and producing all relevant

11   information. If a search of a single custodian was envisioned, the duplicate policy "across

12   custodians" would be superfluous. RHN's argument that CNA was not prejudiced by its

13   limited production because Mr. Nissani was copied on the emails that involved other

14   custodians is irrelevant and cannot be sufficiently demonstrated when the documents

15   possessed by the other custodians have never been searched.

16   Lastly, Mr. Nissani claims to have reviewed his SMS messages to determine which

17   messages were relevant for production. However, given Mr. Nissani's admitted

18   misunderstanding of his production obligations, the Court finds RHN's counsel is more

19   equipped to make this determination. In light of the foregoing, the Court orders RHN to

20   conduct a reasonable investigation, collection, review, and production of the ESI relevant

21   to *all* claims and defenses at issue in this case from *all* potential custodians of such

22   documents. The Court, however, finds no basis to grant CNA's requested "temporary

23   reprieve from expending further resources in finishing CNA's privilege log, redactions,

24   and document disclosures." Accordingly,

25   **IT IS HEREBY ORDERED** that Defendant Counter-Claimant CNA's Motion for

26   Sanctions (Doc. 43) is **GRANTED** in part and **DENIED** in part.

27

28   ————————————
     10. RHN's defense that Mr. Nissani's financial statements were accurate.
     (Doc. 46 at 3.)

**IT IS FURTHER ORDERED** that RHN shall:

1. Fully investigate the case by having RHN's counsel interview RHN employees and agents within **fourteen (14) days** of the date of this order;

2. Identify the names of all custodians who have ESI relevant to any party's claim or defense within **fourteen (14) days** of the date of this order;

3. Identify where – email, server, laptops, cellphones, etc. – the ESI is located within **twenty-one (21) days** of the date of this order;

4. Hire a third-party, independent vendor to search and collect the ESI from the identified sources and custodians in accordance with the parties' ESI protocol within **thirty (30) days** of the date of this order;

5. Have RHN's counsel review the collected information and determine what is/is not relevant to all claims and defenses within **forty (40) days** of the date of this order;

6. Have RHN's vendor produce the relevant information **forty (40) days** from the date of this Order and in accordance with the parties' ESI protocol;

7. Pay CNA the fees and costs it incurred in pursing RHN's compliance with the MIDP. CNA must submit documentation in compliance with LRCiv 54.2 for the Court to determine the amount of the sanctions award within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** denying CNA a temporary reprieve from finishing its privilege log, redactions, and document disclosures. CNA shall continue discovery in accordance with the rules of the Civil Procedure, Local Rules, and Case Management Order (Doc. 41).

Dated this 9th day of April, 2020.

G. Murray Snow
Chief United States District Judge

- 4 -

# EXHIBIT A-56

| | |
|---|---|
| **From:** | Tina M. Ezzell |
| **To:** | Kerry Garvis Wright; William Mullen |
| **Cc:** | Rebecca Lewis; Gaya Shanmuganatha; Jessica I. Brown |
| **Subject:** | FW: RHN/CNA- Deposition Notices |
| **Date:** | Tuesday, June 16, 2020 5:26:38 PM |
| **Attachments:** | NOD- Hooman Nissani.pdf |
| | NOD- Scott Magnano.pdf |
| | Subpoena- Scott Magnano.pdf |
| | NOD- Carlos Bolivar.pdf |
| | image001.jpg |
| | image002.jpg |
| | image003.png |
| | image004.jpg |
| | image005.png |

Kerry and Will,

I apologize but I failed to let my Assistant know to include Will on things from now on.  Sorry!  Here you go, Will! I also wanted to add that should one or more of the dates on these deposition notices not work, please provide me some alternates in the same general time frame and I will do my best to be flexible and accommodating. Further, I anticipate needing additional depositions subsequent to the mediation if the mediation fails, including, likely, Rule 30 (b)(6) depositions.  Further, as Gaya has indicated to you, we intend to promptly take the deposition of the ESI vendor that your clients utilized but need the identity of that vendor in order to set the deposition.  Would you please do us the professional courtesy of putting in writing your client's reason for refusing to disclose the identity if that is being refused?  Or putting in writing the reason for the delay?  Thank you.

Tina M. Ezzell | Shareholder | 602.452.2747



Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada

REDACTED

1 | Tina M. Ezzell (SBN: 013825)
Gayathiri Shanmuganatha (SBN: 030745)
2 | Jessica I. Brown (SBN: 034679)

3 | **TB TIFFANY & BOSCO**
    P.A.
4 | SEVENTH FLOOR CAMELBACK ESPLANADE II
    2525 EAST CAMELBACK ROAD
5 | PHOENIX, ARIZONA 85016-4237
    TELEPHONE: (602) 452-2747
6 | FACSIMILE:  (602) 255-0103
7 | E-Mail: tme@tblaw.com
    E-Mail: gs@tblaw.com
8 | E-Mail: jib@tblaw.com
9 | *Attorneys for Defendant/Counter-Claimant/Plaintiff*

10 |                **UNITED STATES DISTRICT COURT**

11 |                    **DISTRICT OF ARIZONA**

12 |

13 |

14 | RHN Incorporated, et al.,            | Case No.  CV-19-02960-GMS

15 |          Plaintiffs/Counter-          | **LEAD CASE**
16 | Defendants,
                                          | No. CV-19-04516-PHX-GMS
17 |        v.
                                          | **NOTICE OF VIDEOTAPED**
18 | CNA National Warranty Corporation,    | **DEPOSITION**

19 |          Defendant/Counter-Claimant.

20 | _____

21 | CNA National Warranty Corporation,

22 |          Plaintiff,

23 |        v.

24 | RHN Incorporated, et al.,

25 |          Defendants.
26 | _____

27 |        ...
28 |

**YOU ARE HEREBY NOTIFIED** that, pursuant to Fed.R.Civ.P. 26, and 30, the following videotaped deposition will be taken upon oral examination of the person whose name is stated below at the time and place stated below before an officer authorized by law to administer oaths. The videotaped deposition, upon oral examination, will be taken before a notary public, or before some other officer authorized by law to administer oaths, and will be recorded by videotape and stenographic means.

| | |
|---|---|
| **PERSON TO BE EXAMINED:** | **Hooman Nissani** |
| **BEFORE WHOM TO APPEAR:** | **Tina M. Ezzell** |
| **DATE AND TIME OF APPEARANCE:** | **July 28, 2020 at 9:00 a.m.** |
| **PLACE OF APPEARANCE:** | **Tiffany & Bosco, P.A.**<br>**Seventh Floor Camelback Esplanade II**<br>**2525 E. Camelback Road**<br>**Phoenix, AZ 85016**<br>**(602) 255-6000** |
| **METHOD OF RECORDING:** | **Videotape and stenographic** |

DATED this 16th day of June, 2020.

TIFFANY & BOSCO, P.A.

By: _____
Tina M. Ezzell
Gaya Shanmuganatha
Jessica I. Brown
2525 East Camelback Road, Seventh Floor
Phoenix, Arizona 85016
*Attorneys for Defendant/Counter-Claimant/Plaintiff*

1

2

**CERTIFICATE OF SERVICE**

3

     I hereby certify that on June 16, 2020, I emailed and mailed a copy of the foregoing via U.S. Mail postage paid and via email to the following recipients:

4

5

Corey B. Larson
Waterfall, Economidis, Caldwell,

6

Hanshaw
& Villamana, P.C.

7

5210 E. Williams Circle, Suite 800

8

Tucson, AZ  85711
clarson@waterfallattorneys.com

9

*Attorneys for Plaintiffs/Counter-*
*Defendants/Defendants,*

10

11

By: _____

12

     Rebecca C. Lewis

Kerry Garvis Wright
Glaser Weil Fink Howard Avchen &
Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA  90067
kgarviswright@glaserweil.com
mkawabata@glaserweil.com
*Attorneys for Plaintiffs/Counter-*
*Defendants/Defendants*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Tina M. Ezzell (SBN: 013825)
   Gayathiri Shanmuganatha (SBN: 030745)
2  Jessica I. Brown (SBN: 034679)

3  **TB  TIFFANY & BOSCO**
       P.A.
4  SEVENTH FLOOR CAMELBACK ESPLANADE II
   2525 EAST CAMELBACK ROAD
5  PHOENIX, ARIZONA 85016-4237
   TELEPHONE: (602) 452-2747
6  FACSIMILE:  (602) 255-0103
7  E-Mail: tme@tblaw.com
   E-Mail: gs@tblaw.com
8  E-Mail: jib@tblaw.com
9  *Attorneys for Defendant/Counter-Claimant/Plaintiff*

10            **UNITED STATES DISTRICT COURT**

11               **DISTRICT OF ARIZONA**

12

13

14  RHN Incorporated, et al.,                 Case No.  CV-19-02960-GMS

15            Plaintiffs/Counter-                  **LEAD CASE**
    Defendants,
16                                            No. CV-19-04516-PHX-GMS
17        v.
                                             **NOTICE OF DEPOSITION**
18  CNA National Warranty Corporation,

19            Defendant/Counter-Claimant.

20  _____

21  CNA National Warranty Corporation,

22            Plaintiff,

23        v.

24  RHN Incorporated, et al.,

25            Defendants.
    _____
26

27      …

28

_____

**YOU ARE HEREBY NOTIFIED** that, pursuant to Fed.R.Civ.P. 26, and 30, the following deposition will be taken upon oral examination of the person whose name is stated below at the time and place stated below before an officer authorized by law to administer oaths. The deposition, upon oral examination, will be taken before a notary public, or before some other officer authorized by law to administer oaths.

| | |
|---|---|
| **PERSON TO BE EXAMINED:** | **Scott Magnano** |
| **BEFORE WHOM TO APPEAR:** | **Tina M. Ezzell** |
| **DATE AND TIME OF APPEARANCE:** | **July 17, 2020 at 9:00 a.m.** |
| **PLACE OF APPEARANCE:** | **Tiffany & Bosco, P.A.**<br>**Seventh Floor Camelback Esplanade II**<br>**2525 E. Camelback Road**<br>**Phoenix, AZ 85016**<br>**(602) 255-6000** |
| **METHOD OF RECORDING:** | **Stenographic** |

DATED this 16th day of June, 2020.

TIFFANY & BOSCO, P.A.

By: _Gaya Shanmuganatha_

Tina M. Ezzell
Gaya Shanmuganatha
Jessica I. Brown
2525 East Camelback Road, Seventh Floor
Phoenix, Arizona 85016
*Attorneys for Defendant/Counter-Claimant/Plaintiff*

1

2

### CERTIFICATE OF SERVICE

3    I hereby certify that on June 16, 2020, I emailed and mailed a copy of the foregoing
via U.S. Mail postage paid and via email to the following recipients:

4

5    Corey B. Larson                              Kerry Garvis Wright
     Waterfall, Economidis, Caldwell,            Glaser Weil Fink Howard Avchen &
6    Hanshaw                                     Shapiro LLP
     & Villamana, P.C.                           10250 Constellation Boulevard, 19th Floor
7    5210 E. Williams Circle, Suite 800          Los Angeles, CA  90067
8    Tucson, AZ  85711                           kgarviswright@glaserweil.com
     clarson@waterfallattorneys.com              mkawabata@glaserweil.com
9    *Attorneys for Plaintiffs/Counter-*          *Attorneys for Plaintiffs/Counter-*
     *Defendants/Defendants*                      *Defendants/Defendants*
10

11

12   By: _____
            Rebecca C. Lewis
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | |
|---|---|
| RHN Incorporated, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   CV-19-02960-GMS |
| CNA National Warranty Corp. | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Scott Magnano

To: _____

_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Tiffany & Bosco P.A., 2525 E. Camelback Rd., 7th Floor  Phoenix, AZ  85016 | Date and Time:  July 17, 2020 at 9:00 a.m. |
|---|---|

The deposition will be recorded by this method:   Certified Court Reporter

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/16/2020

|                           CLERK OF COURT                 | OR | *Goyah...* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Def. CNA Nat'l.

_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. CV-19-02960-GMS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1  Tina M. Ezzell (SBN: 013825)
   Gayathiri Shanmuganatha (SBN: 030745)
2  Jessica I. Brown (SBN: 034679)

3  **TB** **TIFFANY & BOSCO**
   P.A.
4  SEVENTH FLOOR CAMELBACK ESPLANADE II
   2525 EAST CAMELBACK ROAD
5  PHOENIX, ARIZONA 85016-4237
   TELEPHONE: (602) 452-2747
6  FACSIMILE:  (602) 255-0103
7  E-Mail: tme@tblaw.com
   E-Mail: gs@tblaw.com
8  E-Mail: jib@tblaw.com
9  *Attorneys for Defendant/Counter-Claimant/Plaintiff*

10           **UNITED STATES DISTRICT COURT**

11              **DISTRICT OF ARIZONA**

12

13

14  RHN Incorporated, et al.,                    Case No.  CV-19-02960-GMS

15              Plaintiffs/Counter-              **LEAD CASE**
    Defendants,
16                                               No. CV-19-04516-PHX-GMS

17         v.                                    **NOTICE OF DEPOSITION**

18  CNA National Warranty Corporation,

19              Defendant/Counter-Claimant.

20  ─────────────────────────────

21  CNA National Warranty Corporation,

22              Plaintiff,

23         v.

24  RHN Incorporated, et al.,

25              Defendants.

26

27       …

28

_____
                Notice of Deposition- Page **1** of **3**

**YOU ARE HEREBY NOTIFIED** that, pursuant to Fed.R.Civ.P. 26, and 30, the following deposition will be taken upon oral examination of the person whose name is stated below at the time and place stated below before an officer authorized by law to administer oaths.  The deposition, upon oral examination, will be taken before a notary public, or before some other officer authorized by law to administer oaths.

**PERSON TO BE EXAMINED:**    **Carlos Bolivar**

**BEFORE WHOM TO APPEAR:**    **Tina M. Ezzell**

**DATE AND TIME OF**             **July 24, 2020 at 9:00 a.m.**
**APPEARANCE:**

**PLACE OF APPEARANCE:**    **Tiffany & Bosco, P.A.**
                                       **Seventh Floor Camelback Esplanade II**
                                       **2525 E. Camelback Road**
                                       **Phoenix, AZ  85016**
                                       **(602) 255-6000**

**METHOD OF RECORDING:**    **Stenographic**

DATED this 16th day of June, 2020.

                                TIFFANY & BOSCO, P.A.

                           By:

                                  Tina M. Ezzell
                                  Gaya Shanmuganatha
                                  Jessica I. Brown
                                  2525 East Camelback Road, Seventh Floor
                                  Phoenix, Arizona 85016
                                  *Attorneys for Defendant/Counter-*
                                  *Claimant/Plaintiff*

1
2

**CERTIFICATE OF SERVICE**

3          I hereby certify that on June 16, 2020, I emailed and mailed a copy of the foregoing
4   via U.S. Mail postage paid and via email to the following recipients:

5   Corey B. Larson                                    Kerry Garvis Wright
    Waterfall, Economidis, Caldwell,                   Glaser Weil Fink Howard Avchen &
6   Hanshaw                                            Shapiro LLP
    & Villamana, P.C.                                  10250 Constellation Boulevard, 19th Floor
7   5210 E. Williams Circle, Suite 800                 Los Angeles, CA  90067
8   Tucson, AZ  85711                                  kgarviswright@glaserweil.com
    clarson@waterfallattorneys.com                     mkawabata@glaserweil.com
9   *Attorneys for Plaintiffs/Counter-*                *Attorneys for Plaintiffs/Counter-*
10  *Defendants/Defendants*                            *Defendants/Defendants*

11

    By:
12  _____
            Rebecca C. Lewis
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-57

| From: | Jessica I. Brown |
|---|---|
| To: | "wmullen@glaserweil.com" |
| Cc: | Kerry Garvis Wright; Tina M. Ezzell; Gaya Shanmuganatha; Rebecca Lewis; Kelley Irish |
| Subject: | RE: RHN / CNA |
| Date: | Friday, June 19, 2020 4:24:20 PM |
| Attachments: | 4LQ7252-DOC# 50- ORDER re Motion for Sanctions.pdf |
| | image009.jpg |
| | image013.jpg |
| | image014.jpg |
| | image015.jpg |
| | image016.png |
| | image017.jpg |
| | image001.jpg |

Hi Will,

I work with Tina Ezzell and Gaya Shanmuganatha and am following up on Gaya's email below, from June 9, 2019, in which she restated our request, made in good faith, for the identity of the vendor your firm used when complying with the Court's order (attached).  As you can see by reviewing the correspondence below (which should provide the context/background you requested about the parties' discovery dispute), we have been requesting dates to meet and confer with you and your ESI vendor for nearly a month.

In compliance with the spirit of Fed.R.Civ.P. 37(a)(1)/Ariz.R.Civ.P. 37(a)(1), we will, in good faith, extend one last opportunity to meet and confer, by phone or video, with you and your ESI vendor by close-of-business on Tuesday, June 23, 2020, before contacting the court.

Please let us know if you and your ESI vendor will be available to meet and confer on Monday, June 22, or Tuesday, June 23, 2020.

Thank you,
Jessica

Jessica I. Brown | Attorney | 602.452.2738

cid:image003.jpg@01D5F099.26717550

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.255.6000 | F 602.255.0103
jib@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Alabama | Arizona | California | Florida | Michigan | Nevada | New Mexico

REDACTED

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RHN Incorporated,<br><br>      Plaintiff/Counter-Defendant,<br><br>v.<br><br>CNA National Warranty Corporation, et al.,<br><br>      Defendants/Counter-Claimants. | No. CV-19-02960-PHX-GMS<br>**LEAD CASE**<br><br>No. CV-19-4516-PHX-GMS<br><br>**ORDER** |
| CNA National Warranty Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>RHN Incorporated, et al.,<br><br>      Defendants. | |

Pending before the Court is Defendant Counter-Claimant CNA et al. ("CNA")'s Motion for Sanctions (Doc. 43). For the following reasons the motion is granted in part and denied in part.

## BACKGROUND

On February 13, 2020 the parties participated in a teleconference with the Court about RHN Inc. et al. ("RHN")'s alleged failure to comply with the discovery obligations imposed by the Mandatory Initial Discovery Pilot ("MIDP") project. RHN admittedly limited its initial investigation and production to Defendant Hooman Nissani and David

1    Arnold, who provide technology support services to RHN and conducted the searches at
2    issue. As a result, CNA claimed RHN failed to (1) conduct a reasonable investigation;
3    (2) identify custodians who possess relevant ESI; and (3) collect, review and produce
4    relevant information. RHN asserted that it produced all relevant documents because Mr.
5    Nissani was the only person who had communications with CNA and other relevant parties
6    in relation to the formation and terms of the Dealership Override Agreement ("Override
7    Agreement"), which forms part of the dispute in this action. During the February 13, 2020
8    teleconference the Court invited CNA to file a motion for sanctions to demonstrate that
9    RHN's production was deficient. This motion followed.

10                                        **DISCUSSION**

11           General Order 17-08 codifies the MIDP program. It requires parties to
12   (1) investigate and identify all relevant custodians who have or would be expected to have
13   relevant information; (2) investigate and identify where all relevant information is located;
14   and (3) properly search and produce all relevant information in accordance with the parties'
15   ESI protocol. Relevant information under the MIDP includes information that may be
16   relevant to *any parties claims or defenses.*

17           Mr. Nissani explained he "understood the parameters of the search to include
18   communications about the formation and terms of the [O]verride [A]greement." (Doc 44-
19   2 at 2.) RHN never claims to have investigated, searched, or produced any information
20   with respect to the several other claims and defenses at issue in this complex counter-action
21   suit.[1] Thus, the Court finds RHN failed to comply with the MIDP's obligations.

---

22   [1] CNA identifies the following claims and defenses at issue in this action:
23        1. How the "business arrangement to sell automobile warranties" was presented to
             RHN;
24        2. RHN's understanding of the business arrangement to sell automobile warranties;
          3. The negotiation and formation of the Dealership Override Agreement with
             Advance Payment ("Override Agreement");
25        4. RHN's performance or breach under the Override Agreement;
          5. RHN's contention that CNA agreed to modify the terms of the Override
26           Agreement;
          6. RHN's contention that CNA failed to comply with the Override Agreement;
27        7. The negotiation and formation of a profit-sharing agreement;
          8. RHN's contention that CNA failed to comply with the parties' profit-sharing
28           agreement;
          9. CNA's contention that Mr. Nissani's financial statements were false; and

- 2 -

Even if the formation and terms of the Override Agreement comprised the only dispute in this action, RHN's production was deficient. First, RHN claims that Mr. Nissani was the only person with decision-making authority and, therefore, was the only person who possessed relevant communications. However, Mr. Arnold admits that RHN failed to search all of Mr. Nissani's relevant email addresses. (Doc. 44-1 at 2.) Second, Mr. Nissani claims that "[t]he parties agreed to remove duplicate documents across custodians, and as a result, there is no reason to attempt to search for and collect duplicate emails from [other custodians], when Hooman Nissani was on the same emails." This argument is unavailing. The potential for duplicate emails does not excuse RHN from identifying all relevant custodians, identifying the whereabouts of all relevant ESI, and producing all relevant information. If a search of a single custodian was envisioned, the duplicate policy "across custodians" would be superfluous. RHN's argument that CNA was not prejudiced by its limited production because Mr. Nissani was copied on the emails that involved other custodians is irrelevant and cannot be sufficiently demonstrated when the documents possessed by the other custodians have never been searched.

Lastly, Mr. Nissani claims to have reviewed his SMS messages to determine which messages were relevant for production. However, given Mr. Nissani's admitted misunderstanding of his production obligations, the Court finds RHN's counsel is more equipped to make this determination. In light of the foregoing, the Court orders RHN to conduct a reasonable investigation, collection, review, and production of the ESI relevant to *all* claims and defenses at issue in this case from *all* potential custodians of such documents. The Court, however, finds no basis to grant CNA's requested "temporary reprieve from expending further resources in finishing CNA's privilege log, redactions, and document disclosures." Accordingly,

**IT IS HEREBY ORDERED** that Defendant Counter-Claimant CNA's Motion for Sanctions (Doc. 43) is **GRANTED** in part and **DENIED** in part.

---

10. RHN's defense that Mr. Nissani's financial statements were accurate. (Doc. 46 at 3.)

**IT IS FURTHER ORDERED** that RHN shall:

1. Fully investigate the case by having RHN's counsel interview RHN employees and agents within **fourteen (14) days** of the date of this order;

2. Identify the names of all custodians who have ESI relevant to any party's claim or defense within **fourteen (14) days** of the date of this order;

3. Identify where – email, server, laptops, cellphones, etc. – the ESI is located within **twenty-one (21) days** of the date of this order;

4. Hire a third-party, independent vendor to search and collect the ESI from the identified sources and custodians in accordance with the parties' ESI protocol within **thirty (30) days** of the date of this order;

5. Have RHN's counsel review the collected information and determine what is/is not relevant to all claims and defenses within **forty (40) days** of the date of this order;

6. Have RHN's vendor produce the relevant information **forty (40) days** from the date of this Order and in accordance with the parties' ESI protocol;

7. Pay CNA the fees and costs it incurred in pursing RHN's compliance with the MIDP. CNA must submit documentation in compliance with LRCiv 54.2 for the Court to determine the amount of the sanctions award within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** denying CNA a temporary reprieve from finishing its privilege log, redactions, and document disclosures. CNA shall continue discovery in accordance with the rules of the Civil Procedure, Local Rules, and Case Management Order (Doc. 41).

Dated this 9th day of April, 2020.

G. Murray Snow
Chief United States District Judge

# EXHIBIT A-58

| From: | William Mullen |
|---|---|
| To: | Jessica I. Brown |
| Cc: | Kerry Garvis Wright; Tina M. Ezzell; Gaya Shanmuganatha; Rebecca Lewis; Kelley Irish |
| Subject: | RE: RHN / CNA |
| Date: | Tuesday, June 23, 2020 3:25:41 PM |
| Attachments: | image002.jpg |
| | image003.png |
| | image004.jpg |
| | image005.jpg |
| | image006.jpg |
| | image007.jpg |
| | image008.jpg |

Jessica,

I'm responding to your June 19, 2020 e-mail below. The previous correspondence that you referenced in your e-mail regarding CNA's request to meet and confer with us and our third-party vendor was in the context of RHN's May 19, 2020 production. As you know, this production was reproduced in its entirety by RHN to conform to the various formatting specifications, on May 26 and May 28, 2020. Since the latest production on May 28, we have not received any correspondence from your office about an interest to meet and confer with respect to these revised productions. Nor has your office identified any purported deficiencies since RHN's May 28, 2020 production. We also believe that a request to meet and confer with our third-party vendor is not appropriate, particularly since the Court's April 9, 2020 Order does not require that RHN identify their vendor to CNA or that the vendor participate in any discussions with CNA about RHN's productions.

As I requested in my June 9, 2020 e-mail to Gaya, please e-mail us any outstanding questions/issues that CNA wants further information about which pertain to RHN's May 26 and May 28, 2020 productions. Also, if CNA still maintains that a discussion with RHN's vendor is warranted, please explain the grounds which justify such a meet and confer including any legal authority that permits such a dialogue with an opposing party's discovery vendor.

    We look forward to receiving any questions regarding RHN's current document productions, so we can answer your inquiries in a written response and discuss further over the phone if necessary. Best, Will



**William C. Mullen | Attorney at Law**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 |Direct: 310.556.7883 | Fax: 310.843.2683
E-Mail: wmullen@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

REDACTED

# EXHIBIT A-59

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Snow_Chambers@azd.uscourts.gov |
| **Cc:** | Kerry Garvis Wright; William Mullen; Jessica I. Brown; Tina M. Ezzell; Rebecca Lewis; Kelley Irish |
| **Subject:** | RHN, Inc. v. CNA National Warranty Corporation, et al., CV-19-02960-PHX-GMS |
| **Date:** | Tuesday, June 23, 2020 5:36:00 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image005.jpg |

Hello,

Pursuant to the Court's Case Management Order, Defendant/Counter-Plaintiff CNA National Warranty Corporation ("CNA") requests a telephonic conference with Judge Snow. Specifically, CNA has asked RHN *et al*. ("RHN") to identify the ESI vendor(s) RHN utilized to comply with the Court's April 9, 2020 Order [Doc. 50] and provide dates that RHN's ESI vendor(s) could be deposed.  RHN has refused to identify the ESI vendor(s) they utilized and has failed to provide deposition dates.  As a result, CNA requests a conference with Judge Snow to resolve this issue.

Thank you.

Sincerely,

Gayathiri Shanmuganatha
Counsel for CNA

tblogo



Gaya Shanmuganatha | Attorney
Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
-
Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



# EXHIBIT A-60

REDACTED

**From:** Kerry Garvis Wright [mailto:kgarviswright@glaserweil.com]
**Sent:** Tuesday, June 23, 2020 5:41 PM
**To:** Tina M. Ezzell <TME@tblaw.com>
**Cc:** William Mullen <wmullen@glaserweil.com>
**Subject:** Fwd: RHN, Inc. v. CNA National Warranty Corporation, et al., CV-19-02960-PHX-GMS

Tina, give me a call tomorrow please.  It relates to mediation.  Kerry

REDACTED

Hello,

Pursuant to the Court's Case Management Order, Defendant/Counter-Plaintiff CNA National Warranty Corporation ("<u>CNA</u>") requests a telephonic conference with Judge Snow.  Specifically, CNA has asked RHN *et al*. ("<u>RHN</u>") to identify the ESI vendor(s) RHN utilized to comply with the Court's April 9, 2020 Order [Doc. 50] and provide dates that RHN's ESI vendor(s) could be deposed.  RHN has refused to identify the ESI vendor(s) they utilized and has failed to provide deposition dates.  As a result, CNA requests a conference with Judge Snow to resolve this issue.

Thank you.

Sincerely,

Gayathiri Shanmuganatha
Counsel for CNA

tblogo

Gaya Shanmuganatha | Attorney
Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
<u>gs@tblaw.com</u> | <u>Bio</u> | <u>vCard</u> | <u>Website</u> | <u>Practice Areas</u>

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.
If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have
received the message in error, then delete it.  Thank you.

Although Glaser Weil attorneys and staff are working remotely in order to reduce the risks associated with COVID-19, we will continue doing our utmost to provide prompt, professional service to and on behalf of our clients. Thank you for your understanding.

# EXHIBIT A-61

REDACTED

---

**From:** Godwin, David [mailto:david.godwin@squirepb.com]
**Sent:** Friday, June 26, 2020 1:27 PM
**To:** Kerry Garvis Wright <kgarviswright@glaserweil.com>; wmullen@glaserweil.com
**Cc:** Tina M. Ezzell <TME@tblaw.com>
**Subject:** CNAN v Nissani [I-AMS.FID4684436]

Dear Kerry and Will, following my call with Kerry today, CNAN is prepared to stipulate to the following:

- Continue the Court conference now set for Monday to a date after the mediation, if necessary;
- Defer the fact depositions to after the mediation with an agreed schedule for each witness ( schedule to be agreed upon prior to the mediation);
- Agree to extend the discovery deadline from August 28, 2020 to October 30, 2020; and
- Extend the dispositive motion deadline to December 4, 2020

This is subject to the mediation occurring as represented to the Court in the June 11, 2020 Stipulation.

Please let us know this afternoon if this is acceptable.  We are available this afternoon to

discuss further as well.

Best, Dave

**G. David Godwin**
Partner
Squire Patton Boggs (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111
T  +1 415 743 2554
O  +1 415 954 0200
F  +1 415 393 9887
david.godwin@squirepb.com | squirepattonboggs.com

-----------------------------------------------------------------
45 Offices in 20 Countries.

This message is confidential and may be legally privileged or otherwise protected from
disclosure. If you are not the intended recipient, please telephone or email the sender and
delete this message and any attachment from your system; you must not copy or disclose the
contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes EU personal data that is subject to
the requirements of the EU General Data Protection Regulation, please see our Privacy Notice
regarding the processing of EU personal data about clients and other business contacts
pursuant to the GDPR at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs,
which operates worldwide through a number of separate legal entities. Please visit
www.squirepattonboggs.com for more information.

#US
-----------------------------------------------------------------

# EXHIBIT A-62

| From: | Tina M. Ezzell |
|---|---|
| To: | William Mullen; Kerry Garvis Wright |
| Cc: | Dave Godwin (david.godwin@squirepb.com); Gaya Shanmuganatha |
| Subject: | resetting call with Court re ESI production disputes and demand for supplemental MIDP disclosures from RHN et al. (CNAN) |
| Date: | Thursday, August 6, 2020 2:12:48 PM |
| Attachments: | 4MC6714-RHN"s Failure to Comply.DOCX |
| | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.png |

Will and Kerry,

### A.  Rescheduling ESI Dispute with the Court.

In light of the fact that the parties were unable to reach a resolution at the mediation on July 30, 2020, we need to reschedule our call with the Court about the parties' ESI dispute.  Please let us know when you are available to jointly call the Court and schedule a telephonic hearing with Judge Snow.  Also, attached is a list of the issues we intend to raise with the Court.

### B.  Supplement RHN's MDIP Responses – Damages.

As you know, this case is subject to General Order 17-08.  The General Order provides that the parties must disclose "a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered."  [General Order, ¶ 5]. CNA recently learned of your clients' damages calculation including via Mr. Nissani's July 31, 2020 Declaration in the California matter. This calculation has not been formally disclosed in this matter and, to the extent your clients contend those calculations are relevant here, they should be disclosed along with all supporting information, documents, and other material. We also learned, for the first time, that RHN, et al. are disputing CNA's spreadsheets and calculations.  Indeed, while Mr. Kawabata was involved in the litigation, Mr. Kawabata maintained that RHN et al. would rely on CNA's spreadsheets and, as a result, contended that the production of RHN et al.'s consumer contracts and checks was unnecessary. However, in light of Mr. Nissani's July 31, 2020 damages calculation, please confirm if there has been a change of position. RHN et al. must comply with the General Order and supplement MIDP responses with "each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered."

Additionally, RHN et al.'s damages calculation is based upon the premise the "Profit-Sharing Agreement" was effective from January 1, 2018.  However, RHN et al. have not produced any documents that support that contention. Please produce any documents in support of that contention – especially since this contention drives the $3.3 million dollar offset RHN, et al. is attempting to afford themselves. Please supplement your clients' MIDP disclosures with the fulsome information to which CNAN is entitled.

Nor have RHN, et al. explained how they can be the beneficiaries of the profit sharing accounts (or be owed any profit derived from VSC premiums) when Hailey Reinsurance is the actual recipient of premium funds remaining, if any, once the VSCs expire.  We previously

brought up issues relating to RHN et al.'s standing to bring these claims, yet there has been no MIDP disclosure from your clients about it. Please supplement your clients' MIDP disclosures to address the apparent discrepancies between the reinsurance contracts and your clients' claims in this case.

If we do not receive a supplemental MIDP by August 14, 2020, we will raise these failures with the Court as well.

### C.  Supplement RHN's MDIP Responses – Reinsurance & Deposits.

RHN et al.'s MIDP responses and representations in this litigation have been inconsistent about when and how Mr. Nissani provided the handwritten alterations to the Override Agreement to CNAN. Accordingly, RHN et al. must supplement their MIDP. We also request RHN et al. supplement its MIDP about when Hailey Reinsurance was formed and when Hailey's trust bank account at BOK Financial was opened.  We also request RHN et al. supplement its MIDP by clarifying which banks or financial institutions Mr. Nissani communicated he wanted Hailey's account to be located and when he communicated it and to whom.  And if there are writings reflecting these communications, please identify and produce those documents as well.

If we do not receive a supplemental MIDP by August 14, 2020, we will raise this failure with the Court as well.

### _D._  Real Property Valuations, Encumbrances, LLC Memberships, and Income/ Payments From and For Properties Owned by LLCs.

As set forth in CNAN's reply to your clients' opposition to CNAN's motion to amend its complaint to add parties (LLCs) and a cause of action for fraudulent conveyance, your clients have failed to disclosure anything about the properties listed on Hooman Nissani's financial statement, including proof of the value of the properties and any encumbrances at the time of the financial statement and now, the ownership of the properties at the time of the financial statement and now, and the ownership/membership of the LLCs that own the properties listed on the financial statement, including the six LLCs which CNAN has added as defendants to its action, both at the time of the financial statement and now.  Insofar as Mr. Nissani asserts in his declaration (submitted with your clients' opposition to CNAN's motion to amend its complaint) that the LLCs are not owned solely by him, your MIDP disclosure must  include, among other information, the LLCs' formation documents, documents that show the ownership/ membership of the LLCs at the time of the financial statement, any documents that reflect the ownership/ membership of the LLCs now, and all documents that reflect when any and all changes to the ownership/ membership were effected, and any consideration provided by the members of the LLCs when the members were added to the LLCs.

Further, Mr. Nissani's declaration indicates the LLCs do not obtain or disburse income. Therefore, please provide us disclosure (including documents) pertaining to who receives rents, etc., from the properties owned by the LLCs and who pays encumbrances on the properties, including mortgages.  Please be sure to include lease agreements.  If the LLCs allow some persons or entities to use their property without paying rent, please identify the persons or entitles using the property without charge and the ownership of those entities.

If we do not receive a supplemental MIDP by August 14, 2020, we will raise this failure with

the Court as well.

Tina M. Ezzell | Shareholder | 602.452.2747



Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada

On April 9, 2020, the Court ordered RHN Inc. and related parties (collectively "RHN") to:

1. Fully investigate the case by having RHN's counsel interview RHN employee and agents within fourteen (14) days;
2. Identify the names of all custodians who have ESI relevant to any party's claim or defense within fourteen (14) days;
3. Identify where the ESI is located within twenty-one (21) days;
4. Hire a third-party, independent vendor to search and collect the ESI from the identified sources and custodians in accordance with the parties' ESI protocol within thirty (30) days;
5. Have RHN's counsel review the collected information and determine what is/is not relevant to all claims and defenses within forty (40) days;
6. Have RHN's vendor produce the relevant information forty (40) days; and
7. Pay CNA the fees and costs it incurred in pursuing RHN's compliance.

Despite the Court's order and accompanying sanctions, RHN and, troublingly, RHN's counsel have failed to comply with the Court's Order in good faith, have refused to participate in a meaningful meet and confer, and have refused to respond to correspondence about RHN's non-compliance with the Court's Orders and Local Rules.

For the reasons outlined below, CNA has a good faith basis to believe that RHN and its counsel have failed to interview RHN's employees and agents, failed to utilize an independent, third-party vendor to search, collect, and produce the ESI, and spoliated evidence after RHN should have reasonably anticipated litigation.  As a result, CNA is asking the Court to Order:

1. RHN to identify the independent vendor(s) it utilized to search, collect, and produce the ESI;
2. RHN to provide dates the vendor is available to be deposed;
3. That CNA can subpoena the vendor(s) Statement of Work and all communications regarding the scope of the search, collection, and production;
4. RHN's counsel to respond to CNA's counsel's emails within three (3) business days;
5. RHN's counsel to participate in meaningful meet and confers (RHN's counsel should either educate themselves about the topic to be discussed prior to the meet and confer or ensure that the person who is able to speak about the subject is on the phone during the meet and confer);
6. RHN to identify a representative who will be able to talk about the investigation RHN conducted to comply with the Court's April 9, 2020 Order; and
7. Produce RHN's "log" of efforts that RHN compiled in order to demonstrate RHN's compliance with the Court's April 9, 2020 Order.

**RHN Failed to Identify the Names of All Custodians Who Have ESI Relevant to Any Party's Claims or Defenses**.

On February 13, 2020, the parties had a telephonic conference with the Court.  During this conference, Mr. Kawabata, counsel for RHN, avowed to the Court that Hooman Nissani ("Mr. Nissani") and David Arnold ("Mr. Arnold") were the only persons with information that was relevant to this case.  [Doc. 42].  CNA disputed the truthfulness of this avowal.  *Id.*  As a result,

the Court ordered CNA to file a motion for sanctions establishing that people other than Mr. Nissani and Mr. Arnold have ESI that is relevant to this case.  *Id*.  CNA did so.  [Doc. 43]. Specifically, without interviewing RHN's employees or agents, CNA was able to identify at least six (6) additional custodians that have ESI relevant to this case.  *Id*.  In light of CNA's showing, the Court ordered RHN's counsel "to conduct a reasonable investigation, collection, review, and production of the ESI relevant to *all* claims and defenses at issue in this case from *all* potential custodians of such documents."  [Doc. 50 (emphasis in original)].

On April 23, 2020, the due date for RHN's identification of custodians of ESI, Mr. Kawabata, counsel for RHN, sent a brief email that simply stated "[w]e have no additional custodians to identify at this time."  [**Ex. A**, Apr. 23, 2020 E-Mail from M. Kawabta].  In other words, it appeared that RHN was amazingly maintaining that only Mr. Arnold and Mr. Nissani had information that was relevant to the case.  Due the paucity of useful information, and after repeated attempts, CNA finally wrangled RHN's counsel to commit to a conference call to discuss RHN's disclosure.

During the April 29, 2020 meet and confer, Kerry Garvis-Wright, counsel for RHN, represented that the names Mr. Kawabata meant to identify where: Hooman Nissani, Rayan Nissani, David Arnold, Blanca Vargas, Vannak Kong, and Maria Virrueta.  Ms. Garvis-Wright committed to clarifying Mr. Kawabata's email in writing.

However, instead of clarifying Mr. Kawabata's email consistent with her representations during the meet and confer, Ms. Garvis-Wright's "clarifying" email spun a new narrative.  Specifically, following the meet and confer, Ms. Garvis-Wright proclaimed that "there are no additional ESI custodians over and above those previously identified, namely: Hooman Nissani, Rayan Nissani, and David Arnold."  [**Ex. B**, Apr. 29, 2020 E-Mail from K. Garvis-Wright].  Ms. Garvis-Wright has failed to respond to various correspondence from CNA's counsel seeking clarification about Ms. Garvis-Wright's about face.  [**Ex. C**, Apr. 30, 2020 E-Mail from G. Shanmuganatha, May 21, 2020 E-Mail from G. Shanmuganatha, May 29, 2020 E-Mail from G. Shanmuganatha, June 5, 2020 E-Mail from G. Shanmuganatha].

RHN's claim that Mr. Nissani, Rayan Nissani, and Mr. Arnold are the only custodians who have ESI relevant to the case is belied by the fact that: (1) RHN identified that **Blanca Vargas**, **Vannak Kong**, and **Maria Virrueta** are "persons likely to have discoverable information relevant to any party's claims or defenses" [**Ex. D**, Nov. 25, 2019 RHN's Supplemental MIDP Disclosure], (2) CNA identified **Blanca Vargas**, **Vannak Kong**, **Maria Virrueta**, **Andrea Garcia**, and **Jessica Virrueta** as custodians, and (3) RHN failed to identify **Babak Sarraf**, a person who was required to sign the Override Agreement at the heart of this dispute, as a custodian.  As a result, RHN has failed to comply with the Court's Order and failed to identify all custodians who have ESI relevant to any party's claim or defense.

## RHN Failed to Identify where the ESI was Located and Failed to Collect ESI from all Sources

On April 30, 2020, Mr. Kawabata disclosed that RHN's ESI was located on:

1. Email servers in the possession of Hooman Nissani;

2.  Computers in the possession of Hooman Nissani and David Arnold; and
3.  Cell phones in the possession of Hooman Nissani, David Arnold, and Rayan Nissani.

[**Ex. E**, Apr. 30, 2020 E-Mail from M. Kawabata].  While the Court's order required RHN to "[i]dentify where – email, server, laptops, cellphones, etc. – the ESI is located", RHN failed to identify the email accounts with the relevant information, Rayan Nissani's computer, laptops, or iPads.  Moreover, because RHN failed to identify all custodians who have ESI that is relevant to the case – like Blanca Vargas, Vannak Kong, Maria Virrueta, Andrea Garcia, Jessica Virrueta, and Babak Sarraf - RHN necessarily failed to identify where their ESI is located.

**Failed to Comply with the Parties' ESI Protocol**

On May 19, 2020, RHN purported to produce all of the information that RHN's counsel determined "is/is not relevant to all claims and defenses" in this case.  [**Ex. F**, May 19, 2020 E-Mail from K. Garvis-Wright].  RHN was ordered to produce the information in accordance with the Parties' ESI protocol.  [Doc. 50].  RHN's production failed to comply with any aspect of the Parties' ESI protocol.  On May 20, 2020, CNA notified RHN of its deficient production (no load, image or OCR files for any of the data, the three PDFs are just a compilation of emails and attachments, not broken apart separately, etc.).  [**Ex. G**, May 20, 2020 E-Mail from G. Shanmuganatha].  On May 26, 2020, RHN produced a "re-formatted" ESI production.  [**Ex. H**, May 26, 2020 E-Mail from K. Garvis-Wright].  The "re-formatted" production, spanning a total of 1,185 pages, was also not compliant with the Parties' ESI protocol.  [**Ex. I**, Aff. of B. Lehman, ¶ _].

The first three documents were compilations of emails.  The breakdown is as follows:

| Document Number | Bates Range | Number of Parent Emails *Including* Duplicates *Within* the Document | Number of Attachments | Total Pages |
|---|---|---|---|---|
| 1 | RHM00001-129 | 77 | 0 | 129 |
| 2 | RHM00130-289 | 56 | 11 | 160 |
| 3 | RHM00290-707 | 6 | 2 | 418 |
| **TOTAL** | | **139** | **13** | **707** |

The Parties' ESI protocol provided that RHN was required to provide nineteen (19) metadata fields.  [**Ex. J**, Parties' ESI Protocol].  Though the first three (3) documents contained 139 parent emails, 13 attachments, and 707 pages, RHN failed to produce any metadata load files for the first 707 pages that were produced.  [Ex. I, Aff. of B. Lehman, ¶ _].  The Parties' ESI protocol provided that the production should indicate ESI family relationship – specifically parent email and child attachments.  There was no indication as to the ESI family relationship in 139 parent emails and 13 attachments.  [Ex. I, Aff. of B. Lehman, ¶ _].

Importantly, the Parties' ESI Protocol provided that "[a]ll irrelevant systems files" shall be removed from the ESI production and that the Parties shall "remove duplicate emails across custodians during the collection…as well as prior to the production." Instead of de-duplicating the production and removing irrelevant files, RHN chose to produce the same document multiple times. Though the "re-formatted" production contained 223 documents and spanned 1,185 pages, RHN somehow failed to catch that more than half of the emails were duplicates. The following chart represents all of the duplicate documents:

| Source Bates | Duplicate Bates | Irrelevant Files | Total Duplicate/Irrelevant Files & Pages |
|---|---|---|---|
| RHM00001 | RHM01013 | | 1 file & 1 page |
| RHM00002-3 | RHM01159-60 | | 1 file & 2 pages |
| RHM00004-7 | RHM01155-1158 | | 1 file & 4 pages |
| RHM00008-9 | RHM01012 | | 1 file & 1 page |
| RHM00010-11 | RHM01140-41 | | 1 file & 2 pages |
| RHM00012-13 | RHM01138-39 | | 1 file & 2 pages |
| RHM00014-17 | RHM01182-85 | | 1 file & 4 pages |
| RHM00018-22 | RHM01008-1011 | | 1 file & 4 pages |
| RHM00023-24 | RHM01136-37 | | 1 file & 2 pages |
| RHM00025 | RHM01134 | | 1 file & 1 page |
| RHM00026-27 | RHM01007 | | 1 file & 1 page |
| RHM00028-29 | RHM01131-32 | | 1 file & 2 pages |
| RHM00030-31 | RHM01125 | | 1 file & 1 page |
| RHM00032 | RHM00723 | | 1 file & 1 page |
| RHM00033 | RHM00722 | | 1 file & 1 page |
| RHM00034-35 | RHM01123-24 | | 1 file & 2 pages |
| RHM00036-39 | RHM01003-1006 | | 1 file & 4 pages |
| RHM00040 | RHM00999 | | 1 file & 1 page |
| RHM00041-42 | RHM00997-998 | | 1 file & 2 pages |
| RHM00043-44 | RHM00995-996 | | 1 file & 2 pages |
| RHM00045 | RHM00994 | | 1 file & 1 page |
| RHM00046 | RHM00993 | | 1 file & 1 page |
| RHM00047 | RHM00928 | | 1 file & 1 page |
| RHM00048-49 | RHM00926-927 | | 1 file & 2 pages |
| RHM00050 | RHM01114 | | 1 file & 1 page |
| RHM00051 | RHM00878 RHM00916 | | 2 files & 2 pages |
| RHM00052-53 | RHM00914-915 | | 1 file & 2 pages |
| RHM00054-55 | RHM00912-913 | | 1 file & 2 pages |
| RHM00056 | RHM00911 | | 1 file & 1 page |
| RHM00057 | RHM00721 | | 1 file & 1 page |
| RHM00058-61 | RHM00900-902 | | 1 file & 3 pages |
| RHM00062-63 | RHM00898-899 | | 1 file & 2 pages |
| RHM00064 | RHM00720 | | 1 file & 1 page |

| | | | |
|---|---|---|---|
| RHM0065-66 | RHM00896-897 | | 1 file & 2 pages |
| RHM00067 | RHM00886 | | 1 file & 1 page |
| RHM00068 | RHM00882 | | 1 file & 1 page |
| RHM00069 | RHM00070<br>RHM01110 | | 2 files & 2 pages |
| RHM00071-73 | RHM00875-877 | | 1 file & 3 pages |
| RHM00074-76 | RHM01107-1109 | | 1 file & 3 pages |
| RHM00077-79 | RHM000872-874 | | 1 file & 3 pages |
| RHM00080-81 | RHM00871 | | 1 file & 1 page |
| RHM00082 | RHM00870 | | 1 file & 1 page |
| RHM00083 | RHM00869 | | 1 file & 1 page |
| RHM00084-87 | RHM00088-91<br>RHM00711-713<br>RHM00713-717 | | 3 files & 12 pages |
| RHM00092 | RHM00849 | | 1 file & 1 page |
| RHM00093 | RHM00848 | | 1 file & 1 page |
| RHM00094-95 | RHM01106 | | 1 file & 1 page |
| RHM00096 | RHM01164 | | 1 file & 1 page |
| RHM00097 | RHM00844 | | 1 file & 1 page |
| RHM00098 | RHM01161 | | 1 file & 1 page |
| RHM00099 | RHM01048 | | 1 file & 1 page |
| RHM00100 | RHM00843 | | 1 file & 1 page |
| RHM00101-102 | RHM00103-104<br>RHM00708-709<br>RHM00715-716 | | 2 files & 4 pages |
| RHM00105 | RHM00106<br>RHM00710<br>RHM00714 | | 3 files & 3 pages |
| RHM00107 | RHM00768 | | 1 file & 1 page |
| RHM00108 | RHM00765 | | 1 file & 1 page |
| RHM00109 | RHM00764 | | 1 file & 1 page |
| RHM00110 | RHM01016 | | 1 file & 1 page |
| RHM00111 | RHM01015 | | 1 file & 1 page |
| RHM00112 | RHM00763 | | 1 file & 1 page |
| RHM00113-114 | RHM00761-762 | | 1 file & 2 pages |
| RHM00115-116 | RHM00758-759 | | 1 file & 2 pages |
| RHM00117 | RHM00757 | | 1 file & 1 page |
| RHM00118-119 | RHM00751 | | 1 file & 1 page |
| RHM00120 | RHM00746 | | 1 file & 1 page |
| RHM00121 | RHM00745 | | 1 file & 1 page |
| RHM00122 | RHM00123<br>RHM00733 | | 3 files & 3 pages |

| | RHM00739 | | |
|---|---|---|---|
| RHM00124 | RHM00732 | | 1 file & 1 page |
| RHM00125 | RHM00727 | | 1 file & 1 page |
| RHM00126-127 | RHM00725-726 | | 1 file & 2 pages |
| RHM00128 | RHM00724 | | 1 file & 1 page |
| RHM00129 | RHM01014 | | 1 file & 1 page |
| | RHM00713, RHM00719, RHM00736, RHM00742 | Doxsee Foster Signature | 4 files & 4 pages |
| | RHM00735, RHM00741, RHM00809, RHM00810, RHM00811, RHM00812, RHM00813, RHM00814, RHM00815, RHM00816, RHM00817, RHM00818, RHM00819, RHM00820, RHM00821, RHM00822, RHM00823, RHM00824, RHM00825, RHM00826, RHM00827, RHM00828, RHM00829, RHM00830, RHM00908, RHM00909, RHM00910, RHM00929 | Blank Page | 28 files & 28 pages |
| | RHM00734, RHM00740 | Marc's Signature | 2 files & 2 pages |
| | RHM00831, RHM00845, RHM00850, RHM00879 | Carlos's Signature | 9 files & 9 pages |

| | RHM00883,<br>RHM00887<br>RHM00917,<br>RHM01111<br>RHM01162 | | |
|---|---|---|---|
| | | **TOTAL** | Files - 124<br>Pages - 171 |

### RHN Spoliated/Failed to Produce All Relevant Information From All Custodians Who Have ESI Relevant to Any Party's Claims or Defenses.

Following the Court's April 9, 2020 Order, RHN has failed to produce:

- Emails between Rayan Nissani and Hooman Nissani;
- Emails between Hooman Nissani and Babak Sarraf (the third person who signed the Override Agreement at the heart of this case);
- Emails between Rayan Nissani and Babak Sarraf;
- Emails between Babak Sarraf and RHN employees and RHN agents (Doxsee Foster, GPW, CPA);
- Though RHN contented that there was relevant ESI on "cell phones", RHN failed to produce:
  - o Text messages between Rayan Nissani and Hooman Nissani;
  - o Text messages between Hooman Nissani and Babak Sarraf;
  - o Text messages between David Arnold and Hooman Nissani;
  - o Text messages between David Arnold and RHN employees and RHN agents (Doxsee Foster, GPW, CPA);
  - o Text messages between Rayan Nissani and RHN employees and RHN agents (Doxsee Foster, GPW, CPA);
  - o Text messages between Hooman Nissani and RHN employees and RHN agents (Doxsee Foster, GPW, CPA);

Moreover, an analysis of the documents produced by CNA and Doxsee Foster demonstrates that RHN failed to produce relevant communication. The following chart demonstrates: (1) the communications between CNA and RHN that CNA produced (in blue), (2) the communications between Doxsee Foster and RHN that Doxsee Foster produced (in green), and (3) the communications between RHN and CNA and RHN and Doxsee Foster that RHN produced (in orange).

| From | To/CC | Emails | Email Page Count | Full Family | Full Family Page Count |
|---|---|---|---|---|---|
| **CNA'S PRODUCTION** | | | | | |
| CNA | RHN (nissanibros.com) | 23 | 32 | 54 | 181 |

| RHN (nissanibros.com) | CNA | 52 | 98 | 89 | 647 |
|---|---|---|---|---|---|
| | TOTAL | 75 | 130 | 143 | 828 |
| RHN'S PRODUCTIONS (MIDP002; MIDP004; PROD001) *INCLUDING DUPLICATES* | | | | | |
| CNA | RHN (nissanibros.com) | 10 | 16 | 14 | 42 |
| RHN (nissanibros.com) | CNA | 16 | 29 | 24 | 93 |
| | TOTAL | 26 | 45 | 38 | 135 |
| DIFFERENCE (RHN'S PRODUCTION & CNA'S PRODUCTION) | | | | | |
| | TOTAL | - 49 | - 85 | - 105 | - 693 |

| From | To/CC | Emails | Email Page Count | Full Family | Full Family Page Count |
|---|---|---|---|---|---|
| DOXSEE FOSTER'S PRODUCTION | | | | | |
| Doxsee Foster | RHN (nissanibros.com) | 147 | 326 | 278 | 531 |
| RHN (nissanibros.com) | Doxsee Foster | 48 | 133 | 49 | 134 |
| Doxsee Foster | RHN (hoomanautomotive.com) | 14 | 26 | 18 | 30 |
| RHN (hoomanautomotive.com) | Doxsee Foster | 0 | 0 | 0 | 0 |
| | TOTAL | 209 | 485 | 345 | 695 |
| RHN'S PRODUCTIONS (MIDP002; MIDP004; PROD001) *INCLUDING DUPLICATES* | | | | | |
| Doxsee Foster | RHN (nissanibros.com) | 106 | 165 | 372 | 767 |
| RHN (nissanibros.com) | Doxsee Foster | 24 | 47 | 26 | 49 |
| Doxsee Foster | RHN (hoomanautomotive.com) | 10 | 20 | 20 | 32 |
| RHN (hoomanautomotive.com) | Doxsee Foster | 0 | 0 | 0 | 0 |
| | TOTAL | 140 | 232 | 418 | 848 |
| DIFFERENCE (RHN'S PRODUCTION & DOXSEE FOSTER'S PRODUCTION) | | | | | |
| | TOTAL | - 69 | - 253 | 73 | -153 |

As demonstrated by the above, RHN failed to produce more than 100 emails, more than 300 pages of emails, and almost 850 pages of attachments that others produced. Based on all of the information, above, it is apparent that RHN did not comply with this court's order and failed to

produce information to which CNAN does not otherwise have access (the significant of which is unknown because CNAN has not seen it).  CNAN seeks to depose the vendor utilized by RHN to ascertain the extent of RHN's noncompliance.  RHN will not identify its vendor.

# EXHIBIT A-63

| | |
|---|---|
| **From:** | William Mullen |
| **To:** | Tina M. Ezzell |
| **Cc:** | Dave Godwin (david.godwin@squirepb.com); Gaya Shanmuganatha; Kerry Garvis Wright |
| **Subject:** | RE: resetting call with Court re ESI production disputes and demand for supplemental MIDP disclosures from RHN et al. (CNAN) |
| **Date:** | Friday, August 7, 2020 4:15:55 PM |
| **Attachments:** | image005.jpg |
| | image006.png |
| | image007.jpg |
| | image008.jpg |
| | image009.png |
| | image010.jpg |
| | image011.png |

Tina,

Kerry is in arbitration all next week, so we are available to jointly call the Court on Tuesday, August 18 at 11:00 a.m. to request a telephone conference with Judge Snow.  Let us know if that works for your side.  Thanks.



**William C. Mullen | Attorney at Law**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 |Direct: 310.556.7883 | Fax: 310.843.2683

E-Mail: wmullen@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

REDACTED

# EXHIBIT A-64

| | |
|---|---|
| **From:** | Tina M. Ezzell |
| **To:** | William Mullen |
| **Cc:** | Dave Godwin (david.godwin@squirepb.com); Gaya Shanmuganatha; Kerry Garvis Wright |
| **Subject:** | RE: resetting call with Court re ESI production disputes and demand for supplemental MIDP disclosures from RHN et al. (CNAN) |
| **Date:** | Monday, August 10, 2020 9:25:44 AM |
| **Attachments:** | image001.jpg<br>image002.png<br>image003.jpg<br>image004.png<br>image005.jpg<br>image006.png<br>image007.jpg |

Will,

The first time we get on the phone with the Court will be with the Court's JA to schedule the telephonic conference with Judge Snow.  We do not need Kerry to be involved in the call with the JA.  All we need is a representative for the Defendant (which can be you).  So please let me know when you can get on the phone with us so that we can jointly call the JA to schedule a time to have a conference with Judge Snow. I suggest early afternoon tomorrow.

Thank you.

Tina M. Ezzell | Shareholder | 602.452.2747



Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada

REDACTED

# EXHIBIT A-65

| | |
|---|---|
| **From:** | Tina M. Ezzell |
| **To:** | William Mullen |
| **Cc:** | Dave Godwin (david.godwin@squirepb.com); Gaya Shanmuganatha; Kerry Garvis Wright |
| **Subject:** | RE: resetting call with Court re ESI production disputes and demand for supplemental MIDP disclosures from RHN et al. (CNAN) |
| **Date:** | Monday, August 10, 2020 10:47:19 AM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.png |
| | image005.jpg |
| | image006.png |
| | image007.jpg |

Will,

Would you please inform us of the RHN parties' intent with regard to our demand for substantive disclosure under the MIDP, below (as opposed to calling the court about the ESI dispute)?

Tina M. Ezzell | Shareholder | 602.452.2747

Description: tblogo

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada

blf-badge-2018

REDACTED

# EXHIBIT A-66

| **From:** | Tina M. Ezzell |
|---|---|
| **To:** | William Mullen |
| **Cc:** | Dave Godwin (david.godwin@squirepb.com); Gaya Shanmuganatha; Kerry Garvis Wright |
| **Subject:** | RE: resetting call with Court re ESI production disputes and demand for supplemental MIDP disclosures from RHN et al. (CNAN) |
| **Date:** | Tuesday, August 11, 2020 2:19:47 PM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.png |
| | image005.jpg |
| | image006.png |
| | image007.jpg |

Will and Kerry,

We need to know whether your clients intend to supplement their MIDP responses with the info mentioned in the earliest email below.  We are certain the Court would prefer for us to communicate about such things.  Please advise whether they intend to supplement and by when, if so.  Thank you.

Tina M. Ezzell | Shareholder | 602.452.2747



Description: tblogo

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada

blf-badge-2018

REDACTED

# EXHIBIT A-67

| From: | Tina M. Ezzell |
|---|---|
| To: | William Mullen |
| Cc: | Dave Godwin (david.godwin@squirepb.com); Gaya Shanmuganatha; Kerry Garvis Wright |
| Subject: | RE: resetting call with Court re ESI production disputes and demand for supplemental MIDP disclosures from RHN et al. (CNAN) |
| Date: | Tuesday, August 11, 2020 2:26:23 PM |
| Attachments: | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.png |
| | image005.jpg |
| | image006.png |
| | image007.jpg |

Kerry and Will,

Is there some reason Will, or someone else if the two of you are unavailable, cannot get on the phone with the Court's staff to ascertain the Court's availability for the call about the parties' ESI dispute on the 18th, the date you indicated Kerry is available for it?  We would prefer to adopt the most cooperative approach. Please respond so we can get on the Court's calendar.

Tina M. Ezzell | Shareholder | 602.452.2747



Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.7747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada

REDACTED

# EXHIBIT A-68

| | |
|---|---|
| **From:** | William Mullen |
| **To:** | Tina M. Ezzell |
| **Cc:** | Dave Godwin (david.godwin@squirepb.com); Gaya Shanmuganatha; Kerry Garvis Wright |
| **Subject:** | RE: resetting call with Court re ESI production disputes and demand for supplemental MIDP disclosures from RHN et al. (CNAN) |
| **Date:** | Wednesday, August 12, 2020 11:43:25 AM |
| **Attachments:** | image005.jpg |
| | image006.png |
| | image007.jpg |
| | image008.jpg |
| | image009.png |
| | image010.jpg |
| | image011.png |

Tina,

We are reviewing the "list of the issues" – attached to your August 6 e-mail – which CNA intends to raise with the Court about the ESI dispute.  I will get back to you shortly on when we can call the Court to schedule the telephonic hearing with Judge Snow.  Will



**William C. Mullen | Attorney at Law**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 |Direct: 310.556.7883 | Fax: 310.843.2653
E-Mail: wmullen@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

REDACTED

# EXHIBIT A-69

| | |
|---|---|
| **From:** | Tina M. Ezzell |
| **To:** | William Mullen |
| **Cc:** | Dave Godwin (david.godwin@squirepb.com); Gaya Shanmuganatha; Kerry Garvis Wright |
| **Subject:** | RE: resetting call with Court re ESI production disputes and demand for supplemental MIDP disclosures from RHN et al. (CNAN) |
| **Date:** | Wednesday, August 12, 2020 5:05:07 PM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.png |
| | image005.jpg |
| | image006.png |
| | image007.jpg |

*Will/ Kerry,*

*In order to avoid further delay, and based on the fact that Kerry is available for a call with the court on Tuesday, August 18 at 11 am, we plan to email the court and let them know your and our August 18 availability to discuss the ESI issues.  These are not new issues, but the same issues we have been attempting to have you address for months.  If after you further consider the list of issues you believe something can be worked on or worked out, you can reach out to us and if it can be worked out, we can always cancel the conference.*

Tina M. Ezzell | Shareholder | 602.452.2747

Description: tblogo

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada

blf-badge-2018

REDACTED

# EXHIBIT A-70

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | AZDdb_Snow Chambers |
| **Cc:** | Kerry Garvis Wright; William Mullen; Jessica I. Brown; Tina M. Ezzell; Rebecca Lewis; Kelley Irish |
| **Subject:** | RE: RHN, Inc. v. CNA National Warranty Corporation, et al., CV-19-02960-PHX-GMS |
| **Date:** | Thursday, August 13, 2020 2:19:00 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image006.jpg |
| | image007.jpg |
| | image003.jpg |

Hello,

The parties jointly request a telephonic conference with Judge Snow about the parties ESI dispute.  Counsel for RHN *et al*. are copied on this communication.  The parties are aware that Judge Snow's Case Management Order asks the parties to jointly call the court to request the conference.  Though a joint call has been requested since August 6, 2020, counsel for RHN *et al*. informed us that they unable to join a telephonic conference as a result of being in an arbitration.  Counsel for both parties have confirmed that they are available to have a call with the Court on Tuesday August 18, 2020 at 11:00 am.

Thank you.

Sincerely,

Gayathiri Shanmuganatha
Counsel for CNA



tblogo

Gaya Shanmuganatha | Attorney
Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
-
Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.  If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



REDACTED

# EXHIBIT A-71

| **From:** | Tina M. Ezzell |
|---|---|
| **To:** | William Mullen |
| **Cc:** | Dave Godwin (david.godwin@squirepb.com); Gaya Shanmuganatha; Kerry Garvis Wright |
| **Subject:** | RE: resetting call with Court re ESI production disputes and demand for supplemental MIDP disclosures from RHN et al. (CNAN) |
| **Date:** | Sunday, August 16, 2020 4:12:04 PM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.png |
| | image005.jpg |
| | image006.png |
| | image007.jpg |

Will and Kerry,

Please provide us by the end of the day on 8/17 with some dates and times within the next few days upon which you are available for a meet and confer via phone on the issues in sections B, C, and D in my initiating email below, dated ten days ago.   We look forward to hearing from you.

Tina M. Ezzell | Shareholder | 602.452.2747



Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada

REDACTED

# EXHIBIT A-72

**From:** Tina M. Ezzell
**To:** William Mullen
**Cc:** Dave Godwin (david.godwin@squirepb.com); Gaya Shanmuganatha; Kerry Garvis Wright; Smith, Wallace E.; Jessica I. Brown
**Subject:** RE: resetting call with Court re ESI production disputes and demand for supplemental MIDP disclosures from RHN et al. (CNAN)
**Date:** Tuesday, August 18, 2020 6:14:26 PM
**Attachments:** image001.jpg
image002.png
image003.jpg
image004.png
image005.jpg
image006.png
image007.jpg

Kerry and Will,

Almost two weeks ago I emailed you about the basic defects in disclosure due from your clients under the MIDP (see below). I have followed up multiple times, and requested a meet and confer, but you have ignored my every email on the subject. If we must, we will go to the Court, but wanted to afford you this final opportunity to commit to providing the required information (outlined below) by a date certain in the near future or set a meet and confer date for the near future.

Tina M. Ezzell | Shareholder | 602.452.2747



Description: tblogo

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada

REDACTED

# EXHIBIT A-73

| From: | William Mullen |
|---|---|
| To: | Tina M. Ezzell |
| Cc: | Dave Godwin (david.godwin@squirepb.com); Gaya Shanmuganatha; Kerry Garvis Wright; Smith, Wallace E.; Jessica I. Brown |
| Subject: | RE: resetting call with Court re ESI production disputes and demand for supplemental MIDP disclosures from RHN et al. (CNAN) |
| Date: | Tuesday, August 18, 2020 6:47:23 PM |
| Attachments: | image005.jpg |
| | image006.png |
| | image007.jpg |
| | image008.jpg |
| | image009.png |
| | image010.jpg |
| | image011.png |

Tina,

We are available this Friday, August 21 at 1:00 p.m. to meet and confer about the items set forth in Sections B, C and D of your August 6 e-mail.  Let us know if that time works for you and we will circulate a dial-in number for the call.  Thanks.



**William C. Mullen** | **Attorney at Law**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 |Direct: 310.556.7883 | Fax: 310.843.2683
E-Mail: wmullen@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

REDACTED

# EXHIBIT A-74

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | Kerry Garvis Wright; William Mullen; clarson@waterfallattorneys.com |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis |
| **Subject:** | Conference with the Court RE: RHN"s Failures |
| **Date:** | Wednesday, August 26, 2020 12:00:00 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image005.jpg |
| **Importance:** | High |

Counsel,

We have reviewed the declarations that were filed last night.  The declarations reveal that RHN *et al* ("RHN") and RHN's counsel have failed to comply with numerous Court orders. For example, RHN failed to "provide to CNA the identity of its data vendor, together with dates on which that vendor can be deposed" by August 25, 2020.  [Doc. 84].  Please let me know when we can jointly call Judge Snow's JA this week to set-up a conference with the Court.

Thank you.

Sincerely,

Gaya



Gaya Shanmuganatha | Attorney

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016

D 602.452-2717 | P 602.255.6000 | F 602.255.0103

gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



# EXHIBIT A-75

| | |
|---|---|
| **From:** | William Mullen |
| **To:** | Gaya Shanmuganatha |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis; Kerry Garvis Wright; clarson@waterfallattorneys.com |
| **Subject:** | RE: Conference with the Court RE: RHN"s Failures |
| **Date:** | Wednesday, August 26, 2020 12:31:18 PM |
| **Attachments:** | image003.jpg |
| | image004.png |
| | image006.jpg |
| | image007.jpg |
| | image008.jpg |
| | image009.jpg |

Gaya,

      In response to your e-mail below, the Court's August 18, 2020 Order did not require that RHN, Inc. include the name of the third-party data vendors in the declarations that were due to be filed by August 25.  After receiving the necessary information last night, we were planning to send these details to you today, which are provided herein.

      We were informed that RHN, Inc. engaged the following two third-party vendors for the ESI collection:  (1) AutomoIT, LLC and (2) OnlineSecurity, Inc.  The representative(s) and contact information for these two vendors that were provided to us are set forth below for purposes of issuing subpoenas to notice their depositions.

      If you have any questions about this or believe that there any other deficiencies, please let us know.  We would like to discuss any such issues with you first to see if they can be resolved before calling Judge Snow's chambers to schedule a conference call.  If necessary, we are available to schedule a call with you tomorrow after 2:00 pm.  Thanks, Will

**AutomoIT**

4168 S. Davencrest Lane

Salt Lake City, UT 84119

(951) 392-6281

Contact: Davis Devey, II. President

davis@automoit.com

**OnlineSecurity Inc.**

3000 S. Robertson Blvd., Suite 288

Los Angeles, California  90034

Contacts

Charlie Balot, CEO

Phone:  310.815.8855  Ext. 212

Fax:     310.815.8808

Cell:     310.245.2903

[balot@onlinesecurity.com](mailto:balot@onlinesecurity.com)

Richard Gralnik, V.P. of Forensic Investigations
Phone:  310.815.8855  Ext. 218
Fax:      310.815.8808
Cell:     310.245.2903
[richard@onlinesecurity.com](mailto:richard@onlinesecurity.com)



**William C. Mullen |** **Attorney at Law**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 |Direct: 310.556.7883 | Fax: 310.843.2683
E-Mail: [wmullen@glaserweil.com](mailto:wmullen@glaserweil.com) | [www.glaserweil.com](http://www.glaserweil.com)



This message and any attached documents may contain information from the law firm of Glaser Weil
Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended
recipient, you may not read, copy, distribute or use this information. If you have received this
transmission in error, please notify the sender immediately by reply e-mail and then delete this
message.

REDACTED

# EXHIBIT A-76

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | William Mullen; Kerry Garvis Wright; clarson@waterfallattorneys.com |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis |
| **Subject:** | RE: Conference with the Court RE: RHN"s Failures |
| **Date:** | Wednesday, August 26, 2020 6:59:00 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image008.jpg |
| | image010.png |
| | image011.jpg |
| | image012.jpg |
| | image003.jpg |

Will and Kerry,

You were both on the call on August 18, 2020 when Judge Snow ordered you (counsel) to file a declaration with details about your clients' and your compliance or noncompliance with the Court's April 9, 2020 Order. That Order required counsel to "fully investigate the case" by interviewing RHN's "employees and agents," identify custodians with ESI relevant to any party's claims and defenses, identify where all ESI is located, hire a third party independent vendor to search and collect the ESI per the parties' protocol, review the collected material to determine what is and is not relevant to all claims and defenses (which review would have revealed whether the search and collection by the vendor was compliant with the Court's Order or items were obviously missing), and have the vendor produce the information in accordance with the protocol.

During that August 18, 2020 call, Judge Snow ordered you to file a declaration containing at least the following:

- A *complete* account of all efforts made by RHN and counsel (you) to identify document custodians.
- Identification of all custodians with appropriate contact information.
- The location of all relevant ESI by specific email or other address and device.

Kerry promised to file a detailed declaration pertaining to counsel's and the clients' actions to comply with the Court's April 9, 2020 Order and promised to include in her declaration the name of the vendor and dates for its deposition. The declarations filed at 11:55 pm and 11:58 pm last night fall short of what the Court ordered and what Kerry promised she would deliver. For example:

- The declarations fail to provide a complete account of all efforts made by RHN and counsel to identify custodians – it only partially identifies the efforts made by Makoa and Kerry. Since, on April 29, 2020, Kerry proclaimed that she had a detailed log of "our efforts" to comply with the Court's April 9, 2020 Order, a more detailed report should have been included. The declarations should have included all interviews conducted, who conducted the interviews, the dates of those interviews, and the results of those interviews.
- Most of Kerry's statements in her declaration were vague and conclusory, which is not what the Court ordered. For example, Kerry states that late on 5/19/20, she received a link she "understood to contain" information a third party vendor had collected. But she fails to give any of her basis for this belief. Was the link from the vendor? If so, which one? Did the vendor represent it had collected the docs? Where are counsel's prior

communications with this vendor?   For another example, Kerry states that "she understands" (now) the relevant ESI custodian are listed in her declaration. But she does not saw how she came to this understanding (who identified these new custodians? When? Were they interviewed? Where is their ESI located?)

- In what continues to appear to be obstructionist conduct, Kerry states most ESI custodians' contact information is no longer "readily available" but she fails to outline counsel's efforts to obtain it, readily available or not. Insofar as some of these people are witnesses for a case that was filed *by RHN* in March 2019, their contact information should have been secured long ago.  Moreover, at this juncture, given the court's orders to fully investigate and interview relevant custodians *more than four months ago*, just passing on a client's positon that contact information is not "readily available" is not good enough.  Mr. Kawabata's declaration indicates that counsel learned on April 15, 2020 that ESI custodians were no longer employed by the dealership defendants.  What has been done in the ensuing 4 ½ months to track them down? Are none of these employees getting COBRA?  None of counsel's efforts to find them are detailed and they must be, particularly because counsel was *ordered* to interview them.

- Kerry's declaration does not identify Rayan Nissani as a custodian, does not identify Rayan's email addresses, and does not identify Rayan's cell phone.

- The declarations do not identify the email addresses associated with domain @hoomanautomotive.com.

- There is no mention that anyone from Glaser Weil reviewed Mr. Nissani's withheld text messages to determine whether those should be produced. There is no indication Mr. Nissani's cell phone was search or analyzed.

- Kerry does not explain, as she promised to do, why she represented an ever changing list of custodians.  To reiterate:
    - On April 23, 2020 Makoa stated that "[w]e have no additional custodians to identify at this time";
    - On April 29, 2020, we had a meet and confer with Kerry and she affirmed that Makoa meant to identify "Hooman Nissani, Rayan Nissani, David Arnold, Blanca Vargas, Vannak Kong, and Maria Virrueta" in his April 23, 2020 email;
    - Following the meet and confer, on April 29, 2020, Kerry changed her story and identified that why Kerry changed her story in her April 29, 2020 email and identified that the only salient custodians were: Hooman Nissani, Rayan Nissani, and David Arnold;
    - As set forth above, on August 25, 2020, without explaining what additional investigation was done by RHN and RHN's counsel, Kerry identified a brand new list of custodians: Alex Patti, Bill Murray, Blanca Vargas, David Arnold, Estela Galindo, Hooman Nissani, Jessica Virruieta, Maria Virrueta, and Vannak Kong. Tellingly, counsel failed to reveal whether each of these custodians' ESI was collected by the third party vendors and if not why not.

- Although Kerry states that Mr. Arnold told her various things, she fails to reveal when or by what method Mr. Arnold made those representations. See, for examples, paragraphs 18-22.  She further fails to explain why she was obtaining information about the ESI search, collection, and production from a party instead of the third party vendor her clients were ordered to employ.

Mr. Kawabata states Mr. Nissani "engaged a vendor directly" and that he both asked for a copy of the contract with the vendor and the contact information for the project lead with the vendor to ensure the vendor performed the ESI collection properly, but he hadn't received these items before he stopped working on the case in mid May 2020. Glaringly absent is any indication from Kerry about whether or when or how she or anyone else attempted to or did obtain a copy of the contract or contracts with the vendor(s). Nor is there any indication about follow up efforts with the vendor to ensure the vendor performed the search, collection, and production properly. If counsel that continued to work on the case made zero effort to obtain any of that, this should be stated. Have either of you ever spoken to anyone associated with the vendor? Will's email from today would suggest you just learned about them last night.

The declarations reveal that Glaser Weil failed to take the Court's April 9, 2020 Order seriously. The Court expressly noted that "given Mr. Nissani's admitted misunderstanding of his production obligations," the Court found that RHN's counsel was more equipped to determine what is/is not relevant for production. Nevertheless, Glaser Weil was apparently content to sit by and let Mr. Nissani call the shots as to who to hire, what protocol would be followed or disregarded, what would be collected, and what would be produced. Notably, Kerry admits that she did not review the collected and subsequently produced information at the time she passed then on to us and says nothing about reviewing them since that time.

Additionally Kerry misrepresented that we did not attempt to meet and confer with Kerry from May 26, 2020 through the end of July. Please see, at minimum, my May 29, June 5, June 9, and June 24 communications. These communications incorporated my April 20, May 20, and May 21 communications that Kerry refused to respond to. Please note that this list does not include the communications that were sent by Tina and Jessica. The only reason we stopped reaching out about the ESI is because Kerry told Mr. Godwin that Mr. Nissani will not go through with the mediation if the ESI issue was escalated to the Court. As a result, the parties tabled the discussion until after the mediation (which occurred on July 30, 2020).

Finally, the Court ordered that by August 25, 2020 "RHN shall provide to CNA the identity of its data vendor, **together with dates on which that vendor can be deposed**." Your email, which attempts to excuse the fact that you did not disclose the vendor information on time by stating that the court did not require the information to be *in the declaration*, does not contain dates the vendor can be deposed.

We will be happy to confer with you at 3:00 PM tomorrow.

Thank you.

Sincerely,

Gaya

tblogo



Gaya Shanmuganatha | Attorney

Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.  If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



REDACTED

# EXHIBIT A-77

**From:** William Mullen
**To:** Gaya Shanmuganatha
**Cc:** Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis; Kerry Garvis Wright; clarson@waterfallattorneys.com
**Subject:** RE: Conference with the Court RE: RHN"s Failures
**Date:** Thursday, August 27, 2020 12:17:32 PM
**Attachments:** image003.jpg
image004.png
image005.jpg
image006.jpg
image007.jpg
image008.jpg

Gaya,

Thank you for outlining the issues in your email below sent last evening.  We are reviewing each of these issues and your specific questions so that we can have a meaningful meet and confer call with you.  Are you available for a call tomorrow afternoon to allow us the time to complete our review?   Please let us know.  Thanks, Will



**William C. Mullen | Attorney at Law**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 |Direct: 310.556.7883 | Fax: 310.843.2683
E-Mail: wmullen@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

REDACTED

# EXHIBIT A-78

| | |
|---|---|
| **From:** | Gaya Shanmuganatha |
| **To:** | William Mullen |
| **Cc:** | Tina M. Ezzell; Jessica I. Brown; Kelley Irish; Rebecca Lewis; Kerry Garvis Wright; clarson@waterfallattorneys.com |
| **Subject:** | RE: Conference with the Court RE: RHN"s Failures |
| **Date:** | Thursday, August 27, 2020 1:35:00 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image009.jpg |
| | image010.png |
| | image011.jpg |
| | image012.jpg |
| | image003.jpg |

Hi Will,

We would like to touch base with you and Kerry today as planned.  We can discuss if a subsequent conversation is necessary during that call.  This is supposed to be a back and forth conversation *over the phone* not just by email.

Thank you.

Sincerely,

Gaya



tblogo

Gaya Shanmuganatha | Attorney
Seventh Floor Came back Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
D 602.452-2717 | P 602.255.6000 | F 602.255.0103
gs@tblaw.com | Bio | vCard | Website | Practice Areas
-
Offices:  Arizona | California | Nevada | New Mexico

**CONFIDENTIALITY NOTICE:**  The information contained in this message may be protected by the attorney-client privilege.  If you believe that it has been sent to you in error, do not read it.  Please immediately reply to the sender that you have received the message in error, then delete it.  Thank you.



REDACTED

# EXHIBIT A-79

| | |
|---|---|
| **From:** | Tina M. Ezzell |
| **To:** | William Mullen; Kerry Garvis Wright |
| **Cc:** | Gaya Shanmuganatha |
| **Subject:** | Your failure to comply with court orders and your efforts to thwart our access to information (CNAN v.Nissani et al.l) |
| **Date:** | Thursday, August 27, 2020 3:58:57 PM |
| **Attachments:** | image001.jpg |

Kerry and Will,

The Court ordered you to file, by August 25, 2020, a declaration with details regarding what you and your client did to comply with the Court's orders re ESI, as well as identify the 3rd party ESI vendor you utilized to search for, collect, and produce ESI in accordance with your clients' MIDP responsibilities and the Court's several orders resulting from your clients' prior noncompliance. The Court also ordered you to provide us deposition dates for the identified vendor by August 25, 2020. Your declarations failed to provide the detail the Court required and failed to identify the ESI vendor or provide potential deposition dates. The next day, while you purported to identify 2 ESI vendors, you failed to provide potential deposition dates as clearly ordered by the Court.

As a result of the continuing noncompliance, we requested that you provide us times and dates upon which we could get on the phone with the c
Clerk of the Court to schedule a future time for us to communicate with the Court about your and your clients' noncompliance. You refused to do so, stating that, instead, you wanted to meet and confer with us today after 2:00 PM. We agreed to do so and even provided you a heads-up about some of the things that we wanted to discuss. We sent around dial in information for the meet and confer conference set for 3:00 PM. You failed to call with the dial in information we provided. Therefore, at approximately 3:10 PM, we placed calls to Will's number as well as to 2 of Kerry's numbers. You refused to answer any of our calls. You are clearly avoiding us.

If you do not provide us with times that you can get on the phone to speak to the Clerk tomorrow to set a future time to talk to the judge, we will inform the Clerk and the Court that you refuse to provide us any dates and times you are available to set the call. We are certain that the judge will view your conduct as further interference with our ability to proceed with this case, just as we view it.

If it is possible for the issues to be resolved prior to our conference call with the Court, we will withdraw our request to speak with the Court. However, your conduct leaves us with little choice at this point and we need to get a call on the Court's calendar

Tina M. Ezzell | Shareholder | 602.452.2747

Description: tblogo

Seventh Floor Camelback Esplanade II | 2525 E Camelback Road | Phoenix, AZ 85016
P 602.452.2747 | F 480.240.1814
tme@tblaw.com | Bio | vCard | Website | Practice Areas

Offices:  Arizona | California | Nevada

# EXHIBIT A-80

| | |
|---|---|
| **From:** | Kerry Garvis Wright |
| **To:** | Tina M. Ezzell; William Mullen |
| **Cc:** | Gaya Shanmuganatha |
| **Subject:** | Re: Your failure to comply with court orders and your efforts to thwart our access to information (CNAN v.Nissani et al.l) |
| **Date:** | Friday, August 28, 2020 9:13:16 AM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |
| | image004.jpg |

Tina,

We do not agree that the RHN Parties or our firm failed to comply with the Court's August 18, 2020 Order or any previous orders.

Also, you fail to acknowledge my colleague Will Mullen's e-mail to Gaya today at 12:17 pm., on which you were copied, where he suggested that we schedule our meet and confer phone call tomorrow, Friday afternoon, instead. We did not agree to speak with you or Gaya at 3:00 pm. today. Gaya unilaterally scheduled a call for that time. In addition, I never received a voice message from your office at 3:10 pm. today (or at any time), and neither did Will.

In any event, I am writing to inform you that our firm will be filing an ex parte application to withdraw as counsel for the RHN Parties, pursuant to Local Rule 83.3(b). After consultation with independent ethics counsel and conducting my own research on this issue, the decision has been made to withdraw pursuant to Arizona Rules of Professional Conduct ER 1.16 and California Rules of Professional Conduct 1.16. Our client approves this application to withdraw and it is our understanding that substitute counsel will be appearing as the RHN Parties' attorney of record in these consolidated actions in short order.

We do not take the decision to withdraw lightly and are not doing so for the purpose of or to cause delay. In fact, the purpose of seeking to withdraw ex parte is to have the Court make a ruling on an expedited basis to avoid any unnecessary delay or disruption to the upcoming discovery dates and deadlines.

If you have any questions about this, please let us know.

Kerry



**Kerry Garvis Wright | Partner**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.556.7889 | Fax: 310.843.2689
E-Mail: kgarviswright@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP

that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

REDACTED

# EXHIBIT A-81

| | |
|---|---|
| **From:** | Makoa Kawabata |
| **To:** | Tina M. Ezzell; Jessica I. Brown; Gaya Shanmuganatha |
| **Cc:** | Kerry Garvis Wright |
| **Subject:** | RHN v. CNA - Custodians |
| **Date:** | Thursday, April 23, 2020 11:43:00 PM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.jpg |

Counsel,

We have no additional custodians to identify at this time.



**B. Makoa Kawabata  | Associate Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.556.7813 | Fax: 310.843.2613

E-Mail: mkawabata@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

Although Glaser Weil attorneys and staff are working remotely in order to reduce the risks associated with COVID-19, we will continue doing our utmost to provide prompt, professional service to and on behalf of our clients. Thank you for your understanding.