Tina M. Ezzell (SBN: 013825)
Gayathiri Shanmuganatha (SBN: 030745)
Jessica I. Brown (SBN: 034679)

**TB TIFFANY & BOSCO**
P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 452-2747
FACSIMILE:   (602) 255-0103
E-Mail: tme@tblaw.com
E-Mail: jib@tblaw.com
E-Mail: gs@tblaw.com
*Attorneys for CNA National Warranty Corp.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| RHN Incorporated, | Case No.  CV-19-02960-GMS |
| Plaintiff/Counter-Defendant, | **LEAD CASE** |
| v. | No. CV-19-04516-PHX-GMS |
| CNA National Warranty Corporation, et al., | |
| Defendant/Counter-Claimant. | **[PROPOSED] ORDER GRANTING CNAN'S MOTION FOR SANCTIONS** |
| CNA National Warranty Corporation, | |
| Plaintiff, | |
| v. | |
| RHN, INC., a California Corporation, dba Nissani Brothers Nissan; RHH Automotive, Inc., a California Corporation, dba Nissani Brothers Hyundai; RHC Automotive, Inc., a California Corporation, dba Nissani Brothers Jeep Chrysler Dodge; NBA Automotive, Inc., a California Corporation, dba Nissani Brothers Chevrolet; R & H Automotive Group, Inc., a California corporation, dba Nissani Brothers Acura; Hooman Nissani, Melody Nissani; KIP PROP., LLC, a Delaware limited liability company doing | |

business in California; H.S.K. Investments, LLC, a California limited liability company; CENTINELA CAR WASH PROPERTIES, LLC, a California limited liability company; 737 N. LA BREA LLC, a California limited liability company; 3170 CHERRY AVENUE PROPERTY, LLC, a California limited liability company; and REDONDO PROP., LLC, a Delaware limited liability company doing business in California, and JOHN DOES I through V, inclusive; JANE DOES I through V, inclusive; ABC CORPORATIONS I through V, inclusive, and XYZ PARTNERSHIPS, I through V, inclusive,

Defendants.

The Court, having received and considered Plaintiff CNA National Warranty Corporation's Motion to for Sanctions, and good cause appearing therefore,

**IT IS HEREBY ORDERED**, granting Plaintiff CNA National Warranty Corporation's ("CNAN") Motion for Sanctions. The Court finds that Defendants RHN Inc., RHH Automotive, Inc., RHC Automotive, Inc., NBA Automotive, Inc., R & H Automotive Group, Inc., Hooman Nissani, and Melody Nissani (collectively "RHN") willfully disobeyed numerous court orders and that RHN and its counsel acted in bad faith in disregarding the Court's orders, their duty of candor to the Court and CNAN, and their obligations arising from the Federal Rules of Civil Procedure (the "Rules") and the Mandatory Initial Discovery Pilot Program (the "MIDP").

The Court finds that the Court has ample authority to sanction RHN and RHN's counsel pursuant to Rules 16(f)(1)(C), 16(f)(2), 37(b)(2), 41(b), and the Court's inherent powers. In light of RHN's and its counsel's bad faith and willful disregard of the Rules, this Court's Orders, and their duty of candor to the Court and CNAN, the Court:

(1) Dismisses RHN's profit-sharing claim (Counts 1, 3, and 4). The Court finds that
    Dismissal is warranted to foster the public's interest in expeditious resolution of

cases, to enable the Court to better manage its docket by sanctioning vexatious and bad faith conduct that clogs the Court's docket, and because the less severe sanctions of attorney's fees has not deterred RHN's bad faith conduct.

(2) Precludes RHN from seeking damages;

(3) Precludes RHN from contesting that Exhibit A to CNAN's First Amended Complaint is the operative Override Agreement; and

(4) Orders RHN and its counsel to pay CNAN all of its attorneys' fees and costs arising from or relating to RHN and its counsel's failures and violations discussed in CNAN's Motion for Sanctions (including but not limited to the fees and costs incurred by CNAN to attempt to garner RHN's compliance with the Rules and Court orders, raise discovery disputes, file motions, appear for hearings, and submit fee applications) as well as pay any fee award arising from the Application for Fees and Costs pending before the Court [Doc. 58, 60]. CNAN's counsel shall submit a declaration setting forth such costs and fees not contained in CNAN's prior fee application by _____.

DATED:_____

Honorable G. Murray Snow
Judge of the U.S. District Court – Arizona