**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RHN Incorporated,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>CNA National Warranty Corporation, et al.,<br><br>    Defendants/Counter-Claimants. | No. CV-19-02960-PHX-GMS<br>**LEAD CASE**<br><br>No. CV-19-4516-PHX-GMS<br><br>**ORDER** |
| CNA National Warranty Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>RHN Incorporated, et al.,<br><br>    Defendants. | |

Pending before the court are Glaser Weil Fink Howard Avchen & Shapiro LLP's ("Glaser Weil") Motion to Intervene as a matter of right (Doc. 129) and the parties' Stipulation to Allow Glaser Weil to Intervene Pursuant to Rule 24(B). (Doc. 128.) For the following reasons, Glaser Weil's Motion to Intervene is granted, and the parties' Stipulation is denied as moot.

## BACKGROUND

On September 14, 2020 the Court granted Glaser Weil's Ex Parte Application to Withdraw as Counsel for the RHN Parties. (Doc. 94); (Doc. 104). Subsequently, on

September 21, 2020, CNA brought a Motion for Sanctions against RHN and its counsel for failure to comply with the discovery obligations of the Mandatory Initial Discovery Pilot Program. (Doc. 117.) Because CNA seeks sanctions against Glaser Weil and it is no longer counsel of record for RHN, Glaser Weil now moves to intervene for the limited purpose of responding to CNA's Motion. Plaintiff CNA National Warranty Corporation ("CNA"); Plaintiff/Counter-Defendant RHN, Inc. ("RHN"); Counter-Defendants RHH Automotive, Inc.; RHC Automotive, Inc.; NBA Automotive, Inc.; R & H Automotive Group, Inc.; Hooman Nissani; and Melody Nissani; and Defendants Kip Prop., LLC; 737 N. La Brea, LLC; 3170 Cherry Avenue Property, LLC; and Redondo Prop., LLC filed Notices of Non-Opposition to allow Glaser Weil to intervene as a matter of right. (Doc. 130); (Doc. 132). The parties also filed a Stipulation agreeing that Glaser Weil would be permitted to intervene pursuant to Rule 24(b) for permissive intervention. (Doc. 128.)

## DISCUSSION

Under Rule 24(a)(2), "[a]n applicant seeking intervention as of right must show that: (1) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

The Ninth Circuit has held that district courts are to interpret the requirements of Rule 24(a)(2) broadly in favor of intervention. *See Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); *Donnelly*, 159 F.3d at 409. To determine whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, *see Donnelly*, 159 F.3d at 409, and are required to accept as true the non-conclusory allegations made in support of intervention, *see Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

Glaser Weil has a significant protectable interest in the litigation. In its Motion,

CNA seeks sanctions against RHN Inc., Counter-defendants RHH Automotive, Inc., RHC Automotive, Inc., NBA Automotive, Inc., R & H Automotive Group, Inc., Hooman Nissani, and Melody Nissani (collectively "Defendants"), as well as their counsel Glaser Weil. (Doc. 117.) As Glaser Weil is no longer counsel of record for Defendants, its ability to protect its financial interest will be impaired unless it is permitted to respond. Moreover, the existing parties cannot adequately represent Glaser Weil's interests—the Motion seeks sanctions against Glaser Weil independently of the Defendants, so no other party has an incentive to oppose the penalty as it applies to Glaser Weil.

Glaser Weil's request is also timely. In assessing timeliness, courts in the Ninth Circuit consider: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). In this case, discovery has not yet been completed, the dispositive motions deadline has not passed, and a trial date has not yet been set. (Doc. 148.) The current stage of the proceedings weighs in favor of finding Glaser Weil's motion timely. Further, there is no indication the parties will be prejudiced by the intervention; in fact, the parties filed notices of non-opposition to Glaser Weil's Motion. (Doc. 130); (Doc. 132). Glaser Weil may therefore intervene pursuant to Rule 24(a).

## CONCLUSION

Accordingly, Glaser Weil is permitted to intervene and respond to CNA's Motion for Sanctions.

**IT IS THEREFORE ORDERED** that Glaser Weil's Motion to Intervene (Doc. 129) is **GRANTED.** Glaser Weil may intervene for the limited purpose of responding to CNA's Motion for Sanctions (Doc. 117) on its own behalf.

**IT IS FURTHER ORDERED** that Glaser Weil shall file a response to CNA's Motion for Sanctions (Doc. 117) within 14 days of the date of filing of this Order.

**IT IS FURTHER ORDERED** that the parties' Stipulation to Allow Glaser Weil

to Intervene Pursuant to Rule 24(B) (Doc. 128) is **DENIED** as **MOOT.**

Dated this 29th day of December, 2020.

_____
G. Murray Snow
Chief United States District Judge