**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| RHN Incorporated,<br><br>                 Plaintiff/Counter-Defendant,<br><br>v.<br><br>CNA National Warranty Corporation, et al.,<br><br>                 Defendants/Counter-<br>                 Claimants. | No. CV-19-02960-PHX-GMS<br>**LEAD CASE**<br><br>No. CV-19-4516-PHX-GMS<br><br>**ORDER** |
| CNA National Warranty Corporation,<br><br>                 Plaintiff,<br><br>v.<br><br>RHN Incorporated, et al.,<br><br>                 Defendants. | |

Before the Court is CNAN National Warranty Corporation's ("CNA") Motion Supporting Award of Attorneys' Fees and Non-Taxable Expenses and Memorandum of Points and Authorities. (Doc. 58.) For the following reasons the Motion is granted in part and denied in part.

**BACKGROUND**

On April 9, 2020, the Court granted CNA's motion for sanctions, holding that RHN must "[p]ay CNA the fees and costs it incurred in pursing RHN's compliance" with the Mandatory Initial Discovery Program ("MIDP"). (Doc. 50 at 4.) The Court directed CNA

to "submit documentation in compliance with LRCiv 54.2 for the Court to determine the amount of the sanctions." *Id.* In response, CNA filed the instant Motion. CNA's corresponding documentation requests an award of $45,038.00. (Doc. 60 at 8.)

## DISCUSSION

### I.    Legal Standard

Pursuant to Local Rule 54.2, a party requesting an award of attorneys' fees and non-taxable expenses must show that it is (A) eligible for an award; (B) entitled to an award; and (C) requesting a reasonable amount of attorneys' fees. *See* LRCiv 54.2(c). A party seeking to recover fees must also attach supporting documentation to the memorandum, including (1) a statement of consultation; (2) "a complete copy of any written fee agreement, or a full recitation of any oral fee agreement"; (3) a task-based itemized statement of fees and expenses; (4) an affidavit of moving counsel; and (5) "[a]ny other affidavits or evidentiary matter deemed appropriate under the circumstances or required by law." LRCiv 54.2(d)(1)–(5).

### II.   Analysis

#### A. Eligibility & Entitlement

The MIDP establishes "court-ordered mandatory initial discovery pursuant to the Court's inherent authority to manage cases." Gen. Order No. 17-08, at 1. Rule 37(b)(2) applies to these initial disclosures—if a party fails to comply with their discovery obligations "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees." Fed. R. Civ. P. 37(b)(2)(C); Gen. Order No. 17-08, at 4. Moreover, federal courts have inherent authority to impose such sanctions for violations of court orders. *See Chambers v NASCO, Inc.*, 501 U.S. 32, 45 (1991) ("[A] court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'").

On April 9, 2020, the Court granted CNA's motion for sanctions, holding that RHN must "[p]ay CNA the fees and costs it incurred in pursing RHN's compliance with the MIDP." (Doc. 50 at 4.) RHN does not dispute that, pursuant to this order, CNA is entitled

1    to recover the reasonable attorney's fees they expended securing RHN's compliance with

2    the MIDP.

3    **B.  Reasonable Attorney's Fees**

4    To determine whether fees are reasonable, courts evaluate whether the hourly rates

5    are reasonable, and then whether the time spent on the matter is reasonable. *See Kaufman*

6    *v. Warner Bros. Ent. Inc.*, 2019 WL 2084460, *11 (D. Ariz. 2019). Reasonableness is

7    typically determined through the "lodestar method," calculated by "multiplying the number

8    of hours the prevailing party reasonably expended on the litigation by a reasonable hourly

9    rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

10   A district court has "a great deal of discretion in determining the reasonableness of

11   [a] fee." *Id.* Courts may thus, in their discretion, reduce a fee award on "a percentage or

12   across-the-board" basis, rather than examining each line item submitted by counsel, so long

13   as they provide "an explanation for that choice." *Ferland v. Conrad Credit Corp.*, 244 F.3d

14   1145, 1150 (9th Cir. 2001).

15   CNA seeks an award of attorneys' fees in the amount of $45,038.00. The amount

16   represents attorney time, and is supported by billing statements specifying hours worked,

17   tasks performed, and rates charged as required pursuant to Fed. R. Civ. P. 54(d)(2) and

18   LRCiv. P. 54.2. (Doc. 58-3.)

19   **a.  Hourly Rates**

20   CNA's lead counsel, Tina M. Ezzell, has approximately 28 years of civil litigation

21   experience, and charges CNA $335.00 an hour for her services. (Doc. 58-4 at 4.) Her

22   associates, Gaya Shanmuganatha and Jessica Brown have seven and five years of litigation

23   experience respectively, and charge CNA $265.00 an hour for their services. *Id.* at 3. The

24   Court finds these rates reasonable in the District of Arizona. *See, e.g.*, *J & J Sports Prods.*

25   *Inc. v Patel*, No. CV1600234TUCRMBPV, 2018 WL 1609731, at *4 (D. Ariz. Apr. 3,

26   2018) (finding a rate of $325 per hour reasonable in the District of Arizona); *Bray v.*

27   *Maxwell & Morgan PC*, No. CV-17-00486-PHX-DGC, 2017 WL 5668269, at *2 (D. Ariz.

28   Nov. 27, 2017) (finding a rate of $325 per hour higher than average rate in the District of

Arizona but reasonable for a lawyer with 20 years of experience); *Wood v. Betlach*, No. CV12-08098-PCT-DGC, 2017 WL 1398552, at *8 (D. Ariz. Apr. 19, 2017) (finding rate of $350 per hour reasonable); *O'Neal v. Am.'s Best Tire LLC*, No. CV-16-00056-PHX-DGC, 2017 WL 1311670, at *3–4 (D. Ariz. Apr. 5, 2017) (finding hourly rate of $300 comparable to prevailing rates in the District of Arizona for supervising attorney with specialized expertise).

### b.  Hours Expended

Courts may reduce an attorney's fee award where "the documentation of hours is inadequate" or where requested hours "are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). RHN makes several objections to CNA's fee request; the Court addresses each of these alleged deficiencies and reduces the award for attorneys' fees below.

### i.    Fees and Costs Incurred Pursing RHN's Compliance with the MIDP

CNA is entitled to fees and costs it incurred in pursing RHN's compliance with the MIDP. However, several of the sought fee entries represent fees which would have been incurred regardless of RHN's noncompliance with the MIDP. CNA concedes that $480.00 of the fees sought were inadvertently included because they would have been performed regardless of RHN's noncompliance. (Doc. 60 at 3.) An additional $86.50 billed prior to RHN's initial disclosure will also be omitted, as these fees would have been incurred regardless of RHN's ultimate noncompliance with the Order and reflect general communications about the MIDP. (Doc. 59 at 4–5.)

### ii.    Multiple Timekeepers on the Same Task

Fee requests that reflect multiple timekeepers on the same task are not necessarily unreasonable. Courts recognize that it is standard practice for multiple attorneys to review documents and drafts and conference about the strategy and status of a case. *See Best W. Int'l, Inc. v. Patel*, No. CV 04-2307PHXJAT, 2008 WL 544820, at *4–5 (D. Ariz. Feb. 26, 2008). "This is especially so where it appears that a partner and an associate billed for the

same task," because "partners and associates, primarily due to variations in experience, could perform the 'same task' but with a different purpose." *Schrum v. Burlington N. Santa Fe Ry. Co.*, No. CIV 04-0619-PHX-RCB, 2008 WL 2278137, at *12 (D. Ariz. May 30, 2008).

However, fee requests must not be duplicative or reflect an excessive amount of time spent on a task. *See, e.g.*, *Wolfe v. City of Portland*, No. 3:12-CV-02035-PK, 2013 WL 6002391, at *5 n.1 (D. Or. Nov. 8, 2013) ("To the extent Gaddis was copied on any of those emails, I find it would be duplicative to bill for both Gaddis and Snyder's time."); *Gauchat-Hargis v. Forest River, Inc.*, No. 2:11-CV-02737-KJM, 2013 WL 4828594, at *3 (E.D. Cal. Sept. 9, 2013) ("While it is reasonable to spend some time coordinating legal resources, it is not reasonable to double or triple-bill a client for internal meetings."). As such, the Court disallows the following fees where more than two attorneys billed for the same conference:

- Jessica Brown's April 24, 2020 entry of .5 hours for "[c]onference call with Tina Ezzell and Gaya Shanmuganatha regarding RHN's non-compliant response to the court's ordering RHN/Nissani to identify all custodians of ESI, plan to draft email to opposing counsel regarding deficient response, potential call with the court regarding RHN/Nissani's failure to comply with the court order, and plan to disclose documents produced by Doxsee Foster in response to subpoena today." (Doc. 58-3 at 14.)

- Jessica Brown's May 20, 2020 entry of .6 hours for "[c]all with Tina Ezzell and Gaya Shanmuganatha regarding RHN's deficient ESI production late last night, requesting information from opposing counsel about the vendor they used for document collection and production, content of teleconference with the court, comparing emails produced by Doxsee Foster with emails produced last night by RHN to determine if RHN produced all correspondence it has with Doxsee Foster, and potential motion for additional sanctions in light of RHN's failure to comply with court orders." (Doc. 60-1 at 4.)

Similarly, the Court disallows the following hours where more than two attorneys billed for reviewing or writing the same email communications:

- Jessica Brown's February 4, 2020 entry of .1 hours for "[r]ead correspondence from KLDiscovery and Gaya Shanmuganatha regarding RHN's deficient ESI production and accessing the 224 documents RHN produced." (Doc. 58-3 at 5.)

- Jessica Brown's February 13, 2020 entry of .1 hours for "[r]ead correspondence from Gaya Shanmuganatha to Heather Watterson and Erika Ahern Curran regarding details of call with Judge Snow and scheduling conference call to discuss strategy including potentially seeking sanctions and/or additional fact discovery." *Id.* at 9.

- Jessica Brown's April 30, 2020 entry of .1 hours for "[r]ead detailed email from Gaya Shanmuganatha to opposing counsel regarding opposing counsel's failure to comply with specific discovery obligations." *Id.* at 16.

- Jessica Brown's May 18, 2020 entry of .1 hours for "[c]orrespondence from Gaya Shanmuganatha re: custodians RHN should have identified, cross-referencing "hot documents" from the Doxsee Foster documents with what RHN produces tomorrow, if RHN complies with production requirement. (Doc. 60-1 at 3.)

Accordingly, CNA's fee award will be reduced by $397.50.

### iii.    Secretarial Tasks

Tasks that are secretarial or clerical in nature are not recoverable as part of a reasonable attorneys' fee award. *J & J Sports Prods., Inc. v. Mosqueda*, No. CV-12-00523-PHX-DGC, 2013 WL 5336848, at *3 (D. Ariz. Sept. 24, 2013) ("Secretarial or clerical work is not properly included in an award of attorneys' fees."); *Schrum*, 2008 WL 2278137, at *12. "The rationale underlying this exclusion is that work that is clerical in nature should be subsumed in a law firm's overhead." *Schrum*, 2008 WL 2278137, at *12 (internal quotation omitted).

CNA's request for fees includes a May 11, 2020 entry billing for "[r]eview[ing] and confirm[ing] the accuracy of calculations in task-based itemized statement of attorney's

fees." (Doc. 60-1 at 2.) Confirming the technical calculations of the statement is a clerical task improperly sought as attorney's fees. CNA also includes two other clerical entries reviewing or creating the itemized list of attorney's fees. *Id.* at 2, 8. Accordingly, the fee award will be reduced by $132.50.

### iv.     Discrepancies in Amount of Time Billed

"The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated." LRCiv 54.2(e). However, "[l]awyers working on multiple tasks on the same case on the same day must estimate the breakdown for each task, and they will not always match the estimates of other lawyers." *11333, Inc. v. Certain Underwriters at Lloyd's, London*, No. CV-14-02001-PHX-NVW, 2018 WL 1576863, at *7 (D. Ariz. Mar. 30, 2018). "The reality is that ethical lawyers are careful not to bill in any one day more than the total time expended on the services, though the itemization may be approximate as among tasks." *Id.*

The discrepancies in CNA's billing between attorneys for the same tasks range from .2–.4 hours. (Doc. 59 at 3.) The Court finds these differences reasonable. Moreover, although RHN alleges that CNA's request improperly employs block billing, the Court finds very few entries which describe multiple tasks in a single entry, and those that do are described in sufficient detail to ensure that the tasks are fairly billed. *See Pure Wafer, Inc. v. City of Prescott*, No. CV-13-08236-PCT-JAT, 2014 WL 3797850, at *5 (D. Ariz. July 29, 2014) ("[I]n those time entries that contain multiple tasks, the tasks are sufficiently related to each other that their incorporation into the same entry does not violate Local Rules 54.2(e)(1)(B) or 54.2(e)(2).").

### v.     Billing for Motion for Fees

CNA properly seeks an award that includes fees for preparing the instant motion and reply. *See U.S. ex rel. U.S. Prefab, Inc. v. Norquay Const., Inc.*, No. CIV06-1598-PHX-RCB, 2008 WL 2026360, at *2 (D. Ariz. May 9, 2008) ("[T]he court agrees that defendants' fee request properly includes fees for preparing this motion, as well as fees for preparing the reply."); *Dahn World Co. Ltd. v. Chung*, 2006 WL 3313951, at *6 (D. Ariz.

2006). However, the time CNA spent preparing the fee motion and reply was excessive and merits reduction. CNA's application for fees includes 71.4 hours for drafting the motion and reply, totaling $19,761.00. Although this is a complex matter, CNA's request for fees was not. The Court had already ruled that CNA was entitled to "fees and costs it incurred in pursing RHN's compliance with the MIDP." (Doc. 50 at 4.) Accordingly, CNA's requested fees for the instant motion and reply will be reduced to 20 hours, at a blended rate of $288.33 an hour. *See O'Neal*, 2017 WL 1311670, at *5 (finding 57.2 total hours billed for the attorneys' fees excessive and reducing the billable hours for the motion to 20); *see also Rivera v. Crema Coffee Co. LLC*, No. 5:18-CV-01531-VKD, 2020 WL 4701131, at *5 (N.D. Cal. Aug. 13, 2020) (explaining that most Northern District of California courts have found spending more than 25 hours on a simple motion for fees excessive); *Dytch v. Lazy Dog Rests., LLC*, No. 16-cv-03358-EDL, 2019 WL 3928752, at *7 (Aug. 16, 2019 N.D. Cal.) (reducing hours spent on fee motion from 94.6 to 34.6 hours).

## CONCLUSION

Accordingly, CNA is granted attorneys' fees subject to the above reductions.

**IT IS THEREFORE ORDERED** that CNA's Motion Supporting Award of Attorney's Fees and Non-Taxable Expenses and Memorandum of Points and Authorities (Doc. 58) is **GRANTED IN PART** and **DENIED IN PART.** CNA is awarded $30,427.10 in fees.

Dated this 12th day of January, 2021.

G. Murray Snow
Chief United States District Judge