WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RHN Incorporated,<br><br>            Plaintiff/Counter-Defendant,<br><br>v.<br><br>CNA National Warranty Corporation, et al.,<br><br>            Defendants/Counter-Claimants. | No. CV-19-02960-PHX-GMS<br>**LEAD CASE**<br><br>No. CV-19-4516-PHX-GMS<br><br>**ORDER** |
| CNA National Warranty Corporation,<br><br>            Plaintiff,<br><br>v.<br><br>RHN Incorporated, et al.,<br><br>            Defendants. | |

Pending before the Court is the parties Stipulated Joint Motion for Entry of Judgment Against Certain Defendants. (Doc. 173.) The parties also advise that "portions of its Motion to Compel [Dkts. 112, 159] concerning discovery and related sanctions from the LLC Defendants are moot and need not be ruled upon." CNA National Warranty Corporation ("CNA") is therefore directed to file a notice with the Court clarifying which portions of the Motion have been rendered moot. Good cause appearing, the Court grants the Stipulation.

**IT IS THEREFORE ORDERED** that CNA shall file a notice clarifying which portions of its Motion to Compel, (Doc. 112); (Doc. 159), are rendered moot by the parties' stipulation within **7 days** of the filing of this Order.

**IT IS FURTHER ORDERED:**

1. CNA National Warranty Corporation ("CNA") has asserted claims for breach of contract (Override Agreement), breach of the implied covenant of good faith and fair dealing (Override Agreement), breach of contract (Personal Guaranty), contract, breach of the implied covenant of good faith and fair dealing (Personal Guaranty), and Fraudulent Transfer (as to Nissani, Kip Prop., LLC and Redondo Prop., LLC) against six limited liability companies: Kip Prop., LLC; H.S.K. Investments, LLC; Centinela Car Wash Properties, LLC; 737 N. La Brea, LLC; 3170 Cherry Avenue Property, LLC; and Redondo Prop., LLC (collectively, the "LLC Defendants"). CNA's claims against the LLC Defendants are based on allegations in support of the doctrines of alter ego, single enterprise liability and piercing the corporate veil and of fraudulent transfer. The RHN Parties and the LLC Defendants dispute those claims and allegations.

2. The Parties have agreed by stipulation (Doc. 173) to resolve CNA's claims against the LLC Defendants by entry of a stipulated judgment.

3. The LLC Defendants, and each of them, shall be jointly and severally liable to the same extent and for any liability of, whether individually or collectively, RHN, Inc., RHH Automotive, Inc., RHC Automotive, Inc., NBA Automotive, Inc., R & H Automotive Group, Inc., Hooman Nissani or Melody Nissani, as set forth in this Court's final judgment. This judgment shall be wholly contingent on any judgment against any of the RHN Parties.

/ / /

/ / /

4. This Judgment shall bind the LLC Defendants.

Dated this 11th day of March, 2021.

_____
G. Murray Snow
Chief United States District Judge

- 3 -